**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

PALANI KARUPAIYAN,

                          Plaintiff,

               -against-

CVS HEALTH CORPORATION, AETNA, ACTIVEHEALTH MANAGEMENT, KALYANI LAKSHMI BELLAMKONDA, *individually and in her official capacity as Senior Director of the AETNA, a CVS health company*, ROBERT DENNER, *individually and in his official capacity as Customer Relation Manager (procurement) of the AETNA, a CVS health company*, APN CONSULTING INC., VEDANT PATHAK, *individually and in his official capacity as CEO, Founder of the APN Consulting*, NEELA PATHAK, *individually and in her official capacity as VP of the APN Consulting Inc., wife of Mr. Vedant Pathak*, PURVI JHALA, *individually and in her official capacity as Director-client services of the APN Consulting Inc.*,

                          Defendants.

Civil Action No.:
1:19-cv-8814-KPF

------------------------------------------------------------x

**<u>MEMORANDUM OF LAW IN SUPPORT OF APN DEFENDANTS'</u>**
**<u>MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000

Attorneys for APN Defendants

Attorneys of Record:
     Jason A. Zoldessy, Esq.
     Allison M. Benz, Esq.

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................ iii

PRELIMINARY STATEMENT ...................................................................................... 1

PERTINENT BACKGROUND.......................................................................................... 1

LEGAL STANDARD.......................................................................................................... 3

ARGUMENT ...................................................................................................................... 4

I.    PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8. ........................................ 4

II.   PLAINTIFF'S CLAIMS FOR "DAMAGING INCOME, CAUSING UNEMPLOYMENT, [AND] LOSS OF INCOME," "CIVIL CONSPIRACY," AND "VIOLATION OF COPYRIGHT/VIOLATION OF INTELLECTUAL PROPERTY" MUST BE DISMISSED AS THEY ONLY ALLEGE LEGAL CONCLUSIONS. ............ 5

III.  COUNTS 12, 15, 17-24, 26, 27 AND 31 MUST BE DISMISSED AS THEY ARE NOT PROPERLY BEFORE THIS COURT. .................................................................. 6

IV.   PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS WARRANT DISMISSAL AS HE CANNOT MAKE OUT A *PRIMA FACIE* CASE.............................. 8

    A.  PLAINTIFF HAS NOT ALLEGED ANY FACTS WHICH SUGGEST THE EXPIRATION OF HIS INDEPENDENT CONTRACTOR AGREEMENT IS AN ADVERSE EMPLOYMENT ACTION AND WAS DUE TO ANY DISCRIMINATORY ANIMUS. .................................................................... 9

    B.  PLAINTIFF'S CLAIMS OF HARASSMENT AND HOSTILE WORK ENVIRONMENT ARE SIMILARLY WITHOUT MERIT. ........................................ 11

    C.  PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE HE HAS NOT SHOWN A CAUSAL CONNECTION BETWEEN ANY PROTECTED ACTIVITIES AND ANY ADVERSE ACTION.......................................................... 13

V.    PLAINTIFF'S CLAIM FOR UNPAID OVERTIME FAILS BECAUSE PLAINTIFF WAS AN INDEPENDENT CONTRACTOR AND HE DOES NOT STATE FACTS TO SUPPORT A VIABLE CLAIM. .................................................................. 15

VI.   PLAINTIFF'S WRONGFUL DISCHARGE CLAIM IS WITHOUT MERIT, AS NEW YORK LAW DOES NOT RECOGNIZE A TORT OF WRONGFUL DISCHARGE...... 17

VII.  PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM
WARRANTS  DISMISSAL  AS  IT  IS  MADE  IN  THE  EMPLOYMENT  LAW
CONTEXT.................................................................................................................. 18

VIII. PLAINTIFF'S CLAIM FOR FRAUD NECESSARILY FAILS AS HE HAS NOT  MET
THE REQUIREMENTS OF RULE 9(B) OF THE FEDERAL RULES. ........................... 19

CONCLUSION........................................................................................................................... 20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................................3, 4, 6, 8, 11, 16

Bell Atl. Corp. v. Twombly,
    550 U.S. 544 (2007)............................................................................................3, 6, 8, 11, 16

Brennan v. Metropolitan Opera Ass'n,
    192 F.3d 310 (2d Cir. 1999).................................................................................................12

Brown v. Henderson,
    257 F.3d 246 (2d Cir. 2001).................................................................................................12

Bucalo v. Shelter Island Union Free Sch. Dist.,
    691 F.3d 119 (2d Cir. 2012).................................................................................................14

Burlington Northern and Santa Fe Railway Co. v. White,
    548 U.S. 53 (2006)................................................................................................................14

Campbell v. New York City Transit Auth.,
    93 F. Supp. 3d 148 (E.D.N.Y. 2015) ...................................................................................11

Ceparano v. Suffolk County,
    10-CV02030 (SJF)(ATK), 2010 U.S. Dist. LEXIS 134605 (E.D.N.Y. Dec. 15,
    2010), aff'd, 404 Fed. App'x 537 (2d Cir. 2011), cert. denied, 565 U.S. 831,
    132 S. Ct. 129 (2011)..............................................................................................................4

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)...................................................................................................2

Cruz v. Coach Stores, Inc.,
    202 F.3d 560 (2d Cir. 2000)............................................................................................12, 13

Divittorio v. Equidyne Extractive Indus., Inc.,
    822 F.2d 1242 (2d Cir. 1987)................................................................................................19

Dixon v. Blackensee,
    No. 17-cv-7359 (NSR), 2019 U.S. Dist. LEXIS 97958 (S.D.N.Y. June 11,
    2019) ........................................................................................................................................6

Forrest v. Jewish Guild for the Blind,
    3 N.Y.3d 295 (2004) ............................................................................................................14

Fulton v. Goord,
   591 F.3d 37 (2d Cir. 2009)........................................................................................3

Galabya v. N.Y.C. Bd. of Educ.,
   202 F.3d 636 (2d Cir. 2000)......................................................................................9

Geldzahler v. N.Y. Med. College,
   663 F. Supp. 2d 379 (S.D.N.Y. 2009)......................................................................18

Gelin v. Geithner,
   Case No. 06-CV-10176 (KMK), 2009 U.S. Dist. LEXIS 24865 (S.D.N.Y.
   Mar. 26, 2009)...........................................................................................................10

Goff v. U.S. Treasury Dep't,
   98 Civ. 3874 (RO), 2001 U.S. Dist. LEXIS 11184 (S.D.N.Y. Aug. 6, 2001)...........4

Grasso v. Forrest Edward Empl. Servs.,
   01 Civ. 3263 (AKH), 2002 U.S. Dist. LEXIS 8598 (S.D.N.Y. May 15, 2002).........7

Handel v. STA Travel Ltd.,
   198 A.D.2d 32, 603 N.Y.S.2d 436 (1st Dep't, Nov. 4, 1993)...................................18

Harris v. Forklift Sys., Inc.,
   510 U.S. 17 (1993).....................................................................................................12

Heap v. CenturyLink, Inc.,
   18 Civ. 1220 (LAP), 2020 U.S. Dist. LEXIS 54315 (S.D.N.Y. Mar. 27, 2020)......13

Hedges v. Town of Madison,
   456 F. App'x 22 (2d Cir. 2012)..................................................................................8

Holcomb v. Iona College,
   521 F.3d 130 (2d Cir. 2008)......................................................................................9

Iwachiw v. N.Y. State DMV,
   396 F.3d 525 (2d Cir. 2005) (per curiam)..................................................................4

Jones v. Nat'l Communs. & Surveillance Networks,
   409 F. Supp. 2d 456 (2006), aff'd, 266 Fed. App'x 31 (2d Cir. 2008)..................4, 5

Jones v. Nat'l Communs. & Surveillance Networks,
   266 Fed. App'x 31 (2d Cir. 2008)..............................................................................5

Kalsi v. New York City Transit Auth.,
   62 F. Supp. 2d 745 (E.D.N.Y. 1998), aff'd, 189 F.3d 461 (2d Cir. 1999)...............10

Keceli v Yonkers Racing Corp.,
   155 A.D.3d 1014, 66 N.Y.S.2d 280 (2nd Dep't 2017)............................................14

Keiler v. Harlequin Enters.,
  751 F.3d 64 (2d Cir. 2014)..................................................................................3

Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs. P,C.,
  716 F.3d 10 (2d. Cir 2013)................................................................................14

La Grande v. DeCrescente Distrib. Co.,
  370 F. App'x 206 (2d Cir. 2010) ........................................................................9

Lama Holding Co. v. Smith Barney Inc.,
  88 N.Y.2d 413 (1996) ......................................................................................19

Leeds v. Meltz,
  85 F.3d 51 (2d Cir. 1996)...................................................................................3

Leibovitz v. N.Y. City Transit Auth.,
  252 F.3d 179 (2d Cir. 2001).............................................................................12

Lundy v. Catholic Health Sys. of Long Island Inc.,
  711 F.3d 106 (2d Cir. 2013)........................................................................16, 17

Lydeatte v. Bronx Overall Economic Dev. Corp.,
  00 Civ. 5433 (GBD), 2001 U.S. Dist. LEXIS 1670 (S.D.N.Y. Feb. 22, 2001)...............18, 19

Magnoni v. Smith & Laquercia, LLP,
  661 F. Supp. 2d 412 (S.D.N.Y. 2009)...............................................................15

Maran Coal Corp. v. Societe Generale de Surveillance S.A.,
  92 Civ. 8728 (RPP), 1993 U.S. Dist. LEXIS 7123 (S.D.N.Y. May 27, 1993)...............19, 20

Mathew v. N. Shore-Long Island Jewish Health Sys., Inc.,
  582 Fed. App'x. 70 (2d Cir. 2014)...................................................................11

McDonnell Douglas Corp. v. Green,
  411 U.S. 792 (1973)...........................................................................................9

McMenemy v. City of Rochester,
  241 F.3d 279 (2d Cir. 2001).............................................................................14

Mihalik v. Credit Agricole Cheuvex N. Am., Inc.,
  715 F.3d 102 (2d Cir. 2013).............................................................................11

Moscowitz v. Brown,
  850 F. Supp. 1185 (S.D.N.Y. 1994)...................................................................4

Nakahata v. New York-Presbyterian Healthcare Sys.,
  723 F.3d 192 (2d Cir. 2013).............................................................................17

Ochei v. Mary Manning Walsh Nursing Home Co., Inc.,
    No. 10-CV-2548 (CM)(RLE), 2011 U.S. Dist. LEXIS 20542 (S.D.N.Y. Mar.
    1, 2011) ............................................................................................................10

Pahuja v. Am. Univ. of Antigua,
    No. 11 Civ. 4607, 2012 U.S. Dist. LEXIS 179029 (S.D.N.Y. Dec. 18, 2012)........8

Perry v. Ethan Allen, Inc.,
    115 F.3d 143 (2d Cir. 1997)..............................................................................12

Pouncy v. Advanced Focus LLC,
    No. 15 Civ. 6260 (JMF), 2017 U.S. Dist. LEXIS 156414 (S.D.N.Y. Sep. 25,
    2017) .................................................................................................................13

Rivera v. Rochester Genesee Reg'l Transp. Auth.,
    743 F.3d 11 (2d Cir. 2014)................................................................................14

Rochon v. Gonzales,
    438 F.3d 1211 (D.C. Cir. 2006) ........................................................................14

Rooney v. Tyson,
    127 F.3d 295 (2d Cir. 1997)..............................................................................18

Ruotolo v. City of New York,
    514 F.3d 184 (2d Cir. 2008)................................................................................8

Salahuddin v. Cuomo,
    861 F.2d 40 (2d Cir. 1988)..................................................................................4

Shetiwy v. Midland Credit Mgmt.,
    980 F. Supp. 2d 461 (S.D.N.Y. 2013)..................................................................4

Shuster v. Oppelman
    962 F. Supp. 394 (S.D.N.Y. 1997) ......................................................................4

Tepperwien v. Entergy Nuclear Operations, Inc.,
    663 F.3d 556 (2d Cir. 2011)........................................................................14, 15

Vidurek v. Koskinen,
    17 CV 9064 (VB), 2018 U.S. Dist. LEXIS 125282 (S.D.N.Y. July 25, 2018) ........7

Walter v. Queens Coll.,
    390 F. Supp. 3d 382 (E.D.N.Y. 2019) ..................................................................2

Wermann v. Excel Dentistry, P.C.,
    13 Civ. 7028 (DAB), 2014 U.S. Dist. LEXIS 29091 (S.D.N.Y. Feb. 25, 2014)....11

White v. Andy Frain Servs., Inc.,
    629 Fed. App'x. 131 (2d Cir. 2015)................................................................11

Williams v. City of New York,
    03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143 (S.D.N.Y. Nov. 1, 2005)......................3

Ya-Chen Chen v. City Univ. of N.Y.,
    805 F.3d 59 (2d Cir. 2015)................................................................11, 15

**Statutes**

Fair Labor Standards Act ................................................................15, 16, 17

New York City Human Rights Law................................................................9, 11, 13, 15

New York State Human Rights Law ................................................................9, 11, 13, 14, 15

Occupational Safety and Health Act................................................................7

**Other Authorities**

Fed. R. Civ. P. 8 ................................................................1, 4, 5

Fed. R. Civ. P. 12(b)(6)................................................................1, 3, 11

Fed. R. Civ. P. 9(b) ................................................................19

Defendants APN Consulting, Inc. ("APN"), Vedant Pathak, Neela Pathak, and Purvi Jhala (the "Individual Defendants") (collectively with APN, "APN Defendants") submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff Pro Se Palani Karupaiyan's ("Plaintiff") First Amended Complaint pursuant to Fed. R. Civ. P. 8 and Fed. R. Civ. P. 12(b)(6). A copy of the First Amended Complaint, dated August 5, 2020, is attached as Exhibit "A" to the Declaration of Jason A. Zoldessy, Esq. in Support of the APN Defendants' Motion to Dismiss the First Amended Complaint ("Zoldessy Decl.").

## PRELIMINARY STATEMENT

Plaintiff's 33-count First Amended Complaint ("FAC") fails to cure the deficiencies of his initial Complaint and he has not alleged any facts which entitle him to relief. Plaintiff has alleged over 10 causes of action that he has no standing to bring, and the remainder of his claims lack merit. Plaintiff's FAC, littered with legal conclusions, cannot withstand a motion to dismiss. Plaintiff, as an independent contractor for APN, provided services to an APN client pursuant to a Contractor Agreement. When the contract expired, so too did Plaintiff's involvement with any of the Defendants. Therefore, even if Plaintiff's numerous and unclear allegations were true, he still would not be entitled to relief under any of the 33 separate claims he brings. For those reasons, and as more fully detailed below, dismissal of the FAC is warranted.

## PERTINENT BACKGROUND[1]

Plaintiff is an information technology specialist whose company contracted with APN to work as a Software Engineer for Defendant ActiveHealth Management ("AHM"). (FAC ¶ 30). Plaintiff had several interviews for the position. (FAC ¶¶ 32-33, 34). Plaintiff went through a background check and obtained the assignment to work with AHM as an independent contractor.

---

[1] APN Defendants accept as true Plaintiff's allegations in the FAC solely for the purposes of this motion and reserve the right to controvert such allegations in any further proceedings in this matter.

(FAC ¶¶ 36, 40). See also May 29, 2019 Contractor Agreement, attached to the Pathak Decl. as Exhibit "A."[2]  This Contractor Agreement provides that Karupaiyan Consulting, Inc., as a Contractor, agrees to provide "services . . . to APN and its client." See Pathak Decl., Exhibit A. As part of the agreement, Plaintiff also signed a "Fee Schedule & Assignment Outline" which clearly states that, "Once Client determines the Project is completed, the Contractor Service Agreement will terminate unless otherwise agreed." See May 28, 2019 Fee Schedule & Assignment Outline, attached to the Pathak Decl. as Exhibit "B." Per these agreements, Plaintiff began his project on or about June 17, 2019. (FAC ¶ 42).  Plaintiff worked on projects for AHM, which included working with a team of other engineers. (FAC ¶ 61). As part of his agreement, Plaintiff provided services to AHM until on or about August 26, 2019, when his assignment ended. (FAC ¶ 106). Though Plaintiff has alleged such bizarre things as an attempted murder once his assignment ended, Plaintiff acknowledged that the assignment would end at the "client's" discretion. The client (in this case, AHM) determined that the assignment was complete, and no longer needed Plaintiff's services. This decision was not due to any sort of animus, but rather because Plaintiff had provided all the services he was contracted for, and the assignment ended. As set forth more fully below, Plaintiff's lengthy FAC does not set forth a single fact entitling him to relief and thus it should be dismissed in its entirety.

---

[2] Here, the FAC incorporates by reference and relies upon factual statements in documents appended to the Pathak Declaration. See FAC ¶ 40.  Thus, Plaintiff has incorporated the Contractor Agreement and related documents into the FAC by reference, and the Court can consider all of the contents of them without converting this motion into one for summary judgment.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("a court may consider 'documents attached to the complaint as an exhibit or incorporated in it by reference, . . . matters of which judicial notice may be taken, or . . . documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.").  See also Walter v. Queens Coll., 390 F. Supp. 3d 382, 393 (E.D.N.Y. 2019) ("The complaint, however, is 'deemed to include . . . any statements or documents incorporated in it by reference,' as well as any document upon which the Plaintiff solely relies and which is integral to the complaint, even if not incorporated by reference, without converting the motion to dismiss into a motion for summary judgment. Indeed, even if a document is not incorporated by reference in the complaint, so long as the 'plaintiff has actual notice' of the document or 'has relied upon [it] in framing the complaint' the document may be considered.") (internal citations omitted).

2

## **LEGAL STANDARD**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  See Keiler v. Harlequin Enters., 751 F.3d 64, 68 (2d Cir. 2014); see also Williams v. City of New York, 03 Civ. 5342 (RWS), 2005 U.S. Dist. LEXIS 26143, at *4-5 (S.D.N.Y. Nov. 1, 2005) ("In considering a motion to dismiss pursuant to [Rule 12(b)(6)] the Court should construe the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor[]") (internal citations omitted).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  As a result, legal conclusions "must be supported by factual allegations."  Id. at 679.  Accordingly, to survive, the allegations in the complaint must meet a standard of "plausibility."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  Pleading a fact that is "merely consistent with a defendant's liability" does not satisfy the plausibility standard.  Id.  Although the pleading standard is liberal, especially for a *pro se* plaintiff, it is insufficient to merely rely upon bold assertions and legal conclusions. See Fulton v. Goord, 591 F.3d 37, 42 (2d Cir. 2009); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Here, as detailed below, Plaintiff's FAC fails to plead any plausible cause of action upon which relief may be granted against the APN Defendants.  Plaintiff's claims merely recite legal conclusions and facts which, affording Plaintiff all reasonable inferences, still do not entitle him to relief.  Accordingly, the FAC requires dismissal against the APN Defendants as a matter of law.

## ARGUMENT

**I.    PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8.**

Rule 8 of the Federal Rules of Civil Procedure requires that, in order to state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." See, e.g., Iqbal, 556 U.S. at 677-78 (2009); Iwachiw v. N.Y. State DMV, 396 F.3d 525, 527 (2d Cir. 2005) (per curiam); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). It should be plain "in order to give the adverse party fair notice of the claims asserted." Moscowitz v. Brown, 850 F. Supp. 1185, 1189 (S.D.N.Y. 1994). The complaint should be short because an unnecessarily long pleading places an unjustified burden on the court and the party who must respond to it because they "are forced to select the relevant material from a mass of verbiage." Jones v. Nat'l Communs. & Surveillance Networks, 409 F. Supp. 2d 456, 464 (2006) (internal quotations and citations omitted), aff'd, 266 Fed. App'x 31 (2d Cir. 2008).

"While *pro se* complaints are generally construed more liberally than complaints prepared by counsel, they are still subject to the requirements of [Fed. R. Civ. P.] Rule 8 and therefore must be dismissed if, even upon generous review, they fail to comply with those requirements." Goff v. U.S. Treasury Dep't, 98 Civ. 3874 (RO), 2001 U.S. Dist. LEXIS 11184, *2 (S.D.N.Y. Aug. 6, 2001) citing Shuster v. Oppelman, 962 F. Supp. 394, 396 (S.D.N.Y. 1997). Although dismissal for pleading violations is disfavored, defendants must be able to ascertain the nature and basis of the claims against them so that they can prepare a defense, and "unintelligible, speculative complaints that are argumentative, disjointed and needlessly ramble have routinely been dismissed in this Circuit." Ceparano v. Suffolk County, 10-CV02030 (SJF)(ATK), 2010 U.S. Dist. LEXIS 134605, at *11 (E.D.N.Y. Dec. 15, 2010), aff'd, 404 Fed. App'x 537 (2d Cir. 2011), cert. denied, 565 U.S. 831, 132 S. Ct. 129 (2011); see also Shetiwy v. Midland Credit Mgmt., 980

F. Supp. 2d 461, 467 (S.D.N.Y. 2013). The extraordinary length of Plaintiff's FAC imposes an unjustified burden on the parties and the Court. In addition, the incredibly repetitious and confusing nature of the FAC places a further burden on the parties and the Court, because of the difficulty of determining what exactly Plaintiff is alleging.[3] Jones, 409 F. Supp. 2d at 464.

Neither the APN Defendants nor the Court should be required to parse through Plaintiff's extraordinarily-lengthy pleading to try to determine the nature of the claims Plaintiff is asserting. What is more, each count of Plaintiff's 33 Count FAC is brought under multiple statutes which are inapplicable. For example, Count 19, which is for "injury/elevated injury" is allegedly brought under "Title VII, ADA/ADAA, rehab act, GINA, NY/NYC human rights, section 1981, RICO, ny tort, or any of the plaintiff claimed acts." (FAC ¶ 187). As Plaintiff's 33 Count FAC contains similar language throughout each count, it clearly violates Fed. R. Civ. P. 8, and should be dismissed with prejudice. See Jones v. Nat'l Communs. & Surveillance Networks, 266 Fed. App'x 31 (affirming dismissal in its entirety, without leave to amend, a 58-page complaint brought by a *pro se* plaintiff because it violated the "short and plain statement requirement" of Rule 8).

II.    **PLAINTIFF'S CLAIMS FOR "DAMAGING INCOME, CAUSING UNEMPLOYMENT, [AND] LOSS OF INCOME," "CIVIL CONSPIRACY," AND "VIOLATION OF COPYRIGHT/VIOLATION OF INTELLECTUAL PROPERTY" MUST BE DISMISSED AS THEY ONLY ALLEGE LEGAL CONCLUSIONS.**

Should the FAC not be dismissed for its clear violation of Rule 8, Plaintiff's claims for "damaging income, causing unemployment, [and] loss of income" (Count 25), "civil conspiracy" (Count 29), and "violation of copyright/violation of intellectual property" (Count 33) warrant dismissal as Plaintiff's FAC does not contain factual allegations to support these claims.

---

[3] Because Plaintiff asserts so many claims against so many defendants in his lengthy pleading, the APN Defendants cannot address each and every claim which is potentially asserted against them in depth. To the extent that any of Plaintiff's claims against the APN Defendants survive this motion to dismiss, the APN Defendants ask that they be permitted, if appropriate, to submit further briefing in support of a supplemental motion to dismiss such claims.

Rather, Plaintiff just adds them to his lengthy FAC, and suggests that by incorporating the "foregoing paragraphs" into the allegations, and alleging legal conclusions, that he has stated a viable claim. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679. "The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is 'not bound to accept as true a legal conclusion couched as a factual allegation,' to credit 'mere conclusory statements,' or to accept '[t]hreadbare recitals of the elements of a cause of action.'" Dixon v. Blackensee, No. 17-cv-7359 (NSR), 2019 U.S. Dist. LEXIS 97958 at *4 (S.D.N.Y. June 11, 2019) (internal citation omitted). To determine whether a complaint states a plausible claim for relief, "a district court must consider the context and 'draw on its judicial experience and common sense.' A claim is facially plausible when the factual content pleaded allows a court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. Simply put, Plaintiff has failed to do so.

By way of example only, Count 33 alleges that "Plaintiff was not paid by the integrated employer for the work done on their softwares/applications/databases/coreEngine which Violation of Copyright/violation of intellectual property." (FAC ¶ 229). Plaintiff has not pled any fact but rather just asserts that some sort of amorphous work he did is entitled to copyright protection. Similarly, Counts 25 and 29 simply allege the legal conclusion that Plaintiff has lost income and is somehow the victim of a civil conspiracy. These claims fail to satisfy the pleading standards of Iqbal/Twombly and warrant dismissal.

## III. COUNTS 12, 15, 17-24, 26, 27 AND 31 MUST BE DISMISSED AS THEY ARE NOT PROPERLY BEFORE THIS COURT.

Plaintiff also brings 12 counts before this Court which either do not exist, or over which this Court does not have jurisdiction and should be dismissed, with prejudice. Counts 17-

22 and 26 allege criminal claims against the APN Defendants. However, individuals "cannot bring suits as private attorneys general in an effort to right potential violations of criminal statutes." Vidurek v. Koskinen, 17 CV 9064 (VB), 2018 U.S. Dist. LEXIS 125282, at *23 (S.D.N.Y. July 25, 2018). Plaintiff's claims for "bribe/corruption," "assaulting," "injury/elevated injury," "extreme cruelty," "attempted to kill/slowly killing," "reduced lifespan/killed ahead of complete lifespan," and robbery[4] are presumably references to criminal statutes for assault and attempted murder. Plaintiff has no standing to bring such claims and they must be dismissed with prejudice.

In addition to the above claims, Plaintiff also brings a claim for (presumably) a violation of the Occupational Safety and Health Act ("OSHA"), as he alleges that he was exposed to asbestos at the workplace. (FAC ¶¶ 201-203). However, similar to the above criminal claims, no private right of action exists for OSHA claims, and this claim must be dismissed. See generally Grasso v. Forrest Edward Empl. Servs., 01 Civ. 3263 (AKH), 2002 U.S. Dist. LEXIS 8598, at *25 (S.D.N.Y. May 15, 2002) ("The Occupational Safety Health Act ("OSHA") does not create a private right of action for damages.") (internal citations omitted).

Plaintiff's claims for "violation of breach of contract to outsource/favor the foreigner against US Citizen" (Count 12), "unpaid expense/reimbursement" (Count 15), "outsourcing discrimination against U.S. citizen" (Count 27) and "destruction of evidence" (Count 31) do not exist as viable causes of action, and the APN Defendants cannot be made to defend against such claims. Therefore, these claims should be dismissed with prejudice.

---

[4] Count 23 of Plaintiff's Complaint also contains some sort of allegation related to a "torture room." Though not against the APN Defendants specifically, to the extent that Plaintiff's allegations in this cause of action are tangentially against the APN Defendants, such a count should be dismissed for the same reasons as Counts 17-22 and 26.

## IV.    PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS WARRANT DISMISSAL AS HE CANNOT MAKE OUT A *PRIMA FACIE* CASE.

"[A]t a minimum, employment discrimination claims must meet the standard of pleading set forth in Twombly and Iqbal, even if pleading a *prima facie* case is not required." Hedges v. Town of Madison, 456 F. App'x 22, 23 (2d Cir. 2012). Courts in this district have determined that the elements of a *prima facie* case "provide an outline of what is necessary to render [a plaintiff's discrimination or retaliation] claims for relief plausible." Pahuja v. Am. Univ. of Antigua, No. 11 Civ. 4607, 2012 U.S. Dist. LEXIS 179029, at *26 (S.D.N.Y. Dec. 18, 2012). Thus, courts have considered these elements in assessing "whether there is sufficient factual matter in the complaint which, if true, gives Defendant fair notice of Plaintiff's claim and the grounds on which it rests." Id. Like any other complaint, a *pro se* complaint, "[t]o survive a motion to dismiss, . . . must plead 'enough facts to state a claim to relief that is plausible on its face.'" Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

Plaintiff alleges generally that he was discriminated against based on nearly every protected category—race/color/ethnicity/heritage (Count 1), disability (Count 2), national origin (Count 3), religion (Count 4), age (Count 6), genetic information (Count 7), citizenship (Count 8), and gender (Count 30). However, the FAC contains allegations which do not entitle Plaintiff to relief. Plaintiff alleges that because he received a laptop later than another employee (FAC ¶ 75), had a desk that was wobbling (FAC ¶ 81), dust fell onto his desk (FAC ¶ 88), was denied a request to work remotely (FAC ¶ 94), and co-workers who allegedly made one-off comments to him (FAC ¶¶ 96-99), that he has been discriminated against based on membership in eight separate protected categories. What is more, Plaintiff also alleges that his membership in all of these protected categories were allegedly the reason he was not hired on a full-time basis.

Claims of discrimination and a failure to hire under Title VII and the New York State Human Rights Law[5] are analyzed under the three-step burden-shifting framework established in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Under this framework, the plaintiff must establish a *prima facie* case of discrimination by showing: "(1) that he belonged to a protected class; (2) that he was qualified for the position he held; (3) that he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." <u>Holcomb v. Iona College</u>, 521 F.3d 130, 138 (2d Cir. 2008). Plaintiff has failed to allege any facts which meet this *prima facie* burden.

**A.  PLAINTIFF HAS NOT ALLEGED ANY FACTS WHICH SUGGEST THE EXPIRATION OF HIS INDEPENDENT CONTRACTOR AGREEMENT IS AN ADVERSE EMPLOYMENT ACTION AND WAS DUE TO ANY DISCRIMINATORY ANIMUS.**

Plaintiff cannot establish a *prima facie* case of discrimination because he cannot establish that the end of his independent contractor agreement was an adverse action or due to discriminatory animus. An actionable adverse employment action is a "materially adverse change in the terms and conditions of employment," such as "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation." <u>Galabya v. N.Y.C. Bd. of Educ.</u>, 202 F.3d 636, 640 (2d Cir. 2000). "Everyday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions." <u>La Grande v. DeCrescente Distrib. Co.</u>, 370 F. App'x 206, 211 (2d Cir. 2010). Here, Plaintiff's contract simply ended, as he agreed it would, and he was free to take on other projects or engage in another independent contractor relationship with other APN clients. He did not. His

---

[5] As set forth in Section I <u>supra</u>, Plaintiff brings each claim under multiple statutes. For purposes of this motion, it is assumed that Plaintiff's discrimination claims are brought under Title VII, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

decision not to seek other projects does not constitute an adverse employment action, and his claims necessarily fail.

Even if Plaintiff could establish that he was subjected to an adverse employment action, his claims still fail. Plaintiff makes <u>no</u> factual assertions to support a plausible inference that the APN Defendants' actions were even remotely motivated by any kind of discrimination. Plaintiff performed services as an independent contractor, acknowledged that the project would be considered complete at the client's discretion (<u>see</u> Pathak Decl., Ex. B), and his relationship with AHM and the APN Defendants for this project ceased. Though Plaintiff has provided a myriad of allegations that he believes are the cause of the termination of the contract, he has not set forth a single fact which suggests that the APN Defendants, or any other Defendant for that matter, ended the project because of his membership in various protected categories. Instead, Plaintiff provides completely conclusory and speculative factual allegations from which he believes it should be inferred that the alleged "adverse action" taken against him was motivated by discriminatory animus. "Conclusory and speculative allegations will not suffice to demonstrate discriminatory intent. Rather, [p]laintiff 'must point to facts that suggest' that the adverse action was motivated, at least in part, by discriminatory animus.'" <u>Gelin v. Geithner</u>, Case No. 06-CV-10176 (KMK), 2009 U.S. Dist. LEXIS 24865, at *47-48 (S.D.N.Y. Mar. 26, 2009), quoting <u>Kalsi v. New York City Transit Auth.</u>, 62 F. Supp. 2d 745, 753 (E.D.N.Y. 1998), <u>aff'd</u>, 189 F.3d 461 (2d Cir. 1999). The FAC attempts to rely on the tired false syllogism that Courts in this District have rejected repeatedly: "I am (fill in the protected class of which the plaintiff is a member); something bad happened to me at work; therefore the bad thing happened because I am (fill in the protected class)." <u>Ochei v. Mary Manning Walsh Nursing Home Co., Inc.</u>, No. 10-CV-2548 (CM)(RLE), 2011 U.S. Dist. LEXIS 20542, at *6 (S.D.N.Y. Mar. 1, 2011). "In the absence of any circumstantial

evidence of discriminatory animus . . . the inference that the difference in treatment is attributable in part to discrimination would be based on speculation rather than on evidence or a rational inference." Campbell v. New York City Transit Auth., 93 F. Supp. 3d 148, 173 (E.D.N.Y. 2015). Therefore, Plaintiff's claims of discrimination fail and should be dismissed.

Plaintiff's claims still fail under the more lenient standard articulated by the NYCHRL. See Ya-Chen Chen v. City Univ. of N.Y., 805 F.3d 59, 75 (2d Cir. 2015). Even under the NYCHRL standard, a plaintiff still must "show that he 'has been treated less well at least in part *because of*'" membership in a protected category. See Mathew v. N. Shore-Long Island Jewish Health Sys., Inc., 582 Fed. App'x. 70, 71 (2d Cir. 2014) (emphasis in original) (internal citation and quotation marks omitted); see also White v. Andy Frain Servs., Inc., 629 Fed. App'x. 131, 133 (2d Cir. 2015) ("[T]hough we must construe NYCHRL claims more liberally than federal and state law claims, NYCHRL similarly only prohibits discrimination in the 'terms, conditions or privileges of employment' when such discrimination is 'because of' a protected characteristic.'" (quoting N.Y.C. Admin. Code § 8-107(1)(a) and citing Mihalik v. Credit Agricole Cheuveux N. Am., Inc., 715 F.3d 102, 109 (2d Cir. 2013)). Plaintiff has not done so in his FAC. Rather, Plaintiff's claims suffer the same fate under the NYCHRL as Plaintiff's claims are simply legal conclusions couched as factual allegations, which cannot withstand a motion to dismiss under the Iqbal/Twombly standard. See generally Wermann v. Excel Dentistry, P.C., 13 Civ. 7028 (DAB), 2014 U.S. Dist. LEXIS 29091, at *4 (S.D.N.Y. Feb. 25, 2014) (applying Rule 12(b)(6) standards to NYSHRL and NYCHRL claims).

## B. PLAINTIFF'S CLAIMS OF HARASSMENT AND HOSTILE WORK ENVIRONMENT ARE SIMILARLY WITHOUT MERIT.

Plaintiff's claims of a hostile work environment and harassment do not entitle him to relief. To establish that he was subjected to a hostile work environment under Title VII, a

plaintiff must show: (1) that the harassing conduct was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer.  Perry v. Ethan Allen, Inc., 115 F.3d 143, 149 (2d Cir. 1997). The plaintiff must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered. Leibovitz v. N.Y. City Transit Auth., 252 F.3d 179, 188 (2d Cir. 2001).

This test has objective and subjective elements: the misconduct shown must be "severe or pervasive enough to create an objectively hostile or abusive work environment," and the victim also must subjectively perceive that environment to be abusive. Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993). With respect to the pervasive requirement, incidents must be more than "episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Perry, 115 F.3d at 149.  Further, as to the severity prong, isolated acts, unless very serious, do not meet the threshold of severity or pervasiveness. Brennan v. Metropolitan Opera Ass'n, 192 F.3d 310, 318 (2d Cir. 1999).  In short, a plaintiff alleging a hostile work environment "must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were 'sufficiently continuous and concerted' to have altered the conditions of her working environment." Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000).  Finally, it is "axiomatic" that in order to establish a hostile work environment claim under Title VII, a plaintiff must demonstrate that the conduct occurred because of his membership in a protected class.  See Brown v. Henderson, 257 F.3d 246, 252 (2d Cir. 2001).

The FAC contains no facts which suggest that Plaintiff can meet any of those elements to impute liability to the APN Defendants. Even accepting Plaintiff's factual allegations

as true, his claim that he was not provided with a locker by the client he was working for, or was not allowed to move to an empty desk do not create a hostile work environment. Plaintiff performed services on a contract basis for approximately three months, at which point his contract terminated. His conclusory allegations that co-workers allegedly made comments towards him do not meet the "threshold of severity or pervasiveness" necessary to entitle Plaintiff to relief. Cruz, 202 F.3d at 570.

Even under the NYSHRL and NYCHRL[6], Plaintiff's claim fails. Though the NYCHRL is broader than its state and federal counterparts, "NYCHRL plaintiffs must still 'plead facts tending to show that actions that created the hostile work environment were taken against [the plaintiff] because of a prohibited factor." Heap v. CenturyLink, Inc., 18 Civ. 1220 (LAP), 2020 U.S. Dist. LEXIS 54315, at *36 (S.D.N.Y. Mar. 27, 2020). As set forth above, Plaintiff has failed to show that any actions taken against him were because of his membership in any protected category. Plaintiff's conclusory allegations should be dismissed. See Pouncy v. Advanced Focus LLC, No. 15 Civ. 6260 (JMF), 2017 U.S. Dist. LEXIS 156414, at *16 (S.D.N.Y. Sep. 25, 2017) (dismissing NYCHRL hostile work environment claim where "conclusory assertions aside, [plaintiff] fails to allege - - let alone substantiate - - that any of the relevant acts of hostility by his supervisors 'were on the basis . . . of [a] protected characteristic.'"). Accordingly, the Court should dismiss Plaintiff's harassment and hostile work environment claims as the FAC fails to allege any facts entitling him to relief.

## C.    PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE HE HAS NOT SHOWN A CAUSAL CONNECTION BETWEEN ANY PROTECTED ACTIVITIES AND ANY ADVERSE ACTION.

---

[6] In October 2019, the NYSHRL was changed to remove the "severe or pervasive" standard when analyzing harassment claims. The NYSHRL now analyzes claims for harassment and hostile work environment under the same standard as the NYCHRL—whether an employee has been subjected to inferior terms, conditions, or privileges of employment because of membership in a protected class.

To establish a Title VII and NYSHRL retaliation claim, a plaintiff must allege: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012); Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 312-313 (2004).

Plaintiff has not alleged a single instance of protected activity within the meaning of the relevant statutes as Plaintiff has not alleged that he complained or opposed "an employment practice made unlawful by Title VII." McMenemy v. City of Rochester, 241 F.3d 279, 285 (2d Cir. 2001). To defeat a motion to dismiss, Plaintiff would have to allege that he had a "good faith belief that [he] was complaining of conduct prohibited by Title VII." Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs. P,C., 716 F.3d 10, 16 (2d. Cir 2013). Since the FAC contains merely Plaintiff's grievances with his co-workers, rather than any allegation of a complaint or opposition to discrimination, his claims of retaliation necessarily fail on this basis alone.

A materially adverse action is one that "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006) (quoting Rochon v. Gonzales, 438 F.3d 1211, 1219 (D.C. Cir. 2006); Keceli v Yonkers Racing Corp., 155 A.D.3d 1014, 1016, 66 N.Y.S.2d 280, 283 (2nd Dep't 2017).  "Actions that are 'trivial harms' -- i.e., 'those petty slights or minor annoyances that often take place at work and that all employees experience' -- are not materially adverse." Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 568 (2d Cir. 2011) (quoting Burlington, 548 U.S. at 68); see Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 26 (2d Cir. 2014) (concluding that disciplinary citations, assignment to drive dirtier buses, one late overtime payment, and refusal to be provided with half-day off for doctor's appointment did not

rise to level of materially adverse actions for retaliation claim); Tepperwien, 663 F.3d at 568-72 (holding that investigatory sessions, counseling, threats of termination, hostile behavior during meeting, being made to come to work on day off under false pretenses, and being switched to night shift, were not materially adverse actions for retaliation claim).  Consequentially, Plaintiff cannot satisfy any of the four elements necessary for pleading an actionable retaliation claim under Title VII or the NYSHRL.

Plaintiff's retaliation claim also fails under the more lenient NYCHRL, as Plaintiff must show a causal link between his protected activity and any allegedly retaliatory action. See Ya-Chen, 805 F.3d at 76-77. As Plaintiff has not even alleged what protected activity he participated in (and in fact there is no evidence that he ever did so, much less that APN Defendants had any knowledge of purported protected activity), he cannot establish any sort of causal link between a protected activity and an adverse employment action, as Plaintiff has failed to allege what adverse action he was subjected to. As a result, Plaintiff's NYCHRL retaliation claim fails.

**V.    PLAINTIFF'S CLAIM FOR UNPAID OVERTIME FAILS BECAUSE PLAINTIFF WAS AN INDEPENDENT CONTRACTOR AND HE DOES NOT STATE FACTS TO SUPPORT A VIABLE CLAIM.**

Plaintiff's claim under the Fair Labor Standards Act ("FLSA") for overtime fails as Plaintiff's company was an independent contractor, as set forth in his Contractor Agreement. Plaintiff's Contractor Agreement clearly states that he is an independent contractor, and that "neither contractor nor its personnel/agents including consultant shall be deemed to be employees/agents of APN or its clients. . . . The Contractor further agrees that they shall not be entitled to any benefits provided or rights guaranteed by APN . . . including, but not limited to . . . premium 'overtime' pay[.]" See Pathak Decl., Ex. A, ¶ 15. Plaintiff's contract clearly states that he is not entitled to overtime. What is more, it is well-settled that independent contractors are exempt from the overtime requirements of the FLSA. See Magnoni v. Smith & Laquercia, LLP,

661 F. Supp. 2d 412, 415 (S.D.N.Y. 2009). As Plaintiff has made no factual allegation to suggest

that he was not an independent contractor, his claim warrants dismissal on his pleadings alone.

Even if Plaintiff was deemed to have had an employment relationship with the APN

Defendants, Plaintiff's claim under the FLSA for overtime fails to satisfy the pleading

requirements set forth in Iqbal and Twombly.   The Second Circuit has interpreted Iqbal and

Twombly in a series of cases asserting overtime claims under the FLSA to require that a complaint

alleging an overtime claim set forth with specificity 40 hours of work in a given workweek as well

as some uncompensated time in excess of the 40 hours.  See, e.g., Lundy v. Catholic Health Sys.

of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013).  A complaint which consists only of vague

allegations of purported entitlement to overtime pay is inadequate and will not survive a motion to

dismiss.  For example, in Lundy, the plaintiffs alleged they were entitled to overtime compensation

for meal breaks that were "typically" missed or interrupted, for unspecified time spent working

before and after scheduled shifts, and for unspecified time spent attending training programs.

Lundy 711 F.3d at 114-15.  Specifically, the Lundy plaintiffs alleged:

> three types of uncompensated work: (1) 30-minute meal
> breaks which were "typically" missed or interrupted; (2)
> uncompensated time before and after her scheduled shifts,
> "typically" resulting in an additional 15 minutes per shift;
> and (3) trainings "such as" a monthly staff meeting,
> "typically" lasting 30 minutes, and respiratory therapy
> consisting of, "on average," 10 hours per year.

Id. at 115.  Based on these allegations, the Second Circuit affirmed the District Court's decision

that this generic language was inadequate to plausibly state a claim for unpaid overtime

compensation and dismissed the Lundy complaint on those grounds.  Id.  The Second Circuit held

that to state a plausible claim under the FLSA for failure to pay overtime, "a plaintiff must

sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in

excess of 40 hours." Id.  Lundy thus holds that where a complaint's lack of specificity invites speculation about the complained of conduct, an FLSA overtime claim is not plausibly pled.  Id.

The Second Circuit reaffirmed the pleading standard articulated in Lundy in Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192 (2d Cir. 2013).  The Nakahata plaintiffs alleged that they "were not compensated for work performed during meal breaks, before and after their shifts, or during required trainings." Id. at 201.  Additionally, the Nakahata plaintiffs made sweeping allegations that they "regularly" worked in excess of forty hours per week and were not paid for those hours.  Id. at 199.  The Second Circuit found these allegations were insufficient to state a plausible claim under the FLSA and NYLL and affirmed dismissal of the complaint.  Id.  at 195.

Here, Plaintiff has not even alleged the hours he worked each week, let alone how many hours of overtime he allegedly worked each week. His sweeping allegations of his alleged issues regarding his pay and time sheets are not sufficient to withstand a motion to dismiss. The only allegations regarding Plaintiff's pay is that he told his supervisor to order that APN pay him. (FAC ¶ 83). However, as set forth in Plaintiff's Contractor Agreement, Plaintiff was to submit his approved time sheets to APN for payment. See Pathak Decl., Ex. A, ¶ 5. Completely absent from the FAC is that Plaintiff complied with his contractual obligations to receive his pay, let alone that he ever worked more than 40 hours per week. Therefore, Plaintiff's claim for unpaid overtime fails.

## VI.    PLAINTIFF'S WRONGFUL DISCHARGE CLAIM IS WITHOUT MERIT, AS NEW YORK LAW DOES NOT RECOGNIZE A TORT OF WRONGFUL DISCHARGE.

Though Plaintiff alleges that he was wrongfully discharged, his claim must be dismissed as Plaintiff was an independent contractor, whose term expired at the discretion of APN's client. See Pathak Decl., Ex. B, ¶ 5. Plaintiff's contract to provide services was never for a

specific period of time. Rather, it was on a "contract" basis, as set forth in the Fee Schedule & Assignment Outline. See Pathak Decl., Ex. B. Once the client terminated the relationship, APN had the right to terminate the contract without notice. See Pathak Decl., Ex. A, ¶ 13. Even if Plaintiff is found to have been an employee, Plaintiff's claim for wrongful discharge fails as there is no claim for wrongful discharge in the at-will employment context. See Geldzahler v. N.Y. Med. College, 663 F. Supp. 2d 379, 388 (S.D.N.Y. 2009) ("New York does not recognize a cause of action for the tort of abusive or wrongful discharge of an at-will employee."). Moreover, the Second Circuit has held that the "at-will rule may cover independent contractor relationships that arise in the employment context." Rooney v. Tyson, 127 F.3d 295, 297 (2d Cir. 1997). Therefore, the contract could be terminated at any time, just as if Plaintiff were an at-will employee. See Handel v. STA Travel Ltd., 198 A.D.2d 32, 603 N.Y.S.2d 436 (1st Dep't, Nov. 4, 1993).

## VII.    PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM WARRANTS DISMISSAL AS IT IS MADE IN THE EMPLOYMENT LAW CONTEXT.

Plaintiff's claim for intentional infliction of emotional distress ("IIED") warrants dismissal because Plaintiff's claim is made in the employment law context. "New York Courts are reluctant to allow [IIED] in employment discrimination cases. The courts are wary of allowing plaintiffs to recharacterize claims for wrongful or abusive discharge, which are not recognized under New York law, as claims for intentional infliction of emotional distress. A plaintiff cannot avoid the consequences of the employment-at-will doctrine by bringing a wrongful discharge claim under a different name." Lydeatte v. Bronx Overall Economic Dev. Corp., 00 Civ. 5433 (GBD), 2001 U.S. Dist. LEXIS 1670, at *4 (S.D.N.Y. Feb. 22, 2001). Even accepting Plaintiff's allegations as true, the conduct alleged must be "such that it can be fairly characterized as egregious, utterly despicable, heartless or flagrant. Acts which merely constitute harassment, disrespectful or disparate treatment, a hostile work environment, humiliating criticism,

intimidation, insults or other indignities fails to sustain a claim of infliction of emotional distress because the conduct alleged is not sufficiently outrageous." Id. at *6. Therefore, Plaintiff's IIED claim (FAC ¶¶ 166-168), which attempts to impute his own health complications as related to the cessation of his services for APN Defendants does not rise to the level of outrageousness required to sustain an IIED claim under New York law and should be summarily dismissed.

## VIII. PLAINTIFF'S CLAIM FOR FRAUD NECESSARILY FAILS AS HE HAS NOT MET THE REQUIREMENTS OF RULE 9(B) OF THE FEDERAL RULES.

Plaintiff's claim of fraud necessarily fails, as he has not pled his claim with the specificity required under the federal rules. Specifically, Fed. R. Civ. P. 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P 9(b). Under New York law, a Plaintiff must plead a "misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury." Lama Holding Co. v. Smith Barney Inc., 88 N.Y.2d 413, 421 (1996).

Here, Plaintiff's claim does not meet this pleading standard. Plaintiff alleges that "Aetna managers and APN exchanging commission and when any candidate refused to pay commission, the remove the plaintiff from project and did not pay the plaintiff." (sic) (FAC ¶ 176). This allegation does not comply with Fed. R. Civ. P. 9(b) as it does not "specify the time, place, speaker, and content of the alleged misrepresentations" as required in the Second Circuit. See Maran Coal Corp. v. Societe Generale de Surveillance S.A., 92 Civ. 8728 (RPP), 1993 U.S. Dist. LEXIS 7123 at *19 (S.D.N.Y. May 27, 1993), quoting Divittorio v. Equidyne Extractive Indus., Inc., 822 F.2d 1242, 1247 (2d Cir. 1987). "Moreover, 'where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his

19

alleged participation in the fraud." <u>Id.</u> at *20. Plaintiff has failed to do that here, and his claim must be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, APN Defendants respectfully request that the Court issue an Order granting their Motion to Dismiss Plaintiff's First Amended Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated:  September 14, 2020
        New York, New York

<div style="margin-left: 45%">

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By:  _____
     Jason A. Zoldessy, Esq.
     Allison M. Benz, Esq.

ATTORNEYS FOR APN DEFENDANTS

</div>