# IN THE UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

Docket # 19-cv-8814-KPF

# Palani Karupaiyan
## ----Plaintiff
# V
# CVS Health et al
## ---- Defendants

------------------------------------------

Plaintiff response to Defendants APN Motion to dismiss and
MEMORANDUM OF LAW IN SUPPORT OF APN
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT

Palani Karupaiyan,
Prose plaintiff
palanikay@gmail.com
212-470-2048(m)

# Arguments

i.    Plaintiff's response to Defendant argument that PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8. ................ .... .. ... .. ..... ...... .. ... ..1

ii.   Plaintiff's Response to defendant argument that PLAINTIFF'S CLAIMS FOR "DAMAGING INCOME, CAUSING UNEMPLOYMENT, [AND] LOSS OF INCOME," "CIVIL CONSPIRACY," AND "VIOLATION OF OPYRIGHT/ VIOLATION OF INTELLECTUAL PROPERTY" MUST BE DISMISSED AS THEY ONLY ALLEGE LEGAL CONCLUSIONS. ........ ...... ........ ..... …..... .. ……........ .. ..2

         Count-33 violation of copyright/intellectual property. .. ..2

         Count-25 damaging income, causing unemployment, [and] loss of income" .... ..... …......... …...... …......... ..... 3

         Count:29-CIVIL Conspiracy ..... …...... …...... …..... ….. 4

iii.   Plaintiffs response to defendant APN argument that COUNTS 12, 15, 17-24, 26, 27   AND 31 MUST BE DISMISSED AS THEY ARE NOT PROPERLY BEFORE THIS COURT ..... .. ... ....... .... ... ....... …....... ….4

iv.   Plaintiff's response to APN's argument that PLAINTIFF'S EMPLOYMENT      DISCRIMINATION CLAIMS WARRANT DISMISSAL AS HE CANNOT

MAKE OUT A *PRIMA FACIE* CASE. .. ... ..... ..  .. ... .. ........ 6

a.    PLAINTIFF HAS NOT ALLEGED ANY FACTS WHICH
      SUGGEST THE EXPIRATION OF HIS INDEPENDENT
      CONTRACTOR AGREEMENT IS      AN ADVERSE
      EMPLOYMENT ACTION AND WAS DUE TO ANY
      DISCRIMINATORY ANIMUS.. ... .. ..... ..... ..  …..... .. ... ..  .. ..9

b.    Plaintiff's response to defendant APN argument that
      PLAINTIFF'S CLAIMS OF HARASSMENT AND HOSTILE
      WORK ENVIRONMENT ARE SIMILARLY WITHOUT
      MERIT. ..... ........ ..  .. .. ... ... .. .. ...... .. ... ... ,,,,,.. .. ..... ........ ..  .. 11

c.    Plaintiff's response to defendant argument that PLAINTIFF'S
      RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE
      HE HAS NOT SHOWN A CAUSAL CONNECTION BETWEEN
      ANY PROTECTED ACTIVITIES AND ANY ADVERSE
      ACTION .. ... ... .. .. ..... ........ ..  .. ... ... .. ... ... .. …........ ..  .. ... .13

v.    Plaintiffs response to defendant argument that PLAINTIFF'S
      CLAIM  FOR UNPAID  OVERTIME FAILS BECAUSE
      PLAINTIFF WAS  AN INDEPENDENT
      CONTRACTOR AND HE DOES NOT STATE  FACTS TO
      SUPPORT  A VIABLE CLAIM. ... ... .. ......... …. .. .. ... ..... 16

vi.   Plaintiffs response to defendant APN argument that
      PLAINTIFF'S WRONGFUL DISCHARGE CLAIM IS
      WITHOUT MERIT, AS NEW YORK LAW DOES NOT
      RECOGNIZE A TORT OF WRONGFUL DISCHARGE....... 19

vii.  Plaintiffs response to defendant APN's argument that
      PLAINTIFF'S  INTENTIONAL INFLICTION OF
      EMOTIONAL DISTRESS  CLAIM WARRANTS DISMISSAL

AS IT IS MADE IN  THE EMPLOYMENT LAW CONTEXT.......... ... ... ... ... ... ... ...... ... ... .. ... ... ...... ... ... ... 21

viii.  Plaintiff's response to defendant argument that PLAINTIFF'S CLAIM   FOR FRAUD NECESSARILY FAILS AS HE HAS NOT MET THE REQUIREMENTS OF RULE 9(B) OF THE FEDERAL RULES. ... .. ... ... .. ....... ... ... .. ... ………… ..... ... 22

ix.    Conclusion. ... .. ....... ... ... .. ... .... .. ... ... ..  .. ... .... …….. ... 24

x.    Additional arguments. .. ... .... .. ... ... ..  .  .. .. ... .  ..... ... ....... 24

xi.    Certificate of service.. ... .... .. ... ... ..  .. ... .. ... .. ... .... .. ... ... 27

# TABLE OF AUTHORITIES

Amin v. MERCEDES-BENZ USA, LLC,
    349 F. Supp. 3d 1338 - Dist. Court, ND Georgia 2018 …. … . .. .. .. . . 1,25
BIRKHOLZ v. City of New York,
    Dist. Court, ED New York 2012 …. … .. .. .. . . …. …. … . .. .. .. . 14
Boudreaux v. SHELL OIL COMPANY,
    Dist. Court, ED Louisiana 2014, …. … .. .. .. . . …. .. …. ….. .. . 26
Community for Creative Non-Violence v. Reid,
    490 US 730 - Supreme Court 1989 , …. … .. .. .. . . ….. ….. .. ….. ….. 2,3
Castleberry v. STI GROUP,
    863 F. 3d 259 - Court of Appeals, 3rd Circuit 2017 , …. … .. .. .. .. . . … 11
Estelle v. Gamble,
    429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) , …. … ….. ….. .. 25
Faragher v. City of Boca Raton,
    524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)). , ….. ….. .. 11
Federal Exp. Corp. v. Holowecki,
    552 US 389 - Supreme Court 2008 , …. … .. .. .. . . …... .. ….... ….. .. 25
Haines v. Kerner,
    404 U.S. 520 (197). , …. … .. .. .. . . ….. …. .. ….. ….. .. . .. ….. ….. .. 26
Hayden v. County of Nassau,
    180 F. 3d 42 - Court of Appeals, 2nd Circuit 1999 , …. … .. .. .. ….. ….. .. 26
Howe v. YELLOWBOOK, USA,
    840 F. Supp. 2d 970 - Dist. Court, ND Texas 2011 , …. ... ... ….. ….. .. 21
Hubbard v. Total Commc'n. Inc.,
    347 F. App'x 679, 681 (2d Cir. 2009) , …. … .. .. .. . . …. .. ….. ….. ..14
Jones v. Southeastern Pa. Transp. Auth.,
    796 F.3d 323 (3d Cir. 2015), , …. … .. .. .. .. . . ….. …. .. ….. …….. .. 8
La Grande v. DeCrescente Distributing Co., Inc.,
    370 F. App'x 206, 212 (2d Cir. 2010);  , …. … .. .. ….. …. .. ….. ….. .. 14
Lundy v. Catholic Health Sys. of Long Island Inc.,
    711 F.3d 106, 114 (2d Cir. 2013 , …. … .. .. .. . . ….. …. .. ….. …. .. 17
McMenemy v. City of Rochester,
    241 F. 3d 279 - Court of Appeals, 2nd Circuit 2001 , …. . ……... ….. .. 13
Magnoni v. Smith & Laquercia, LLP,
    661 F. Supp. 2d 412 - Dist. Court, SD New York 2009 , ….. .... .. ….. .. 16
Manoharan v. Columbia Univ. College of Physicians & Surgeons,
    842 F.2d 590, 593 (2d Cir.1988))  , …. … .. .. .. . . ….. …. .. ….. ….. ..13
Novak v. World Bank,

No. 79-0641, 1979 U.S. Dist. (D.D.C. June 13, 1979), , …. … . .... ….. .. 19
Novak v. World Bank, 20 Fair Empl.Prac.Cas.
    (BNA) 1166, 1167 (D.D.C.1979 , …. … .. .. .. · ….. …. .. ….. ….. ..  19
Pennsylvania State Police v. Suders,
    542 US 129 - Supreme Court 2004  , …. … .. .. .. ·  ….. …. .. ….. ….. .. 12
Rogers v. Fashion Institute of Technology,
    Dist. Court, SD New York 2017 , …. … .. .. .. ·  ….. …. .. ….. …. .. .. 21
Ronzani v. Sanofi S.A.,
    899 F.2d 195, 198 (2d Cir.1990). , …. … .. .. .. · ….. …. .. ….. ….. ..  26
Shanks v. Vill. of Catskill Bd. of Trustees,
    653 F.Supp.2d 158, 166 (N.D.N.Y. 2009 , …. … .. .. .. · .. ….. ….. .. 14
Silver v. KCA, Inc.,
    586 F.2d 138, 141 (9th Cir.1978 , …. … .. .. .. · ….. …. .. …....     …. 13
Sumner v. U.S. Postal Serv.,
    899 F.2d 203, 209 (2d Cir. 1990) , …. … .. .. .. · ….. …. .. ….. ….. .. 14
Swierkiewicz v. Sorema N.A.,
    534 U.S. 506, 508 (2002) , …. … .. .. .. · ….. …. .. .. , …. … .. .. .. .. 8
Treglia v. Town of Manlius,
    313 F.3d 713, 719 (2d Cir. 2002 , …. … .. .. .. · ….. …. .. ….. …. ..  14
Wilkerson v. New Media Tech. Charter School, Inc.,
    522 F.3d 315, 320 (3d Cir. 2008),  , …. … .. .. .. · ….. …. .. ….. ….. 19
Wheeler v. BANK OF NEW YORK MELLON,
    256 F. Supp. 3d 205 - Dist. Court, ND New York 2017 , …. … .... ….. 14
Williams v. New York City Hous. Auth.,
    61 AD 3d 62 – 2009) , …. … .. .. .. · ….. .. .. .. · ….. … .. .. …... 12
Zelnik v. Fashion Inst. of Tech.,
    464 F.3d 217, 226 (2d Cir. 2006) , …. … .. .. .. · ….. …. .. ….. ….. .. 14

# Argument

i. **Plaintiff's response to Defendant argument that PLAINTIFF'S FIRST AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH FED. R. CIV. P. 8**.

Defendant argued that Plaintiffs complaint is not short and plain and unable to understand are invalid arguments.

Well known to Defendants that plaintiff's mother language is Tamil which is 2500 to 11000 years old and English is not plaintiff mother language. As well plaintiff was schooled in Tamil language medium.

When the plaintiff language is not English and everyone's English level should not be same, the defendants did not put enough effort to read the plaintiff complaint FAC.

In the defendant's motion to dismiss, they did not state that they put enough effort to read the complaint. Also defendant did not state that they read the complaint more than once.

In *Amin v. MERCEDES-BENZ USA, LLC, 349 F. Supp. 3d 1338 - Dist. Court, ND Georgia 2018* (*Amin* ) @1353-1354, when the defendant attached the plaintiff with Rule 8,  District Judge ruled that Judge read the complaint twice, understand it and denied the motion to dismiss.

1

For any and reasons stated above, plaintiff pray this Court to deny the defendant motion to dismiss the FAC under rule 8.

## ii.    **Plaintiff's Response to defendant argument that PLAINTIFF'S CLAIMS FOR "DAMAGING INCOME, CAUSING UNEMPLOYMENT, [AND] LOSS OF INCOME," "CIVIL CONSPIRACY," AND "VIOLATION OF COPYRIGHT/VIOLATION OF INTELLECTUAL PROPERTY" MUST BE DISMISSED AS THEY ONLY ALLEGE LEGAL CONCLUSIONS**.

### Count-33 violation of copyright/intellectual property.

Defendant argued that for <u>Court 33</u>, Copyright/intellectual property violation Plaintiff has not pled any fact but rather just asserts that some sort of amorphous work he did is entitled to copyright protection which is invalid argument. See FAC@ 42 to 47 ,112 Plaintiff was hired Independent <u>full-stack</u> software engineer for integrated employer.

I have worked with AETNA, I have done wonderful and challengeable job in 1) MAH-refresh, 2) MAH-database, 3) ODS, 4) CareEngine and Im not paid for these work done which violation copyright/intellectual property of plaintiff FAC@112.

This case is close to *Reid as plaintiff argued to CVS defendant's Motion to dismiss for copyright.* In Reid, Reid was hired him to produce a sculpture and advance money is paid to him. This advance money Reid spent (expenditure) to

2

create the sculpture. At the end, US Supreme Court ruled that Reid and Community for Creative Non-Violence should share the copyright ownership.

See Reid @ 753 *Because Reid was an independent contractor, whether "Third World America" is a work for hire depends on whether it satisfies the terms of § 101(2). This petitioners concede it cannot do. Thus, CCNV is not the author of "Third World America" by virtue of the work for hire provisions of the Act. However, as the Court of Appeals made clear, CCNV nevertheless may be a joint author of the sculpture if, on remand, the District Court determines that CCNV and Reid prepared the work "with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U. S. C. § 101.[32] In that case, CCNV and Reid would be co-owners of the copyright in the work. See § 201(a).*

For any and all plaintiff pray this Court to deny the defendant APN's request to dismiss the copyright/intellectual claim.

## Count-25 damaging income, causing unemployment, [and] loss of income"

See FAC@107, 108 plaintiff was wrongfully terminated. Also in the CVS's motion to dismiss the CVS defendant agreed that APN terminated the plaintiff wrongfully terminated. Page 8, footnote-9.

Because of the wrongful termination, refused to pay the medical emergency which causes injury to the plaintiff. Due to unemployment and injury plaintiff income is damage, loss of income happed, still today the plaintiff is unemployed.

For any and all reason stated above plaintiff pray this Court to deny the defendant APN's request to dismiss the plaintiff's claim <u>damaging income, causing unemployment, [and] loss of income</u>

### Count:29-CIVIL Conspiracy:

To response the defendant's Civil conspiracy argument, Plaintiff herein reference/include the plaintiff's response to CVS defendant Civil conspiracy argument.

For any and all reasons stated above, plaintiff prays this Court to deny the APN defendants request to dismiss the civil conspiracy.

## iii Plaintiff's response to defendant APN argument that COUNTS 12, 15, 17-24, 26, 27 AND 31 MUST BE DISMISSED AS THEY ARE NOT PROPERLY BEFORE THIS COURT

Defendants APN argued that Counts 17- 22 and 26 allege criminal claims against the APN Defendants which is invalid.

These are claims under Rico, NY-rico, Title vii claims. For these claim I have responded to CVS defendants. To avoid duplication, herein reference/include the plaintiff's response to CVS on these claims

Defendant APN argued that **Count:24-Violation of harmful/unsafe workplace is under** Occupational Safety and Health Act ("OSHA"), **which is invalid argument.**

**This is under title vii claim. For this claim Im have responded to CVS defendant, herein reference/include the plaintiff argument.**

**Defendant argued that** "violation of breach of contract to outsource/favor the foreigner against US Citizen" (Count 12), "unpaid expense/reimbursement" (Count 15), "outsourcing discrimination against U.S. citizen" (Count 27) and "destruction of evidence" (Count 31) do not exist as viable causes of action which is invalid argument.

For these above claims Plaintiff responded to CVS defendant, plaintiff should herein refer/included that plaintiff's response.

For any and all reasons stated above, plaintiff pray this Court to deny the defendant APN's request to dismiss the claims on **OUNTS 12, 15, 17-24, 26, 27 AND 31.**

# Iv. Plaintiff's response to APN's argument that PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS WARRANT DISMISSAL AS HE CANNOT MAKE OUT A *PRIMA FACIE* CASE.

Defendant argued that Plaintiff must allege facts "showing (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation."

(1) he is a member of a protected class,

See FAC@ 26 Im only Tamil backward caste speaking employee in the team

(2) he was qualified for the position,

I have 20+ yrs experience, 20+ skill certified, 5 set of interviews I went thru to get offer. Im ToGAF certified enterprise architect which highest level of Software skill.  See FAC@28

(3) he suffered an adverse employment action

Discriminated and injured and terminated. Disabled and unemployed till today,

(4) Can sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation.

*Count*:1-Racial/color/Ethnicity/Heritage

6

See FAC@ 107, Kalyani told a white man to kick the "black old tamil guy out of here immediately."

## Count: 2- Failure to accommodate disability/Disability

**See FAC@90-91 , refused to give monitor when Im suffering from diabetic, eye vision blurry. Eye pain, Disrupted my sleep.**

## Count: 3- National Origin Discrimination

 **See FAC@ 108 Robert** told me "you black guy, go back to India."

## Count: 4. Religion Discrimination

 **See FAC@136,137**

Because Im Hindu, Because Umar Mohamad is Muslim defendant recruited Umar, re-assigned the plaintiff task to Umar and removed the plaintiff from job.

Because of plaintiff is Hindu, Aetna employees told the plaintiffs that he should not eat religious food at desk but for the Dmitry, Juan they did not tell that they should not eat religious food when he ate at desk.

## Count: 6 - Age Discrimination in Violation

 See FAC@ 107, Kalyani told a white man to kick the "black old Tamil guy of out of here immediately."

FAC@100,123,136,143 .In early August 2019, my supervisor Kalyani told me that she found employee Umar Mohamad who would be taking over my

job. All of my tasks were transferred to him, and Umar was told not to speak

with me. Umar is white, and in his twenties

**Count:30- Gender**

See FAC@220 Tanu and Vani (women) were allowed to work from home,

visit the doctor but for the plaintiff was not allowed work from home, not

allowed to go doctor appointment because defendant discriminated the

plaintiff for his gender (male) and Kalyani told the plaintiff to go hell

 In _Jones v. Southeastern Pa. Transp. Auth., 796 F.3d 323 (3d Cir. 2015)_,

the Court rejected the plaintiff's contention "that a reasonable jury could

draw an inference of discrimination because SEPTA declined to punish male

employees who engaged in the same alleged misconduct as she." Jones, 796

F.3d at 327-28

See in _Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 (2002)_ @

510, when the Court of appeals affirm the prima facie requirement, US

Supreme Court reversed that decision.

### a.    PLAINTIFF HAS NOT ALLEGED ANY FACTS WHICH SUGGEST THE EXPIRATION OF HIS INDEPENDENT CONTRACTOR AGREEMENT IS AN ADVERSE EMPLOYMENT ACTION AND WAS DUE TO ANY DISCRIMINATORY ANIMUS

The defendant argued that expiration of plaintiff independent contractor agreement which is invalid argument. See Defendant's declaration exhibit –A and B. Any of the defendant declaration has no beginning or expiration date. Defendant themselves made such argument other part of their motion to dismiss.

Defendant argued that contract ended as plaintiff agreed as agreed by the plaintiff which is invalid argument. The contract ended because 1) plaintiff disagreed to pay the CVS manager commission 2) defendant wanted to outsource to i) discriminated the US citizen ii) defendant wanted to tax evasion including payroll tax.

Defendant argued that "*he(plaintiff) was free to take on other projects or engage in another independent contractor relationship with other APN clients. He did no*t. *His decision not to seek other projects does not constitute an adverse employment action, and his claims necessarily fail*" which incorrect argument. The Defendant injured, disabled the plaintiff. With disability and injuries plaintiff applied so many hundreds jobs. Infosys, a indian outsource company told the plaintiff that he should beat the plaintiff if the plaintiff look a job in outsource company.

9

Defendant argued that the project would be considered complete at the client's discretion (see Pathak Decl., Ex. B), and his relationship with AHM and the APN Defendants for this project ceased which is invalid argument. Client discretion or CVS defendants/APN defendants to outsource is US citizenship discrimination, tax evasion including payroll tax, terminated the plaintiff for disagree to pay manager commission, plaintiff asked money for medical emergency the reason for termination the plaintiff's employment.

The defendant argued that plaintiff allegations are speculation which in incorrect. See FAC@107, Kalyani told that whiteman to kick the plaintiff out immediately because plaintiff is black old Tamil.

For less well treatment claims under NYSHRL, NYCHRL please see FAC@152 because Im US citizen and black Im removed/terminated from project but for Rajesh is Canadian citizen and white upper caste Rajesh was not terminated from work.

FAC@ 172, Because Im Black, Backward caste, because Vani/Rajesh were white upper caste, Vani refused to give correct /gave incorrect password for database login but for the Rajesh she gave correct password to database login. Because of unavailability of password of database, completion of my task was delayed.

FAC@220, Tanu and Vani where worked from home when they wanted to go doctor appointment but for the plaintiff doctor appointment were denied and Kalyani to the plaintiff to go to hell because plaintiff is black, backward caste.

For any and all reason plaintiff stated above, plaintiff pray this Court to deny the defendant APN request to dismiss the discrimination claims.

## b. Plaintiff's response to defendant APN argument that PLAINTIFF'S CLAIMS OF HARASSMENT AND HOSTILE WORK ENVIRONMENT ARE SIMILARLY WITHOUT MERIT.

Defendant APN argued that **"**In short, a plaintiff alleging a hostile work environment

"must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were 'sufficiently continuous and concerted' to have altered the conditions of her working environment."

In _Castleberry v. STI GROUP_, 863 F. 3d 259 - Court of Appeals, 3rd Circuit 2017, at 264 to 266,

> "We have noted that "[t]he difference [between the two standards] is meaningful" because "isolated incidents (unless extremely serious) will not amount to [harassment]." _Jensen, 435 F.3d_ at 449 n.3 (quoting _Faragher v. City of Boca Raton_, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998).
> ……….
> ……
> Defendants argue that there is no case in which our Court has held a single isolated incident to constitute a hostile work environment. But they miss the point. The Supreme Court's decision to adopt the "severe or pervasive" standard — thereby *265 abandoning a "regular" requirement — lends support that an isolated incident of discrimination (if severe) can suffice to

*state a claim for harassment. See <u>Suders, 542 U.S</u>. at 133, 124 S.Ct. 2342. Otherwise, why create a disjunctive standard where alleged "severe" conduct — even if not at all "pervasive" — can establish a plaintiff's harassment claim? Defendants would have us read that alternative element out of the standard. We may not do so.*

In <u>*Rogers v. Fashion Institute of Technology, Dist. Court*</u>, SD New York 2017, "When assessing whether a hostile work environment claim has been sufficiently alleged, "[t]he relevant consideration is whether . . . the plaintiff `has been treated less well than other employees' because of [inter alia, his] race." Id. (quoting Williams, 872 N.Y.S.2d at 39). (<u>*Williams v. New York City Hous. Auth*</u>., 61 AD 3d 62 – 2009)

See FAC@97 plaintiff's supervisor/defendant employee called that plaintiff "Black apple"

FAC@98 Neela called Black old Madrasi.  FAC@107 Kalyani ordered the whiteman  kick me and told ""black old Tamil guy of out of here immediately.

See FAC@152 because Im US citizen and black Im removed/terminated from project but for Rajesh is Canadian citizen and white upper caste Rajesh was not terminated from work.

FAC@ 172, Because Im Black, Backward caste, because Vani/Rajesh were white upper caste, Vani refused to give correct /gave incorrect password for database login but for the Rajesh she gave correct password to database login. Because of unavailability of password of database, completion of my task was delayed.

12

For any and all reasons stated above, plaintiff prays this Court to deny the

defendant APN request to dismiss the **HARASSMENT AND HOSTILE WORK**

**ENVIRONMENT.**

c. **Plaintiff's response to defendant argument that PLAINTIFF'S RETALIATION CLAIM SHOULD BE DISMISSED BECAUSE HE HAS NOT SHOWN A CAUSAL CONNECTION BETWEEN ANY PROTECTED ACTIVITIES AND ANY ADVERSE ACTIO**N

Defendant APN argued that To defeat a motion to dismiss, Plaintiff would

have to allege that he had a "good faith belief that [he] was complaining of conduct

prohibited by Title VII, which is invalid argument.

See in In _McMenemy v. City of Rochester_, _241 F. 3d_ 279 - Court of Appeals, 2nd

Circuit 2001, at 283 to 285 ,

> _We held in Wimmer that the employment practices opposed by the **plaintiff**_
> _**need not have "actually amounted to a violation of Title VII."** Id. at 134._
> _Rather, the plaintiff must have had a "good faith, reasonable belief that the_
> _underlying challenged actions of the employer violated the law. Id. (quoting_
> Manoharan v. Columbia Univ. College of Physicians & _Surgeons, 842 F.2d_
> _590, 593 (2d Cir.1988)) (internal quotation marks omitted). We quoted_
> _approvingly from Silver_
> _v. KCA, Inc., 586 F.2d 138, 141 (9th Cir.1978): "[N]ot every act by an_
> _employee in opposition to... discrimination is protected. The opposition must_
> _be directed at an unlawful employment practice of an employer, not an act_
> _of discrimination by a private individual." Wimmer, 176 F.3d at 135_
> _(internal quotation marks omitted)._
> _We also note that in Robinson the Supreme Court took a broad view of the_
> _retaliation clause. The Court held that a former employee could bring a_
> _Title VII retaliation claim against his former employer for retaliation_

*occurring after the employment relationship had ended. See <u>Robinson, 519 U.S.</u> at 346, 117 S.Ct. 843.*
*Our decisions have emphasized, however, that an employment practice need not actually violate Title VII for the protected activities element of a retaliation claim to be satisfied. The plaintiff is only required to have had a good faith, reasonable belief that he was opposing an employment practice made unlawful by Title VII See Wimmer, 176 F.3d at 134*".

In <u>*BIRKHOLZ v. City of New York*</u>*,* ED New York 2012

"A plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated the law. "<u>*Treglia v. Town of Manlius,*</u> *313 F.3d* 713, 719 (2d Cir. 2002) (applying anti-retaliation provision of Americans with Disabilities Act, 42 U.S.C. § 12203 (a)) (quotation omitted); see also <u>*Hubbard v. Total Commc'n. Inc.,*</u> *347* F. App'x 679, 681 (2d Cir. 2009). Protected activity can include informal protests to management as well as complaints to the EEOC. See <u>*La Grande v. DeCrescente Distributing Co., Inc.,*</u> 370 F. App'x 206, 212 (2d Cir. 2010*); <u>Sumner v. U.S. Postal Serv.,</u> 899* F.2d 203, 209 (2d Cir. 1990). "Adverse employment action" in the retaliation context is any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Patane*, 508 F.3d at 116.

In <u>*Wheeler v. BANK OF NEW YORK MELLON*</u>, 256 F. Supp. 3d 205 - Dist. Court, ND New York 2017, at 220 to 222
*Further, Courts have found false accusations to constitute adverse employment actions in the First Amendment retaliation context. See, e.g., <u>Shanks v. Vill. of Catskill Bd. of Trustees</u>, 653 F.Supp.2d 158, 166 (N.D.N.Y. 2009) ("`[L]esser actions' such as negative reviews, false accusations, and menial job assignments `may also be considered adverse employment actions.'" (Emphasis added) (quoting <u>Zelnik v. Fashion Inst. of Tech.</u>, 464 F.3d 217, 226 (2d Cir. 2006))). That is important because the "standard for First Amendment retaliation claims has always been the equivalent to the standard set forth in Burlington Northern" with respect to Title VII and ADEA retaliation claims. Zelnik, 464 F.3d at 227.*

As defendant requited
    (1) **participation in a protected activity**;
      Plaintiff refused to give CVS manager commission. Plaintiff completed task

      as fast as possible so CVS cannot outsource to India.

14

Plaintiff requested the CVS manager to assign the task to plaintiff so I can finish as quick possible so there is no need to outsource.

(2) **that the defendant knew of the protected activity**;

#1 itself defendant knew it.

(3) **an adverse employment action; and** Plaintiff was kicked, terminated, plaintiff was not paid, plaintiff's emergency medical needs are not paid and plaintiff was not able to take care of the health.

Plaintiff body parties/organs 2 urinal bladder and 1 kidney started to malfunction. Plaintiff overtime was not paid. Plaintiffs disabled. Plaintiff is unemployed. Plaintiff had sleepless nights. Plaintiff time was not approved/ plaintiff is not allowed to enter timesheet.

(4) **a causal connection between the protected activity and the adverse employment action**."

Because of plaintiff refused to agree for CVS Manager Commission and plaintiff told above said adverse employment action happened.

APN argued that APN Defendants had any knowledge of purported protected activity which is invalid argument. Certainly APN has knowledge of the plaintiff protected activity. When the employer is integrated employer, at least one employer has knowledge such is sufficient.

Defendant APN argued that Since the FAC contains merely Plaintiff's grievances with his co-workers, rather than any allegation of a complaint or opposition to discrimination, his claims of retaliation necessarily fail on this basis alone which is incorrect.

Kalyani is not my co-worker. See FAC@62 Kalyani is team manager. Also she managed outsource team. APN defendants are not co-worker to the plaintiff such as Vedant, Neela, APN accounting dept.

For any and all reason stated above plaintiff pray this Court deny the defendant APN request to dismiss the retaliation claim.

## v.  **Plaintiffs response to defendant argument that PLAINTIFF'S CLAIM FOR UNPAID OVERTIME FAILS BECAUSE PLAINTIFF WAS AN INDEPENDENT CONTRACTOR AND HE DOES NOT STATE FACTS TO SUPPORT A VIABLE CLAIM**.

Defendant APN argued based on  *Magnoni v. Smith & Laquercia, LLP, 661 F. Supp. 2d 412 - Dist. Court, SD New York 2009* invalid argument.

In *Magnoni*   SDNY ruled in favor of plaintiff overtime under FLSA and denied the denied the motion to dismiss. In fact *Magnoni* was given 1 and half times for over time. My income is not over 100k, so the plaintiff also

needs to be plaintiff one and half time overtime by the integrated employers.

Plaintiff did not earn more than $100,000 on the year worked with the defendants.

Also the defendant APN argued about overtime base on _Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013_) such as meal break interrupt or missed which is invalid argument. Plaintiff claims are off duty hours which become integral part of the duty hours because the plaintiff was told to protect the laptop from thief(s). As well plaintiff suffered back pain, sleepless nights due to carrying and protecting the laptop.

Plaintiff worked 40 hrs a week. Exh(d) timesheet is attached. Beyond this 40 hrs, all off duty hours need to be paid as overtime and one and half times from the day laptop is given to the plaintiff and terminated.

7x 24 => 168 hrs – 40 hrs = 128hrs overtime need to be paid for off duty hours.

8 week I babysit and protect the laptop from thief(s) with painful and sleepless situation.

8 x 168 = 1344 hrs

Aug 24, 25 are Saturday and Sunday which 48hrs

Total overtime hours are 1334 + 48 = 1382 hrs

1382 x 75 x 1.5 = $155812.5 overtime need to be paid.

The laptop was primary tool of the software development, by which the APN, CVS defendant benefitted in their business.

Other than 8 hours  timesheet , all  other hours are off the time hours the plaintiff protected the laptop from thief(s).

Defendant argues that plaintiff did not submit the timesheet which invalid argument. As well which is not in the control of the plaintiff.  Plaintiff can enter timesheet **only** with the laptop provided by the integrated employer.  The integrated employer kicked the plaintiff and took the laptop away from me. Also they said they should erase the laptop. Also they said they should make the timesheet themselves and provide me a copy.

Plaintiff prays this Court to here-in reference/include the plaintiff response to CVS defendant in the matter of overtime.

For any and all reasons stated above the plaintiff pray this Court to deny the APN defendants request to dismiss the plaintiff overtime claim.

# vi. **Plaintiffs response to defendant APN argument that PLAINTIFF'S WRONGFUL DISCHARGE CLAIM IS WITHOUT MERIT, AS NEW YORK LAW DOES NOT RECOGNIZE A TORT OF WRONGFUL DISCHARGE**

APN's argument that Though Plaintiff alleges that he was wrongfully discharged, his claim must be dismissed as Plaintiff was an independent contractor, whose term expired at the discretion of APN's client is invalid argument. See FAC@107 they terminated the contract for the purpose to outsource to India which is tax evasion including payroll tax. Also violation is Foreign labor certification law when the US citizen is available to work, outsource is favoring foreigner against US citizen which in *Novak v. World Bank, No. 79-0641, 1979* U.S. Dist. LEXIS 11742 (D.D.C. June 13, 1979), , ***Novak v. World Bank, 20 Fair Empl.Prac.Cas***. (BNA) ***1166***, 1167 *(D.D.C.1979)*.

Because Plaintiff refused to pay CVS manager's commission, integrated employers termination the employment is not under at-will.

Because plaintiff request the employer for the payment  and it is for the medical emergency deadly situation.

*Defendant APN argued that* Plaintiff's contract to provide services was never for a specific period of time which is invalid argument.

*In  Wilkerson v. New Media Tech. Charter School, Inc., 522 F.3d 315, 3*20 (3d Cir. 2008), the Court held that the failure to renew an employment

arrangement, "whether at-will or for a limited period of time, is an employment

action, and an employer violates Title VII if it takes an adverse employment action

for a reason prohibited by Title VII."

When the defendant did not specify the time mean the project is infinite and

assignment is infinite. See FAC@61 **MAH was at ongoing development for**

**many years**.  In *Wilkerson, terminating a limited time period is violation,. In this*

*case, project is ongoing and infinite end project and for the purpose outsourcing to*

*tax evasion, discriminate the US citizen, because of plaintiff refused to give*

*manager commission, plaintiff asked payment for medical emergency expense are*

*at-will termination.*

*Also there is a fraud, civil conspiracy the defendant cannot terminate the*

*employment and call this termination at-will.*

Defendant APN argued that Once the client terminated the relationship,

APN

had the right to terminate the contract without notice which is invalid argument.

The integrated employer together terminated me for above said reasons with civil

conspiracy, fraud, tax evasion, US citizenship discrimination.

See FAC @30. APN is single integrated employer to the plaintiff. At the

time of hiring/Interviewing , Dhruv said that after one year contract (twice),

plaintiff should be promoted into promote to fulltime-permanent Tech lead job

with AETNA with performance review. As well the CVS defendant's manager told the plaintiff that "***this is contract to hire job and will be promoted to Techlead***" during the telephone and in person interview. It is very natural, common conversation in very job interviews.

Also see <u>Howe v. YELLOWBOOK, USA</u>, *840 F. Supp. 2d 970 - Dist. Court, ND Texas 2011* @ 981 the US district Court declines to dismiss Howe's fraudulent misrepresentation claims due to her at-will status

Plaintiff herein reference/include the plaintiff response to CVS argument for wrongful discharge.

For any and all reasons stated above, plaintiff prays this Court to deny the defendant APN request to dismiss the wrongful discharge claim.


## vii Plaintiff response to defendant APN's argument that PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM WARRANTS DISMISSAL AS IT IS MADE IN THE EMPLOYMENT LAW CONTEXT

Defendant argued that plaintiff was terminated at-will and the plaintiff's sufferings were not Intentional infliction of emotional distress claim which is invalid argument.

21

See FAC at 167 Because of the defendants fail to pay, fired plaintiff suffered kidney bleeding, bladders dysfunction, injuries, assault, diabetic level increased these wrongdoings were unacceptable for anyone in the civilized society. These damages were extreme and   outrageous conduct of the CVS and APN defendants. Exh(a) plaintiff is situs totalis inversus genetic malformation candidate. It is sudden death syndrome. Exh(a)

The body organ/parts unreplaceable, unmatchable, substitutable.

Plaintiff herein reference/include the plaintiff's response to CVS request to dismiss the IIED claim.

For any and all reasons stated above plaintiff pray this Court to deny the defendant request to dismiss the  **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (IIED) claim.**

## viii. Plaintiff's response to defendant argument that PLAINTIFF'S CLAIM FOR FRAUD NECESSARILY FAILS AS HE HAS NOT MET THE REQUIREMENTS OF RULE 9(B) OF THE FEDERAL RULES.

Defendant APN argued that plaintiff failed to allege for his fraud claim as New York law needed.

### a) <u>misrepresentation or a material omission of fact which was false</u>

See FAC@30, 39  Neela and Dhruv promised the plaintiff for fulltime job with Aetna. (on or about Jun 10 2019).

22

@30 Dhruv said I will be promoted to Techlead Job after performance review.

b) <u>known to be false by defendant,</u>

Now the CVS defendant argued for the failure to hire/failure to promote claim that plaintiff did not apply techlead position and such position should be open.

c) <u>made for the purpose of inducing the other party to rely upon it,</u>

Based on Dhruv promise, plaintiff spent money from his pocket, time & effort and appeared for the interview. After multiple interviews, plaintiff joint the contract to hire job and to get promote techlead job.

d) **<u>Justifiable reliance of the other party on the misrepresentation or material omission, and injury.</u>**"

Now the integrated employer terminated the plaintiff. Plaintiff is unemployed, disabled. Because of plaintiff refused to pay the manager commission, acted against the outsourcing.

Plaintiffs interview appearance expense also lose to the plaintiff.

See FAC@98 Neela said that any effort should remove me.

The CVS and APN defendants are single integrated employer and did the fraud against the plaintiff integrated/jointly together.

As well bait-and-switch fraud.

23

As well, FAC@37 on around May 2019 Abhishek Tyagi(APN employee) promised to pay $5000 to the plaintiff's time for his training cybermanager when I was waiting for background check. APN refused to pay this $5000 to the plaintiff.

FAC@38 Abhishek Tyagi promised to pay $5000 for training Rajesh for his interview with CVS. After training Rajesh was able to pass the interview and APN/CVS benefited but APN refused to pay the plaintiff this money.

For any and all reason stated above plaintiff pray this Court to deny the defendants request to dismiss the fraud claim.

## Conclusion:

1) Plaintiff prays this Court to completely deny the defendant APN motion to dismiss the FAC.
2) Plaintiff prays this Court to order the defendant to answer the plaintiff's FAC.
3) Plaintiff Pray this Court amend the complaint.

## Additional arguments.

The APN defendant attached the Declaration A and B part of their motion to dismiss. Those related to Cybersecurity manager which was not Im interviewed and worked for the single integrated employer.  See FAC@30,44 plaintiff was interviewed and joined as Sr Software engineer. So these declaration should not be

used against me. Plaintiff pray this Court remove the defendant argument against the plaintiff based on these declarations.

1) Rule 8:

In the Defendant's motion to dismiss footnote#3, Rule 8 pleading standard is incorrect. Defendant knew that plaintiff's mother/main language is not English and prose.

In Amin v. MERCEDES-BENZ USA, LLC, 349 F. Supp. 3d 1338 - Dist. Court, ND Georgia 2018 (*Amin* ) @1353-1354, when the defendant attached the plaintiff with Rule 8,  District Judge ruled that Judge read the complaint twice, understand it and denied the motion to dismiss.

In this complaint, defendant did not state that they tried to read more than once.

2) Pro se pleading.

Because of Plaintiff is pro se, Plaintiff prays this Court for his pleadings are to be "liberally construed". *Federal Exp. Corp. v. Holowecki, 552 US 389 - Supreme Court 2008* at 1158, pro se litigants are held to a lesser pleading standard than other parties. See *Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)* (Pro se pleadings are to be "liberally construed")

Plaintiff-inmate filed pro se complaint against prison seeking compensation for damages sustained while placed in solitary confinement. In finding plaintiff's complaint legally sufficient, Supreme Court found that pro se pleadings should be

25

held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner,*

*404 U.S. 520 (197).*

3) Amend the complaint:

Defendant argued that the plaintiff complaint has defect and plaintiff wanted to

cure by amending the complaint

In *Hayden v. County of Nassau, 180 F. 3d 42 - Court of Appeals, 2nd*

*Circuit 1999* at 54, When a motion to dismiss is granted, the usual practice is to

grant leave to amend the complaint. See *Ronzani v. Sanofi S.A., 899 F.2d 195, 198*

*(2d Cir.1990).*

So plaintiff prays this Court to give opportunity to amend the complaint.

4) <u>Take Judicial Notice</u>:

In *Boudreaux v. SHELL OIL COMPANY, Dist. Court, ED Louisiana 2014*, district

Court took judicial notice of exhibit attached to the plaintiff's opposition to motion

to dismiss.

Plaintiff prays this Court to take the notes from the plaintiffs attached exhibits.

5) Plaintiff prays this Court to herein to incorporate/reference /include the
plaintiff's response to CVS's motion to dismiss and vice versa.

26

## Certificate of Service

I, Palani Karupiyan, declare under penalty of perjury that I have served a copy of Plaintiff response to APN defendant motion to dismiss to:

1) MGilroy@littler.com  for CVS defendant.
2) zoldessj@jacksonlewis.com for APN defendant.


As well the defendant should get the copy this pleading thru ECR/Pacer.


Palani Karupaiyan

27