UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALANI KARUPAIYAN,

                       Plaintiff,

          -v.-

CVS HEALTH CORPORATION; AETNA
INC.; ACTIVEHEALTH MANAGEMENT,
INC.; LAKSHMI KALYANI BELLAMKONDA;
ROBERT DENNER; APN CONSULTING,
INC.; VEDANT PATHAK; NEELA PATHAK;
and PURVI JHALA,

                     Defendants.

19 Civ. 8814 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

On the record on November 30, 2021, the Court discussed with Plaintiff the prospect of appointing limited purpose *pro bono* counsel.  For the reasons discussed below, the Court is recommending limited purpose *pro bono* counsel for Plaintiff.  Accordingly, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff Palani Karupaiyan for the limited purposes of (i) convening a settlement conference; and (ii) pursuing discovery.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel.  *Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant.  *Id.*

Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny

the request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Rather, each application must be decided on its own facts.  *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (IFP), which the Court granted.  (*See* Dkt. #3 (Order dated November 18, 2019)).  Plaintiff therefore qualifies as indigent.

Plaintiff's claims include those under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act of 1990, 42 U.S.C. § 1981, the New York State Human Rights Law, and the New York City Human Rights Law, alleging various discriminatory actions based on his race, disability, and other protected characteristics perpetrated by his former employer and associated individuals.  The Court's Opinion on Defendants' motions to dismiss carefully analyzed Plaintiff's claims and let proceed to discovery only those claims that were sufficiently pleaded.  (Dkt. #58).  The Court thus finds that Plaintiffs' surviving claims are "likely to be of substance."  *Hodge*, 802 F.2d at 61-62.

The Court also finds that the other *Hodge* factors weigh in favor of granting Plaintiffs' applications.  Plaintiff possesses limited ability to pursue discovery, as he is dealing with several medical conditions, including diabetes which has impacted his eyesight, and lacks a stable address at which to receive discovery-related documents.  Furthermore, Plaintiff has expressed a degree of confusion regarding the status of his surviving claims and unfamiliarity with next steps in the litigation.  In this case, the Court believes that representation

3

would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate *pro bono* counsel to represent Plaintiff. The Court reiterates that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed with the case *pro se.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

The Court notes that Plaintiff has consented to electronic service of court documents.

SO ORDERED.

Dated:   November 30, 2021
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge