

**Littler Mendelson, P.C.**
One Newark Center
1085 Raymond Blvd., 8th Floor
Newark, NJ  07102
973.848.4700 main

Peter Ajalat
Office Managing Shareholder

Marcy A. Gilroy, Esq.
Special Counsel
973.848.4734 direct
973.556.1691  fax
mgilroy@littler.com

September 15, 2022

**VIA ECF**
Hon. Katherine Polk Failla, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square – Room 2103
New York, NY 10007

> ***Re***     ***Palani Karupaiyan v. CVS Health Corporation, et al.***
> ***United States District Court, Southern District of New York***
> <u>***Case No. 1:19-cv-08814***</u>

Dear Judge Failla:

This firm represents Defendants CVS Health Corporation, Aetna Inc. (improperly pleaded as "AETNA"), ActiveHealth Management, Inc. (improperly pleaded as "ActiveHealth Management"), Robert Denner and Lakshmi Kalyani Bellamkonda (improperly pleaded as "Kalyani Lakshmi Bellamkonda") (hereinafter, collectively, the "CVS Defendants") in the above referenced matter.  We submit this status report, together with Defendants APN Consulting, Inc., Vedant Pathak, Neela Pathak and Purvi Jhala (collectively, the "APN Defendants") in accordance with the Court's March 21, 2022 Civil Case Management Plan and Scheduling Order (ECF Docket # 75) and in anticipation of the parties' September 20, 2022 Pretrial Conference with the Court. Plaintiff Pro Se Palani Karupaiyan submitted the attached "Discovery Status Reports" containing his positions to the Pro Se Office earlier this week, but it does not yet appear to have been filed and thus we are enclosing a copy with this submission.

**1.**     **A statement of all existing deadlines, due dates, and/or cut-off dates.**

The fact discovery deadline was September 14, 2022 and expert discovery is to be completed by October 31, 2022.  Defendants do not anticipate the need for expert discovery and we are not aware of Plaintiff conducting any expert discovery.  Pre-summary judgment motion submissions are to be filed with the Court by no later than November 30, 2022.

**2.**     **A brief description of any outstanding motions.**

None at this time.

**3.      A brief description of the status of discovery and of any additional discovery that needs to be completed.**

As indicated in Mr. Karupaiyan's "Discovery Status Reports," the Defendants completed Mr. Karupaiyan's deposition over the course of two days, August 11th and August 31st, with counsel for the APN Defendants examining Mr. Karupaiyan on August 11th and the undersigned conducing the questioning on August 31st.  During the first day of Mr. Karupaiyan's deposition, counsel for APN requested that Mr. Karupaiyan supplement his written discovery responses in accordance with the statements in those responses indicating the responses would be supplemented.  I made the same request during the second day of Mr. Karupaiyan's deposition, and also sought the production of additional documents.  For clarity and avoidance of doubt, I put my requests for production during the deposition in writing to Mr. Karupaiyan on September 2nd.  Mr. Karupaiyan has yet to supplement his discovery responses or produce the requested documents, and it appears he is seeking additional time to do so based on his "Discovery Status Reports."

Copies of the transcripts from Mr. Karupaiyan's deposition have been provided to him to review.

**4.      A statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

The parties appeared for a Settlement Conference with Magistrate Judge Aaron on February 9, 2022.  At the time of the conference the parties were extremely far apart with their settlement positions and there have been no new settlement negotiations since such time.  While Defendants are amenable to further discussions with the Court about settlement, based on our current understanding of Plaintiff's settlement position we do not believe that another conference at this time would be productive.

**5.      A statement of the anticipated length of trial and whether the case is to be tried to a jury.**

The parties anticipate that a trial will be approximately three (3) days.  Plaintiff has made a demand for a jury trial.

**6.      A statement of whether the parties anticipate filing motions for summary judgment, including the basis for any such motion.**

Defendants anticipate filing a motion for summary judgment following the close of all discovery.  As an initial matter, Defendants vehemently deny that Plaintiff ever had any employment relationship with any of the Defendants, and contend that the documentary evidence and Plaintiff's deposition testimony supports this position.  Thus, to the extent Plaintiff is relying upon employment-based theories in support of his causes of action, these claims necessarily fail.  Moreover, contrary to Plaintiff's claims, there is no evidence that the CVS Defendants and the APN Defendants are an integrated enterprise and/or joint employers.

To the extent that Plaintiff is able to state his legal claims regardless of whether he was an employee or independent contractor of Defendants, there is not a scintilla of credible evidence to support Plaintiff's claims of discrimination, failure to accommodate and/or a hostile work environment. As discussed in greater detail in Defendants' motion papers in support of their respective motions to dismiss, Plaintiff is an information technology specialist and his company (Karupaiyan Consulting) contracted with APN. In its capacity as an independent contractor for APN, Karupaiyan Consulting then performed services for the CVS Defendants. After approximately 3 months the relationship ended in accordance with the terms of the parties' agreement. Even if Plaintiff's unsupported, incredible theories of discrimination are credited, based on the record evidence Defendants contend that summary judgment is nevertheless appropriate as a matter of law.

Plaintiff's claims of failure to receive pay likewise fail. APN Defendants have tried to tender complete payment to Karupaiyan Consulting for its services on multiple occasions dating back to the summer of 2020 (including as recently as Plaintiff's August 11, 2022 deposition) but Plaintiff has refused to accept payment for one reason or another[1].

**7. Any other information that the parties would like to address at the pretrial conference or any information the parties believe may assist the Court in advancing the case to settlement or trial.**

None at this time.

*        *        *

We thank the Court for its attention to this matter and look forward to discussing with Your Honor in greater detail during our September 20th conference.

Respectfully submitted,

*s/ Marcy A. Gilroy*

MARCY A. GILROY

cc: Jason A. Zoldessy, Esq. (via email w/o encls.)
     Palani Karupaiyan – palanikay@gmail.com (via email w/o encls.)

4854-1011-6147, v. 1

---

[1] Defendants are considering whether there are also grounds to move for summary judgment on Plaintiff's claim of common law battery.

4887-6024-9139.2 / 090142-1231

| Palani Karupaiyan V | In the Dist Court for Southern Dist of New York |
|---|---|
| CVS health et al | Docket @ 19-cv-8814- KPF |

DISCOVERY STATUS REPORTS

1) Deposition by CVS defendants  and Apn defendants completed
2) Both CVS defendants and APN defendants provided Transcript which is yet to be read and correct. This may take beyond Sep 20, 2022.
3) On Sep 2 2022, After Deposition of CVS, they requested additional documents/interrogatories . Exh-a.
   As soon, I completed CVS deposition, Before they requested documents Exh-A, Plaintiff Karupaiyan COVid test positive came out.
4) Im following up with doctor with anti-viral medicine and strong ant-biotic medicine.
5) By health Im energy-less, whole chest is tight, whole body is paining,  No hungry feeling, weight is dramatically went down.
6) By Sep 20 or before, i) Plaintiff have plan to produce the documents expected by defendants as EXh-A.   ii) Also preparing some question to both defendants from the Initial disclosed documents of the defendants.
7) Reading and correcting, both Deposition transcript before Sep 20 2022 should be not possible.
   Respectfully Submitted

Palani Karupaiyan                    Sep 13 2022

212 470 2048(m) ,palanikay@gmail.com



## Karupaiyan v. CVS Health et als. // Deposition Follow Up
1 message

**Gilroy, Marcy A.** <MGilroy@littler.com>                                            Fri, Sep 2, 2022 at 11:54 AM
To: Palani Kay <palanikay@gmail.com>
Cc: Masha Simonova <MSimonova@nylag.org>, "Zoldessy, Jason A. (NYC)" <Jason.Zoldessy@jacksonlewis.com>

Good afternoon, Mr. Karupaiyan.


As discussed during your deposition, would you kindly produce the following documents:


1. Copies of the Summon & Complaint for your eviction from 606 Cinder Road, Edison, NJ, as well as a copy of the Order for your eviction from that property;
2. Copies of all proof of insurance that Karupaiyan Consulting provided to APN Consulting;
3. Copies of any email between you and anyone at APN Consulting;
4. Copies of any email between you and anyone at CVS Health, Aetna, or AHM;
5. Copies of the tax returns filed by Karupaiyan Consulting from 2016-2018, or, alternatively a signed copy of the attached IRS form 4506 allowing me to obtain copies of the tax returns directly from the IRS.
6. Any and all documents/onboarding paperwork you completed regarding your engagement with Aetna/AHM;
7. Copies of the invoices Karupaiyan Consulting submitted to APN relating to your engagement at Aetna/AHM;]
8. Copies of <u>your</u> tax returns for the years 2016-2018, or, alternatively, a signed copy of the attached IRS form 4506 allowing me to obtain copies of the tax returns directly from the IRS.


I will note, these documents were all requested as part of the CVS Defendants' First Request for Production of Documents but not provided.


Thank you.


**Marcy A. Gilroy**
Special Counsel
973.848.4734 direct, 973.718.0479 mobile, 973.556.1691 fax
MGilroy@littler.com

Pronouns: She/Her



**Fueled by ingenuity. Inspired by you.**

Labor & Employment Law Solutions | Local Everywhere
1085 Raymond Blvd, One Newark Center, 8th Floor, Newark, NJ 07102


--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for

the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---

 **IRS f4506.pdf**
94K