UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANI KARUPAIYAN,<br><br>                    Plaintiff,<br><br>                       -v.-<br><br>AETNA, INC., ACTIVEHEALTH MANAGEMENT, INC., LAKSHMI KALYANI BELLAMKONDA, ROBERT DENNER, and PURVI JHALA,<br><br>                    Defendants. | 19 Civ. 8814 (KPF)<br><br>**ORDER GRANTING REQUEST FOR PRO BONO COUNSEL** |

KATHERINE POLK FAILLA, District Judge:

Having previously received assistance from limited purpose *pro bono* counsel from the Court, Plaintiff orally renewed his request for the assistance of counsel at a conference held on October 29, 2024. Specifically, Plaintiff seeks *pro bono* counsel assistance for his upcoming trial, scheduled to begin on June 2, 2025. For the following reasons, the Court grants Plaintiff's request.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *See Hodge* v. *Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. *Id.*

Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel,

but instead may only "request" that an attorney volunteer to represent a litigant. *Mallard* v. *U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore grant applications for counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper* v. *A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, *see Terminate Control Corp.* v. *Horowitz,* 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" — "a requirement that must be taken seriously." *Id.* at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny

the request for counsel until the application has survived a dispositive motion. *See Hendricks* v. *Coughlin,* 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge,* 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in Forma Pauperis* (or "IFP"), which request the Court granted on November 18, 2019. (*See* Dkt. #3). Additionally, on November 30, 2021, this Court granted Plaintiff's request for *pro bono* counsel for the limited purposes of (i) convening a settlement conference; and (ii) pursuing discovery. (*See* Dkt. #65). This counsel, provided through the New York Legal Assistance Group, ably represented Plaintiff during his deposition, and subsequently advised the Court of the termination of her representation pursuant to the terms of the November 30, 2021 Order. (*See* Dkt. #84-85). In proceedings held October 5, 2023, Plaintiff renewed his request for *pro bono* counsel, which request the Court granted. (*See* Dkt. #133). The New York Legal Assistance Group once again provided diligent representation to Plaintiff, as the parties engaged in settlement discussions. (*See* Dkt. #138, 140, 142). However, settlement discussions ultimately failed and, in the conference held on October 29, 2024, Plaintiff renewed his request for *pro bono* counsel for the purpose of assisting with his upcoming trial. It is apparent that Plaintiff's financial status had not changed, and Plaintiff therefore qualifies as indigent.

In his Complaint, Plaintiff asserted claims for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e17; 42

U.S.C. § 1981; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 301; and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-134.  In particular, Plaintiff alleged that Defendants Aetna, ActiveHealth Management (together, "Aetna-AHM"), and Kalyani Bellamkonda engaged in race discrimination when they terminated his contract for work at Aetna-AHM.  Plaintiff also asserted claims for common-law battery against Defendants Robert Denner and Purvi Jhala, arising out of an alleged physical altercation that occurred on August 26, 2019, in connection with the termination of his contract.

    The Court finds that certain of Plaintiff's claims are "likely to be of substance."  *Hodge*, 802 F.2d at 61-62.  On this point, the Court has had extensive opportunity to consider Plaintiff's claims in its rulings on Defendants' motion to dismiss and Defendants' subsequent motion for summary judgment.  In doing so, the Court has considered extensive record evidence furnished by the parties, including Plaintiff's two-day deposition testimony, and has found that disputed questions of material fact preclude summary judgment as to Plaintiff's discriminatory termination claims, as well as his common-law battery claims.  The claims of race discrimination are serious, and it is in the public's interest for such claims to be litigated with the assistance of counsel.  *Cf. Eisenberg* v. *Adv. Relocation & Storage, Inc.*, 237 F.3d 111, 116-17 (2d Cir. 2000) (discussing the importance of Title VII antidiscrimination claims, and observing that "Title VII's strictures are absolute and represent a congressional command that each employee be free from discriminatory practices.").

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.  Most notably, this case has been set for trial (*see* Dkt. #146), and therefore the appointment of counsel is crucial to, *inter alia*, Plaintiff's "ability to present the case" at trial and to conduct "cross-examination [that] will be the major proof presented to the fact finder," *Hodge*, 802 F.2d at 61.  In particular, the trier of fact will need to evaluate the conflicting testimony of Plaintiff and of Defendant Bellamkonda to determine whether the allegedly discriminatory remark was actually made, and the conflicting testimony of Plaintiff and of Defendants Denner and Jhala as to whether the altercation actually took place.  These determinations are at the heart of this case.  Additionally, Plaintiff has represented that he continues to struggle with health issues that would interfere with his "ability to present the case." *Id.* at 62.  The totality of these circumstances indicate that representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Id.* at 61.

## CONCLUSION

For the foregoing reasons, Plaintiff's renewed Application for the Court to Request Counsel is GRANTED.  The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers.  Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff.  Nevertheless, this litigation will progress at a normal pace.  If an attorney volunteers, the attorney will contact Plaintiff directly.  There is no guarantee, however, that a volunteer attorney will decide

5

to take the case, and plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 30, 2024
         New York, New York

*(signature: Katherine Polk Failla)*

KATHERINE POLK FAILLA
United States District Judge