UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                    :

PALANI KARUPAIYAN,                                                  :                        19-CV-08814 (JAV)
                                                    :
                           Plaintiff,            :                        <u>ORDER REGARDING</u>
                                                      :                        <u>PROCEDURES FOR</u>
           -v-                                                 :                        <u>PRETRIAL SUBMISSIONS</u>
CVS HEALTH CORPORATION, et al.,                        :
                                                      :
                           Defendants.            :
                                                      :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      On April 15, 2025, the parties appeared for a Pre-Trial Conference with the Court. According to the previous Scheduling Order, ECF No. 146, trial was set to begin on June 2, 2025. Due to Plaintiff's medical condition and upcoming surgery, the trial is adjourned *sine die*, meaning, without a date. A firm trial schedule will be set at the parties' next Pre-Trial Conference on September 30, 2025, at 2:30 PM. The conference will be held in Courtroom 14C, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

      At the April 15, 2025 Pre-Trial Conference, the Court ordered that Defendants make certain pre-trial submissions by **June 16, 2025**. These submissions should both be filed on ECF and, for all submissions other than motions in limine, also be submitted by email in pdf and Microsoft Word formats to vargasnysdchambers@nysd.uscourts.gov.

      First, the parties shall provide the Court with a joint pre-trial order. The joint pre-trial order should include all information set forth in Section 8.F of the Court's Individual Rules and Practices in Civil Cases to the extent applicable. Counsel for the Defendants shall prepare the submission, must share a draft of their portions of the submission with Plaintiff at least two weeks in advance of the due date, and seek from Plaintiff his contributions. By **June 9, 2025,** Plaintiff will need to provide to Defendants a list of all witnesses he may seek to call at trial, and a list of all exhibits (documents, photos, etc.) he may seek to use at trial. Plaintiff should also inform Defendants if he has any objections to any of the exhibits that Defendants intend to use at trial.

      By **June 16, 2025,** Defendants shall submit their proposed request to charge the jury. This case will be tried by a jury. As such, both parties will have the opportunity to propose jury instructions. After closing arguments, the Judge will instruct the jury on the relevant law and the specific questions the jury will be required to decide. This is called the jury instructions, or the jury charge. As a general rule, the jury instructions will inform the members of the jury of their role in the case; explain which party has the burden of proof; explain the role of the evidence presented, the weight to be given to various types of evidence, and the permissible and

impermissible inferences to be drawn from the evidence; explain any limitations on the use of the evidence presented by the parties at trial; and explain the elements of each claim and the defenses available to the defendants.

By **June 16, 2025**, Defendants shall also submit their proposed voir dire questions. Voir Dire is the process by which potential jurors are questioned to determine whether there is any reason that they cannot properly serve as a juror in this case.

Plaintiff may also submit requests to charge and proposed voir dire questions on **June 16, 2025**, but is not required to do so.

Defendants shall share their proposed requests to charge and voir dire questions with Plaintiff two weeks in advance of the submission deadline. Plaintiff may, but is not required, to submit to the Court any objections he has with respect to the proposed requests to charge and the voir dire questions by **June 16, 2025**. Plaintiff's failure to submit objections by that date shall not be considered a waiver of any objections he might have to the proposed requests to charge or proposed voir dire questions, and the Court will provide a further opportunity for Plaintiff to make such objections.

Finally, any motions in limine will also be due by **June 16, 2025**. A party may file (but is not required to file) a motion in limine if they believe certain evidence or topics should not be allowed at trial, for example, because they are irrelevant, prejudicial, or legally improper. A motion in limine requests that the judge decide an issue before the trial begins, such as whether certain things can or cannot be mentioned in front of a jury. Before the Court makes a ruling on a motion in limine, the other party will have an opportunity to respond. Any party filing a motion in limine in this case should adhere to Section 8.G of the Court's Individual Rules and Practices in Civil Cases. Oppositions to motions in limine will be due **June 30, 2025**. No reply briefs will be permitted.

SO ORDERED.

Dated: April 17, 2025
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge