UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALANI KARUPAIYAN,<br><br>                Plaintiff,<br><br>- v. -<br><br>CVS HEALTH CORPORATION; AETNA;<br>ACTIVEHEALTH MANAGAMENT;<br>KALYANI LAKSHMI BELLAMKONDA;<br>ROBERT DENNER; APN CONSULTING<br>INC.; VEDANT PATHAK; NEELA<br>PATHAK; PURVI JHALA,<br><br>                Defendants. | Civil Action No. 1:19-CV-8814 (JAV)<br><br><br>**DEFENDANTS' PROPOSED REQUESTS TO CHARGE** |

Defendants Aetna, Inc., Active Health Management, Inc., Lakshmi Kalyani Bellamkonda, Robert Denner and Purvi Jhala hereby submit the following proposed instructions to be given to the jury at the close of the trial of this action.[1] Defendants respectfully request leave to submit revised or additional requests based upon the evidence actually adduced at trial, or to conform to any rulings of law that the Court may render during the course of these proceedings, including the rulings on the pending motions *in limine*.

Defendants reserve their right to propose modifications to the sequence and/or substance of the charges at or before the charging conference.


Dated:  June 16, 2025

                                          */s/ Marcy A. Gilroy*
                                          PETER PRYNCIEWICZ
                                          MARCY A. GILROY, ESQ.
                                          Littler Mendelson P.C.
                                          900 Third Avenue
                                          New York, New York 10022

---

[1] Defendants acknowledge Rule 8(J)(ii) of the Hon. Jeannette A. Vargas' Individual Rules and Practices in Civil Cases stating, "Absent good cause, the parties should not include proposed language for standard instructions (about, for example, the role of the Court and the jury, the standard of proof, what is evidence, etc.) as the Court is likely to use its own standard instructions." However, here, Defendants have incorporated such instructions due to the fact that Mr. Karupaiyan is appearing *pro se*.

Office Telephone: (212) 583-9600
E-mail:  pprynkiewicz@littler.com
E-mail:  mgilroy@littler.com

***Attorneys for Defendants Aetna, Inc.,
Active Health Management, Inc.,
Lakshmi Kalyani Bellamkonda, and
Robert Denner***

/s/ Jason A. Zoldessy                              .
JASON A. ZOLDESSY, ESQ.
Jackson Lewis P.C.
666 Third Avenue
New York, New York 10017
Office Telephone: (212) 545-4021
Email:Jason.Zoldessy@jacksonlewis.com

***Attorneys for Defendant Purvi Jhala***

2

## REQUESTED PRETRIAL INTRUCTION NO. 1
### (INTRODUCTION)

Members of the jury, before you hear the evidence in this case as well as the final arguments of the parties, I am going to instruct you generally about how a trial works. After you have heard all the evidence, and before you deliberate, I will instruct you more specifically on the law that applies in this case.

**Source:  Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee & Nadine Jean Wichern,** *Federal Jury Practice and Instructions***, § 101.01 (7th ed. 2023) (modified).**

## PROPOSED PRETRIAL INSTRUCTION NO. 2
### (NATURE OF THE CLAIMS)

The person suing in a lawsuit is called the plaintiff. The Plaintiff in this case is Palani Karupaiyan. Those being sued in a lawsuit are called defendants. There are five defendants in this case: two corporations, Aetna, Inc. and Active Health Management, Inc., as well as three individuals named Lakshmi Kalyani Bellamkonda, Robert Denner, and Purvi Jhala.

Under federal, state and New York City law, an employer may not discriminate against any employee because of the employee's race, either with respect to their treatment of the employee during their employment or with respect to the termination of that employment. I will say more about all these terms in a few minutes, and, again, before you go to deliberate.

Here, Plaintiff was engaged to provide services to the corporate defendants, Aetna and AHM, and is alleging claims of race discrimination -- namely that he was treated less well during the term of his engagement with Aetna and AHM, including by Defendant Bellamkonda, because of his race, and further that his engagement was unlawfully ended because of his race. Plaintiff alleges that he had an employment relationship with the corporate defendants, which is an essential element of certain of his claims though not all. Aetna, AHM and Ms. Bellamkonda maintain that Plaintiff was an independent contractor employed by Karupaiyan Consulting, Inc. and not an employee of Aetna or AHM. Aetna, AHM and Ms. Bellamkonda maintain that they ended Plaintiff's services as an independent contractor as they were able to do in the agreement governing Plaintiff's engagement by providing him with two weeks' notice that his engagement would end. Aetna, AHM, and Ms. Bellamkonda further contend that Plaintiff was unable to perform the tasks he was engaged to perform and that he displayed unprofessional behavior in the workplace. Aetna, AHM and Ms. Bellamkonda deny that Plaintiff was treated less well because of his race or Plaintiff's race played a role in their decision to end his engagement.

4

Plaintiff also claims that, when he was notified of the end of his engagement, Mr. Denner and Ms. Jhala physically took him by the hand and dragged him into a dark room, where they pulled his hair and kicked him before escorting him off the premises. Mr. Denner and Ms. Jhala deny any intentional physical contact with Plaintiff.

Your role when the jury convenes after trial will be to assess the facts based on the evidence you hear at the trial and then apply the law on which I will instruct you to decide each of the different claims brought in this case. Based on the facts that you "find," you will conclude whether Plaintiff has proven each, some, or all of his claims. You will then give your verdict as to each claim.

**Source:  Adapted from Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* (4th Ed. 1987), §106.01 (1998 pocket part); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-2(a)(1); 42 U.S.C. § 1981; *N.Y. Exec. Law* § 296; *N.Y.C. Admin. Code* § 8-107(6); *Hyland v. New Haven Radiology Assoc., P.C.*, 794 F.2d 793, 796 (2d Cir. 1986), *rev'd on other grds*, *Clackamas Gastroenterology Assocs., P.C. v. Wells*, 538 U.S. 440 (2003).**

## PROPOSED PRETRIAL INSTRUCTION NO. 3
### (ORDER OF THE TRIAL)

The trial will proceed in the following manner:

First, the Plaintiff may make an opening statement outlining his case. Then counsel for each of the Defendants may make an opening statement. Neither Plaintiff nor Defendants are required to make an opening statement. An opening statement is not evidence but is simply designed to provide you with an introduction as to the evidence which the party making the statement intends to produce at trial.

Second, the Plaintiff will then present evidence in support of his claims, and counsel for Defendants may cross-examine the witnesses called by the Plaintiff. Following the Plaintiff's case, Defendants may present evidence and Plaintiff may cross-examine any witnesses of Defendants. Defendants, however, are not obliged to introduce any evidence or to call any witnesses. If Defendants introduce evidence, the Plaintiff may then introduce rebuttal evidence.

Third, after presentation of evidence is completed, Plaintiff and Defendants' attorneys may present closing arguments to you to summarize what they consider the evidence to have shown, and the inferences they contend you should draw from the evidence. As with opening statements, closing arguments are not evidence. The arguments are designed to present to you the contentions of the parties based on the evidence presented. The Plaintiff has the right to open and to close the argument.

Finally, I will then instruct you further on the law that you are to apply in reaching your verdict. I will provide you with general introductory instructions on the role of the Court and the jury, and the burden of proof. I will describe the law to be applied to the facts as you find them based on the evidence. I will then instruct you on damages. I will also give you instruction on how to evaluate evidence. Finally, I will instruct you on the deliberations.

After that, you will retire to deliberate on your verdict. I will provide each of you with a copy of these instructions before you deliberate.

**Source: Adapted from Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* (4th ed.), §70.02.**

## REQUESTED PRETRIAL INSTRUCTION NO. 4
### (PROVINCE OF JUDGE AND JURY)

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented. You are the sole and exclusive judges of the facts.  However, I must stress that you must accept the rules of law thar I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury, but such comments are only expressions of my opinion as to the facts. You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.


**Source:**  **O'Malley, Grenig, Lee & Wichern, *Federal Jury Practice and Instructions*, §§ 101:10 (7th ed.).**

## REQUESTED PRETRIAL INSTRUCTION NO. 5
### (USE OF ELECTRONIC TECHNOLOGY)

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case.  Please do not try to find out information from any source outside the confines of this courtroom.

After you retire to deliberate, but not before, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.

I know that many of you use cell phones, smartphones, the internet and other tools of technology.  You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case.  This includes your family and friends. You may not communicate with anyone about the case on your cell phone, through e-mail, text messaging, blog or website, or any social media platform, including Facebook, Google+, Twitter, LinkedIn, YouTube, etc.  You may not use any similar technology even if I have not specifically mentioned it here.  I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

**Source:  Proposed Model Jury Instructions: The Use of Electronic Technology to Conduct Research on or Communicate about a Case, prepared by the Judicial Conference Committee on Court Administration and Case Management (June 2012).**

**REQUESTED PRETRIAL INSTRUCTION NO. 6**
**(BURDEN OF PROOF)**

I will now explain some basic principles that will, I believe, help you to analyze some of the evidence you are about to hear. As this is a civil case, the Plaintiffs has the burden of proving each of his claims by a preponderance of the evidence. If Plaintiff fails to prove each element of a claim by a preponderance of the evidence, you should find for Defendants on that claim.

To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. A preponderance of the evidence means the greater weight of the evidence shows that the fact is more likely true than not true. It does not mean the greater number of witnesses or the greater length of time taken by either side. The phrase refers to the quality of the evidence, that is, its persuasiveness, weight, and effect that it has on your minds. In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all the witnesses, regardless of which side may have called them to testify, and all the relevant exhibits received in evidence regardless of who may have introduced them.

The concept of a preponderance of the evidence is often illustrated with the idea of scales. You put on one side all the credible evidence favoring the Plaintiff and on the other side all the credible evidence favoring the Defendants. If Plaintiff's tray outweighs Defendants' evidence, he has sustained his burden of proof by a preponderance of the evidence.

But if the scales are evenly balanced or they tip in Defendants' favor, you must find for Defendants. Remember, Plaintiff has the burden of proof on his claims, while Defendants have the burden of proof on their affirmative defenses.

In determining whether a claim or defense has been proved by a preponderance of the evidence in this case, you may – unless otherwise instructed – consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have introduced them.

Some of you have no doubt heard of the term "proof beyond a reasonable doubt." That is the standard of proof that must be used in a criminal trial. Plaintiffs in civil cases do not have to satisfy that requirement, and you should put it out of your mind.

<u>Source</u>:  Adapted from Devitt, Blackmar & Wolff, *Federal Jury Practice  and Instructions* (4th ed.), § 72.01; *Ostrowski v. Atlantic Mut. Ins. Companies*, 968 F.2d 171, 187 (2d Cir. 1992); Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013); Jury Instructions in *Lane v. Collins & Aikman Floorcoverings Inc.*, No. 00 Civ. 3241.

## REQUESTED PRETRIAL INSTRUCTION NO. 7
### (EVIDENCE, GENERALLY)

In determining the facts, you must rely upon your own perception and recollection of the evidence. What is evidence? Evidence consists of the sworn testimony of the witnesses (regardless of who has called them), and the exhibits that have been received into evidence (regardless of who may have introduced them into evidence). By contrast, what the parties may say in their opening statements, questions, and objections, as well as what they may say in their closing arguments, is *not* evidence. Also, anything that I have said or may say about the facts, as well as anything you have heard outside the courtroom, is *not* evidence.

You should bear in mind that a *question* put to a witness is *never* evidence; it is only the *answer* that is evidence. At times, a questioner may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it simply because it was contained in a question. For example, asking whether a witness took some particular action on a particular day does not mean that that witness did that on the particular day.

You also may not consider any answer that I direct you to disregard or any answer that I direct be stricken from the record and ignored by you. Also, if certain testimony is received for a limited purpose, then you must follow the limiting instructions that I give you.

Exhibits that have been marked for identification are not evidence unless they have been received in evidence by the Court. Materials showed to a witness only to refresh a witness's memory are also not evidence.

Arguments made by the attorneys are not evidence. If your recollection of the facts differs from the statements made by attorneys in their arguments, then it is your recollection that controls.

Also, the fact that I may have commented during the course of the trial or asked questions of witnesses does not indicate any feeling of mine about the facts or the credibility of any witness. I have no such feelings, and my comments were intended only to clarify the issue at hand. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party because of any comment, question, or instruction of mine. It is for you alone to decide the credibility of the witnesses and the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

Lastly, anything that you may have seen or heard when the Court was not in session is not evidence. You are to decide the case solely on the evidence that is presented to you in this courtroom.

**Source**:  **Hon. Leonard B. Sand, et al.,** *Modern Federal Jury Instructions*, **§74-1 (2014) (modified).**

## REQUESTED PRETRIAL INBSTRUCTION NO. 8
## (DIRECT AND CIRCUMSTANTIAL EVIDENCE)

As I have said, you will hear and see evidence in this case. That evidence can be testimony from a witness or it can be in the form of documents and other exhibits that have been "received into evidence."

There are two kinds of evidence: direct and circumstantial.

Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally experienced through his or her own senses; in other words, something seen, felt, touched, heard or tasted. Direct evidence also includes a document which states a fact.

For example, if a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Direct evidence may also be in the form of an exhibit, such as a written statement by one of the parties or its employees.

Even with direct witness testimony and documents, you still must consider the "credibility" and "weight" of the evidence, and I will explain more about credibility and weight shortly. For now, please remember that you are permitted to disbelieve the witness's testimony if you do not find the witness credible, that is, if you do not find the witness believable. Even if you believe a particular witness or validity of a document, you may assign the document little, substantial, or some other "weight."

Plaintiff is not required to produce direct evidence of Defendants' discrimination.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. Here is an example of circumstantial evidence: Suppose that in this courtroom there were no windows so you could not see what the weather was like outside, and when you came in this morning it was a fine, sunny day. We go ahead with the trial for two or three hours and then the courtroom door opens and in comes a person wearing a dripping raincoat and carrying a dripping umbrella. You cannot see or hear what the weather is like outside, but from your observation of this person with the dripping

raincoat and umbrella, you may draw an inference as to what has happened to the weather outside. This is an example of circumstantial evidence. It consists of circumstances which by common experience one may reasonably infer an ultimate fact sought to be established.

This example of circumstantial evidence is also an example of what the law means when it speaks of inferring one fact from another. An inference is the deduction or conclusion that reason and common-sense prompt a reasonable mind to draw from facts that have been proven by the evidence. Not all logically possible conclusions are legitimate or fair inferences. Only those inferences to which the mind is reasonably led or directed are fair inferences from direct or circumstantial evidence in the case. Whether or not to draw a particular inference is of course a matter exclusively for you, as are all determinations of fact.

Circumstantial evidence is of no less value than direct evidence; the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict be based on a preponderance of all evidence presented. "Preponderance of the evidence," as I explained earlier, simply means that something is "more likely than not" and is the standard applied in a civil trial such as this.

You are to consider only the evidence in the case. However, in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as witnesses testify. You are permitted to draw, from facts which you find have been proven or stipulated to, such reasonable inferences as seem justified in the light of your experience. You can find from the circumstances, the timing, the statements, and your own common sense that Plaintiff had proven by the preponderance of the evidence that his race was a motivating factor in the decision to end his engagement or you may find that Plaintiff has not proven that his race was a motivating factor.

**Source: Adapted from Devitt, Blackmar & Wolff,** ***Federal Jury Practice  and Instructions*** **(4th ed.), §71.04; Preliminary Instruction No. 1.4, The Honorable John L. Kane, Jr., District of Colorado, Jury Instruction Book; Instructions of Hon. Richard M. Berman,** ***Da Silva v. Kinsho Int'l Corp.*,** **97 Civ. 5030; Devitt, Blackmar & Wolff,** ***Federal Jury Practice and Instructions*** **(4th Ed.), §§ 72.03 and 72.04 (as modified).**

## PROPOSED PRETRIAL INSTRUCTION NO. 9
### (EVIDENCE AND OBJECTIONS)

During the trial, I expect to be called upon to make rulings on various questions. It is the duty of the attorneys for any party to object when the other side offers testimony or other evidence that the attorney believes is not admissible. Counsel also have the right and duty to ask the Court to make rulings of law, because only by making an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence. There may be legal objections to or motions made to strike certain answers or testimony. All those questions of law must be decided by me. You are to disregard the fact that an objection was made and sustained or overruled or that conferences took place. These are matters of law and, although you may have been curious about them, you should not consider them. You should not show any prejudice against an attorney, or the attorney's client, because the attorney objected to the admissibility of evidence, asked for a conference out the hearing of the jury, or asked the Court for a ruling on the law.

As I have already said, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. If, however, I instruct you to disregard anything that is said, then you must follow that instruction and pay no attention to it in your deliberations. The fact that, at other times, I may comment during the trial or ask questions of witnesses does not indicate any feeling of mine about the facts one way or the other. Any feeling I may have indicated is to be disregarded. My comments are intended only to clarify the issue at hand, and even if I had feelings regarding an issue, it is only your judgment of the evidence that exclusively governs.

The rulings I make during the trial are not any indication of my views on what your decision should be. You are expressly to understand that this Court has no opinion as to the verdict you should render in this case.

My role, as the Judge, is to instruct you on the law that you are to apply to the facts as you find them. You, as jurors, are bound to accept my instructions on the law even if you feel that the law should be different from what I say it is. Also, if anyone has stated a legal principle that is different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any one instruction or any one word or phrase in an instruction as alone stating the law, but you should consider the instructions as a whole.

**Source:** **Kevin F. O'Malley, Jay E. Grenig & William C. Lee,** *Federal Jury Practice and Instructions***, § 101.01 Opening Instructions (6th ed. 2014) (modified).**

## REQUESTED PRETRIAL INSTRUCTION NO. 10
### (IMPORTANCE OF IMPARTIALITY)

It is basic to the administration of any system of justice that the decision on both the law and the facts is made fairly and honestly. All parties to a civil lawsuit are equal before the Court and are equally entitled to a fair trial. Therefore, you must make fair and impartial decisions to arrive at a just verdict.

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations of life. The Companies being sued in the case are entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, governmental entities and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

Under your oath as jurors, you are to be guided solely by the evidence (or lack of evidence) presented during the trial, as well as the applicable law, without regard to your feelings, positive or negative, for any party or attorney, and without bias or prejudice. All parties are entitled to the same fair and conscientious consideration. No party is entitled to any favor or special consideration. If you let sympathy or bias interfere with your clear thinking, then there is a risk that you will not arrive at a just verdict.

**Source:**  Jury Instructions in *Diaz v. Diaz*, 14-cv-4716-PAE (S.D.N.Y. Feb. 3, 2016); Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 71.04 (4th ed.) (as modified).

19

### REQUESTED PRE-DELIBERATION INSTRUCTION NO. 1
### (JURY INSTRUCTIONS, GENERAL INTRODUCTION)

Members of the jury, you have now heard all of the evidence in the case, as well as the final arguments of the parties. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

I am now going to instruct you on the substantive law to be applied to Plaintiff's specific claims. You should consider each claim separately and determine whether either Plaintiff has proved the elements of each claim by a preponderance of the evidence.

On these legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I tell you in my instructions, it is my instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

I am now going to tell you about the law that you will have to apply to the facts as you find them. At the beginning of the trial, I gave you preliminary instructions on the law, primarily on general legal principles. Now I will give you the final instructions.

**Source: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 2
### (ROLE OF THE COURT AND THE JURY)

I will now describe the role of the court and of the jury.  It is my duty to instruct you as to the law, and it is your duty to accept these instructions of law and apply them to the facts as you determine them.  If an attorney stated a legal principle different from any that I state to you in my instructions, it is my instructions you must follow.  You should not single out any instruction alone as stating the law, but you should consider my instructions as a whole when you retire to deliberate.  You should not be concerned about the wisdom of any rule that I state.  Regardless of any opinion you may have about what the law may or ought to be, it would be a violation of your oath to base your verdict on any view of the law other than that which I give to you.

**Source: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 3
### (JURY FUNCTION)

As jurors, your fundamental duty is to decide, from all the testimony you have heard and other evidence that has been presented, what the facts are. You are the sole and exclusive judges of the facts. You make determinations about the weight and importance of the evidence; you determine the credibility of the witnesses; you resolve any conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined. In that field you are supreme, and neither I nor anyone else may invade your job to determine the facts. As the sole judges of the facts, you must decide which of the witnesses you believed, what portion of their testimony you accepted, and what weight you give to it. The law permits me to comment on the evidence in the case during the trial or while instructing the jury. You, however, may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

**Source**: Hon. David Demarest et al., *New York Pattern Jury Instructions-Civil* ("PJI") § 1:37 (3rd ed.); O'Malley et al., *Federal Jury Practice and Instructions-Civil* § 101:10 (6th ed.).

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 4**
**(SYMPATHY, BIAS, AND PREJUDICE)**

Under your oath as jurors, you are not to be swayed by sympathy, bias, or prejudice. You should be guided solely by the evidence presented during the trial and the law as I give it to you, without regard to the consequences of your decision. No party to this lawsuit is entitled to any sympathy, nor is any party to this lawsuit entitled to any favor or special consideration. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy, bias, or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. All parties to any lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at a just verdict. You are to approach your duties cooly and calmly and without being influenced by sympathy, bias, or prejudice for or against any party.

**Source: O'Malley et al., *Federal Jury Practice & Instructions* §§103.11-12 (6th ed.) (as modified); Sand et al., *Modern Federal Jury Instructions – Civil* ¶ 71.01[2], Instruction 71-10 (2017) (as modified).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 5
### (CORPORATION AS PARTIES)

As you know, Defendants Aetna and Active Health Management are corporations, and the Plaintiff is an individual person. That difference should not influence your decision in this case in any way. The matter should be considered and decided by you as an action between parties of equal standing in the community, of equal worth, and holding the same or similar situation in life. Aetna and AHM are entitled to the same fair trial from you as Plaintiff is as an individual. The law considers corporations in the same light as it considers persons, and all parties, including corporations, stand equal before the law and are to be dealt with by you as equals.

**Source: Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*, §71.04 (4th ed.); Kevin F. O'Malley, Jay E. Grenig & William C. Lee, *Federal Jury Practice & Instructions*, § 71.04 (5th ed. 2012); Sand, et al., *Modern Federal Jury Instructions*, § 72.01 (Vol. 4, 2004).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 6
### (BURDEN OF PROOF)

This is a civil case. In a civil case, the plaintiff – in this case, Mr. Palani Karupaiyan – has the burden of proving his claims by a "preponderance of the evidence."

To establish something by a "preponderance of the evidence" means to prove that something is more likely so than not so. In other words, the preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind the belief that what is sought to be proven by Plaintiff is more likely true than not true.

If you find that the credible evidence on an issue is evenly divided between the parties – that it is equally probable that both parties are right – you must decide the issue against the Plaintiff and in favor of Defendants. That is because where a party has the burden of proof, it must prove the element at issue by a preponderance of the evidence. Thus, if you find that the evidence is equal on an issue on which Plaintiff has the burden of proof, then you must find for the Defendants on that issue, because equality of evidence is not sufficient. On the other hand, the Plaintiff need prove no more than a preponderance. So long as you find that what Plaintiff claims has more convincing force and is more likely true than not true, then that element will have been proven by a preponderance of evidence. If you are unable to understand Plaintiff's evidence, then you must find that he failed to meet his burden of proof.

Plaintiff bears the burden on all of his claims in this case and bears the burden of proving all the elements of his claims by a preponderance of the evidence. If you find that Plaintiff has not proven any one of the elements of his claim by a preponderance of the evidence, you must find for Defendants as to that claim.

In determining whether any fact in issue has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**Source: O'Malley et al., *Federal Jury Practice & Instructions* § 104.01 (6th ed.) (as modified); Sand et al., *Modern Federal Jury Instructions – Civil* ¶ 73.01, Instruction 73-2 (2017) (as modified).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 7
### (Evidence – General Instruction)

You are to consider only the evidence in the case. The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence.

It is for you alone to decide the weight, if any, to give testimony you have heard or exhibits you have seen. Your consideration of the evidence is not limited to the statements of the witnesses. In other words, you are not limited solely to what you have heard from the witnesses or seen. Rather, you may draw from the facts that you find have been proven, any reasonable inferences, or conclusions as you feel are justified in light of your experience.

Any testimony or other evidence that I have excluded, stricken, or told you to disregard, is not evidence and may not be considered by you in reaching your verdict.

You are not to consider as evidence questions asked by the parties' lawyers. It is the witnesses' answers that are evidence, not the lawyers' questions. Arguments by the attorneys are not evidence because the attorneys are not witnesses. The arguments the lawyers have made in their opening statements, summations, and at other times, are intended only to help you understand the evidence and reach a verdict.  If, however, your recollection of the evidence differs from the statements made by the lawyers in their opening statements or summations, it is your recollection that controls.

Finally, the statements or rulings that I have made are not evidence. Because you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to what the facts are or what the verdict should be. The rulings I have made during the trial are not indication of my views. Also, you should not draw any inferences from the fact that I may have, on occasion, asked certain questions to the witnesses. These questions were intended only to clarify or expedite proceedings, and they are not an indication of my view of the evidence. In short, if anything I have said or done seemed to you to indicate an opinion relating to any matter you need to consider, you must disregard it.

**<u>Source</u>: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 8
### (DIRECT AND CIRCUMSTANTIAL EVIDENCE)

As discussed before this trial begam, there are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is to present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in the courthouse:

Assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that the courtroom blinds were drawn, and you could not look outside. As you were sitting here, someone walked in with an umbrella. Now, you cannot look outside of the courtroom, and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence of non-existence of some other fact.

Circumstantial evidence, if believed, has no less value than direct evidence, and a party may use either direct or circumstantial evidence to prove a claim. The law simply requires that your verdict be based on all of the evidence presented.

**Source: Sand et al., *Modern Federal Jury Instructions – Civil* ¶ 74.01, Instruction 74-4 (2017) (as modified); Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 9
### (All Available Witness or Evidence Need Not be Produced)

The law does not require any party to call as witnesses all persons who may have been present

at any time or place involved in the case, or who may appear to have some knowledge of the matters

in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things

mentioned in the evidence in the case.


**Source:  O'Malley, Grenig, Lee, & Wichern, *Federal Jury Practice & Instructions, Civil* § 105:09 (7th ed.).**

### REQUESTED PRE-DELIBERATION INSTRUCTION NO. 10
### (EVIDENCE - INFERENCES)

In these instructions, I have used the word "infer," and the lawyers, in their arguments, have asked you to draw inferences. When you draw an inference, you conclude, from one or more established facts that another fact exists or is true. You make inferences based on your reasoning, experience, and common sense.

The process of drawing inferences from facts in evidence is not a matter of guesswork, suspicion, or speculation. Rather, an inference is a reasoned, logical deduction or conclusion that you, the members of the jury, may draw – but are not required to draw – from the facts that have been established by direct or circumstantial evidence. In considering inferences, you should use your common sense and draw, from the facts that have been proven, whatever reasonable inferences you find to be justified in light of your experience.


**Source**: **O'Malley, Grenig, Lee, & Wichern,** *Federal Jury Practice & Instructions, Civil* **§ 104:20 (7th ed.); Jury Instructions in** *Delville v. Firmenich Inc.***, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

31

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 11
### (WEIGHT AND CREDIBILITY OF WITNESSES)

How should you appraise or weigh the testimony that has been presented? It is part of your job to decide how believable – that is, how credible – you find each witness's testimony to be. How do you determine credibility? The answer is that you use your common sense. There is no magic formula by which you can evaluate testimony. You should use all of the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.

Your determination of the credibility, by which we mean the believability, of a witness very largely depends upon the impression that witness made upon you as to whether or not the witness was giving an accurate version of what happened. You, as jurors, are the sole judges of both the credibility or believability of the witnesses and of the weight their testimony deserves. You may be guided by the conduct of the witness or by the manner in which the witness testifies. You may consider the character of the testimony given, or evidence contrary to the testimony given. You may also consider the witness's relationship, if any, to the controversy or to a plaintiff or defendant, the manner the witness might be affected by the verdict, or the witness's bias or impartiality. You should consider whether the testimony is supported or contradicted by other credible evidence.

Consider the witness's ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider the strength or weakness of the witness's recollection as viewed in light of all the testimony and attendant circumstances in the case and the reasonableness of the witness's statements. Remember to use your common sense, good judgment, and life experience.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; innocent mis- recollection, like

failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

I am not giving you an all-inclusive list. You may consider any factor that you believe bears upon a witness's credibility. You may, in short, accept or reject any portion of a witness's testimony. If, however, you decide to accept a witness's testimony, after considering it in light of all the evidence in this case, then you may give it whatever *weight*, if any, you find it deserves. The *weight* of the evidence is not determined by the *number* of witnesses testifying as to the existence or nonexistence of any fact. You may find the testimony of a smaller number of witnesses as to any fact is more credible than testimony of a larger number of witnesses to the contrary.

The question really is, how did the witness impress you? Did the witness's version appear straightforward and candid, or did the witness try to hide some of the facts? Is there a motive of any kind to testify falsely or to shade the testimony offered? In other words, you shall attempt to "size the person up," in common language, just as you would do in any important matter when you are trying to determine whether a person is being truthful, candid, and straightforward.

When you walk into a courtroom as jurors you do not leave your common sense, your good judgment, or your experiences in life behind you. You carry those experiences and common sense with you into the jury box and into the jury room during your deliberations.

Please remember, however, that you may *not* use your experience and common sense to *"fill in"* or *"create"* evidence that does not exist. You use your experience and common sense only to draw reasonable inferences from proven facts or to weigh and evaluate the evidence, or lack of evidence, provided during the trial.

One thing you should consider is any bias, hostility or affection that a witness may have shown for or against a party. It is your duty to consider whether the witness has permitted any such bias to color

his or her testimony: If you find that it has, then you should view the witness's testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

You should also consider any other interest or motive that the witness may have in cooperating with a particular party, as well as any interest the witness may have in the outcome of the case. Interest in the outcome of the case creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, you should accept the testimony of an interested witness with great care. Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter how strong their interest in the outcome of the case, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Additional factors you should consider are: the opportunity the witness had to see, hear and know the things about which he or she testifies; the accuracy of the witness's memory; the witness's candor or lack of candor; the witness's intelligence; the reasonableness of the witness's testimony; and the testimony's consistency or lack of consistency with other credible testimony.

In other words, what you must try to do in deciding credibility is to size a witness up in light of the witness's demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

If you find that any witness has willfully testified falsely to any material fact (that is, to an important matter), then the law permits you to disregard the entire testimony of that witness based upon the principle that someone who testifies falsely about one material fact is likely to testify falsely about everything. You are *not required*, however, to consider such a witness as *totally unworthy of belief*. You may accept so much of the witness's testimony as you deem true and disregard what you feel is false.

34

It is quite legitimate for an attorney to try to attack the credibility of a witness; however, you are the sole arbiters of the facts, and therefore you must decide for yourselves which witnesses you will believe, what portion of their testimony you will accept, and what weight you will give to that testimony. By the processes I have just described you, the sole judges of the facts, decide which of the witnesses to believe, what portion of the any witness's testimony to accept, and what weight, if any, to give to any witness's testimony.

**Source**:  **Adapted from Devitt, Blackmar & Wolff,** *Federal Jury Practice and Instructions* **(4th ed.), §73.01; O'Malley et al.,** *Federal Jury Practice & Instructions***, §§ 104:43, 104:54, 105:01 , 105:04, 105:10 (6th ed.);** *PJI* **§ 1:41; Jury Instructions in** *Delville v. Firmenich Inc.***, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 12
### (IMPEACHMENT – INCONSISTENT STATEMENT)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Source: O'Malley, Grenig, Lee, & Wichern, *Federal Jury Practice & Instructions, Civil* § 105:04 (7th ed.).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 13
### (BIAS OF WITNESSES)

In deciding whether to believe a witness, you should specifically note any evidence of bias, hostility, or affection that the witness may have toward one of the parties. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating or not cooperating with a particular party. If you find any such bias, hostility, affection, interest, or motive you must then consider whether or not it affected or colored the witness' testimony.

You should also take into account any evidence that the witness may benefit or suffer in some way from the outcome of the case. Such interest in the outcome may create a motive to testify falsely and may sway a witness to testify in a way that advances their own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of their testimony and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who no matter what their interest in the outcome of the case may be would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness' bias or interest may have affected their testimony. You are not required to disbelieve an interested witness. You may accept as much of their testimony as you deem reliable, and reject as much as you deem unworthy of acceptance.

**Source: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 14
## (EVIDENCE – RULINGS ON EVIDENCE AND OBJECTIONS)

It is the duty of the attorneys for each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not admissible. Counsel also have the right and duty to ask the Court to make rulings of law, because only by making an objection can a lawyer request and obtain a ruling from me on the admissibility of the evidence. All those questions of law must be decided by me. You should not show any prejudice against an attorney, or the attorney's client, because the attorney objected to the admissibility of evidence, asked for a conference out the hearing of the jury, or asked the Court for a ruling on the law.

As I have already said, my rulings on the admissibility of evidence do not indicate any opinion about the weight or effect of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of all evidence. If, however, I sustained an objection to any evidence or I ordered evidence stricken or disregarded, that evidence must be entirely ignored.

**Source: O'Malley et al., *Federal Jury Practice and Instructions* §§ 101:49, 102:45, 102:71, 102:73 (6th ed.) (as modified); Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## PRE-DELIBERATION NO. 15
### (STATEMENT OF CLAIMS)

I am now going to briefly identify the claims that are at issue in this case. In stating these claims, I express no opinion of the facts, because you are the sole judges of the facts.  If I should inaccurately or insufficiently state any particular fact, then you are to disregard that, as you alone are the judges of the facts. You will consider all of the facts, the testimony from the stand, the physical facts and all legitimate inferences.

Plaintiff asserts claims of discrimination against Defendants Aetna and AHM under (i) 42 U.S.C. § 1981, known as "Section 1981," (ii) Title VII of the Civil Rights Act of 1964, known as "Title VII," (iii) N.Y. Exec. Law. § 296, known as the "New York State Human Rights Law," and (iv) N.Y.C. Admin Code 8-108, known as the "New York City Human Rights Law."  Plaintiff also asserts claims of discrimination against Defendant Bellamkonda under these laws, except Title VII, as that law does not provide for liability against individuals.  Specifically, Plaintiff asserts that Defendants treated him differently than his co-workers and ended his engagement because of his race.  Plaintiff alleges that he had an employment relationship with the corporate defendants, which is an essential element of certain of his claims though not all.  Aetna, AHM and Ms. Bellamkonda deny that Plaintiff was an employee of Aetna or AHM and assert that he was an independent contractor employed by Karupaiyan Consulting, Inc., where he was the President, and was not an employee of Aetna or AHM. Aetna, AHM and Ms. Bellamkonda deny that they discriminated against Plaintiff.  They assert that Plaintiff's services as an independent contractor were ended in accordance with the agreement governing Plaintiff's engagement by providing two weeks' notice that the engagement would end and further contend that Plaintiff was unable to perform the tasks he was engaged to perform and that he displayed unprofessional behavior in the workplace.

Plaintiff also claims that, when he was notified of the end of his engagement, Mr. Denner and Ms. Jhala physically took him by the hand and dragged him into a dark room, where they pulled his hair and kicked him before escorting him off the premises. Mr. Denner and Ms. Jhala deny any intentional physical contact with Plaintiff.

It is your responsibility to decide, based on the evidence presented to you and my instructions on the law, whether or not Plaintiffs have proven any of their claims against Defendants by a preponderance of the evidence. You should be aware that you will be asked to render separate verdicts as to each Defendant and as to each of Mr. Karupaiyan's claims. Accordingly, you will be required to separately consider Mr. Karupaiyan's claims against each Defendant, and what the evidence is as to each Defendant and as to each claim. Keep in mind that, in order to prevail, Mr. Karupaiyan must prove each element of his claims by a preponderance of the evidence.

This, ladies and gentlemen, is a very general overview of the parties' respective positions. It is not meant to be an exhaustive summary of the evidence that you are being asked to consider. That is why, in giving you an overview of the claims of the parties, I have stated them only in the most general way. I am not attempting to state each and every claim and defense raised by the parties in detail. You, as jurors, have heard the evidence in this case. You have heard the arguments of counsel. You will be able to supply any omissions or correct any inaccuracies in the statement of their claims. I will now instruct you on the law which you must apply in evaluating all of the parties' claims and defenses in this case.

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 16
### (EMPLOYMENT RELATIONSHIP)

In order to establish his claims under Title VII, the New York State Human Rights Law, and the New York City Human Rights Law, Plaintiff must first establish that he had an employment relationship with Aetna-AHM. To determine whether Mr. Karupaiyan had such a relationship, you should consider any evidence you believe is indicative of whether Mr. Karupaiyan was an employee of Aetna-AHM. Among the things you may consider are the following:

(i)     Aetna-AHM's right to control the manner and means by which Mr. Karupaiyan accomplished his work;

(ii)    the skill required for the role Mr. Karupaiyan held;

(iii)   the source of the instrumentalities and tools Mr. Karupaiyan used;

(iv)    the location where Mr. Karupaiyan performed the work;

(v)     the duration of the relationship between the Mr. Karupaiyan and Aetna-AHM;

(vi)    whether Aetna-AHM had the right to assign additional projects to Mr. Karupaiyan;

(vii)   the extent of Mr. Karupaiyan's discretion over when and how long to work;

(viii)  the method of payment;

(ix)    whether Mr. Karupaiyan played a role in hiring and paying assistants;

(x)     whether the work Mr. Karupaiyan performed is part of the regular business of Aetna-AHM;

(xi)    whether Aetna-AHM is in business;

(xii)   whether Mr. Karupaiyan was provided employee benefits by Aetna-AHM; and

(xiii)  whether Mr. Karupaiyan was considered an employee for tax purposes.

However, this list is not exhaustive and you may consider any evidence you believe impacts your determination regarding whether or not Mr. Karupaiyan was employed Aetna-AHM.

If, after you consider the evidence, you find that Mr. Karupaiyan did *not* establish by a preponderance of the evidence that he had an employment relationship with Aetna-AHM, you will find for Defendants Aetna-AHM on this issue and, further, find for Defendants Aetna, AHM and Ms. Bellamkonda on Mr. Karupaiyan's Title VII, the New York State Human Rights Law, and the New York City Human Rights Law claims as those claims require him to establish such a relationship.  If you find that Mr. Karupaiyan did *not* establish by a preponderance of the evidence that he had an employment relationship with Aetna-AHM, you will then consider *only* Plaintiff's Section 1981 discrimination claim, as a plaintiff can make out a Section 1981 claim without first establishing an employment relationship.

If, however, you decide that Mr. Karupaiyan established by a preponderance of the evidence that he did have an employment relationship with Aetna-AHM, you will proceed to consider each of Mr. Karupaiyan's race discrimination claims under Title VII, New York State Human Rights Law, New York City Human Rights Law and Section 1981 claims.

**Source**:  *Community for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989); *Kern v. City of Rochester*, 93 F.3d 38 (2d Cir. 1996); *Farmer v. Shake Shack Enterprises, LLC*, 473 F. Supp. 3d 309 (S.D.N.Y. 2020); *Eisenberg v. Advance Relocation Storage, Inc.*, 237 F.3d 111 (2d Cir. 2020).

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 17**
**(SECTION 1981, TITLE VII AND NYSHRL RACIAL DISCRIMINATION CLAIMS)**

As you have heard, this is an action to recover damages for employment discrimination. The law prohibits discrimination in employment based on race. As I just explained, in this case, Mr. Karupaiyan claims that his engagement was unlawfully ended because of his race in violations of four laws: Section 1981, Title VII, the New York State Human Rights Law, and the New York City Human Rights Law.

In order for Mr. Karupaiyan to recover under a theory of unlawful race discrimination under Title VII and the New York State Human Rights Law, he must prove by a preponderance of the evidence that his race was a motivating factor in the decision to end his engagement. A "motive" is defined as "something that causes a person to act." Thus, Mr. Karupaiyan must prove that his being a black Indian was one of the factors that caused his engagement to be ended. There can be more than one motivating factor in any decision. Therefore, Mr. Karupaiyan need not prove that race was the only reason for the decision to end his engagement. However, for Mr. Karupaiyan to prevail on his race discrimination claims under Title VII and the NYSHRL, you must find that Mr. Karupaiyan has proven, by a preponderance of the evidence, this his race was a factor, at least in part, for Defendants Aetna-AHM's decision to end his engagement.

In order for Mr. Karupaiyan to recover under a theory of unlawful race discrimination under Section 1981, the standard is different (higher), as he must prove by a preponderance of the evidence that his race was a "but-for" cause of or the "but-for factor" in the decision to end his engagement, meaning that Mr. Karupaiyan's engagement with Aetna-AHM would not have been ended if it were not for his race. But-for does not mean that race was the only or sole cause of the decision. Rather, the decision to end Mr. Karupaiyan's engagement could have had multiple causes, and so long as Mr. Karupaiyan's race was the "but-for" cause, meaning but for his race

his engagement would not have been ended.  Therefore, Mr. Karupaiyan would only be entitled to prevail as to his Section 1981 discrimination claim if you find that Mr. Karupaiyan has proven, by a preponderance of the evidence, this but-for his race Defendants Aetna-AHM's would not have ended his engagement.

If you find that Mr. Karupaiyan has proven by a preponderance of the evidence that his race was a motivating factor in the decision to end his engagement, you will find for Mr. Karupaiyan on his Title VII and NYSHRL claims.  If you find for Mr. Karupaiyan on his Title VII and NYSHRL claims, you will need to then consider whether Plaintiff has established, by a preponderance of the evidence, that, but-for his race, his engagement would not have ended early, meaning that Mr. Karupaiyan's engagement would not have ended if he was a different race. If Mr. Karupaiyan has done so, then you will find for Plaintiff as to his Section 1981 discrimination claim, as well.

On the other hand, if you find that Mr. Karupaiyan has *not* proven by a preponderance of the evidence that his race was a motivating factor in the decision to end his engagement, you will find for the Defendants Aetna-AHM on Mr. Karupaiyan's Title VII and NYSHRL claims. Importantly, if you find Mr. Karupaiyan has not met his burden to establish his race was a motivating factor in the end of his engagement under Title VII and the NYSHRL, you will *also* find for Defendants Aetna-AHM on his Section 1981 claims, as well, as Section 1981 sets a higher bar.

**Source**:  **O'Malley, Grenig & Lee,** *Federal Jury Practice and Instructions*, **§ 171.75 (6th ed.) (as modified); 42 U.S.C. § 2000e-2(a); N.Y. Exec. Law § 296(1)(a); 42 U.S.C. § 1981;** *Meritor Savings Bank, FSB v. Vinson*, **477 U.S. 57, 64-65 (1986);** *Zann Kwan v. Andalex Group LLC*, **737 F.3d 834 (2d Cir. 2013);** *Clanton v. Schlegel Sys.*, **No. 05-CV-6456T, 2007 U.S. Dist. LEXIS 28338, at \* 7-8, 19-21 (W.D.N.Y. April 17, 2007);** *Brown v. Montefiore Med. Ctr.*, **19 Civ. 11474 (ALC), 2021 WL 1163797, at \*5 (S.D.N.Y. Mar. 25, 2021) (citing** *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, **140 S. Ct. 1009, 1017-1019 (2020)).**

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 18**
**(NYCHRL DISCRIMINATION AND HOSTILE WORK ENVIRONMENT CLAIMS)**

Claims brought under the New York City Human Rights Law are, again, subject to a different standard than those under Section 1981, Title VII, or the New York State Human Rights Law and must be considered independently. The New York City Human Rights Law requires that Mr. Karupaiyan prove by a preponderance of the evidence that he was treated less well than other employees in whole or in part because of his race.

The New York City Human Rights Law, however, is not a workplace civility code. This means that the Defendants are not in violation of the law if they prove that the alleged conduct was nothing more than what a reasonable individual would view as petty slights or trivial inconveniences.

You may find that Defendants had multiple motives in mind with respect to their treatment of Mr. Karupaiyan. However, you cannot find in favor of Mr. Karupaiyan on his New York City Human Rights Law claims unless you are persuaded by a preponderance of the credible evidence that Defendants intentionally treated him less well because of an intent to discriminate. If you do find Mr. Karupaiyan has met this burden and proved that Defendants treated him less well because of his race, you will proceed to consider whether Mr. Karupaiyan is entitled to an award of damages for either claim. If you do not find that Mr. Karupaiyan met this burden, you will find for Defendants Aetna-AHM on his NYCHRL claims of race discrimination regarding the circumstances of the end of his engagement and hostile work environment.

**Source:** *Loeffler v. Staten Island Univ. Hospital*, 582 F.3d 268, 278 (2d Cir. 2009) (holding that NYCHRL claims must be reviewed 'independently from and 'more liberally' than their federal and state counterparts"); *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013) (the NYCHRL is not a "general civility code" and the plaintiff is still required to "show differential treatment – that [he] was treated 'less well' – because of a discriminatory intent"); *Williams v. N.Y.C. Hous. Auth.*, 61 A.D.3d 62, 78 ("For HRL liability . . . the primary issue for a trier of fact . . . is whether plaintiff has proven by a preponderance of the evidence that she has been treated less well that other employees because of [his race].") (1st Dep't 2009);

*Milord-Francois v. New York State Off. of Medicaid Inspector Gen.*, 635 F. Supp. 3d 308, 330 (S.D.N.Y. 2022) ("the NYCHRL does not differentiate between HWE and discrimination claims" which means the Court should perform the same analysis on a plaintiff's hostile work environment claim as it does on his discrimination claim).

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 19
### (BUSINESS JUDGMENT)

Defendants are entitled to make an employment decision for any reason that is not unlawful – a good reason, a bad reason, or no reason at all. The fact that a decision may be based on Defendants' subjective assessment of Mr. Karupaiyan's performance during his engagement or his conduct in the workplace does not by itself make the decision discriminatory. Defendants are entitled by law to use their own, subjective business judgment and make decisions for any lawful reason. You cannot find Defendants liable merely because you personally disapprove of Defendants' actions or because you would have acted differently under the circumstances shown by the evidence. However, Defendants are not allowed to make business decisions for discriminatory reasons.

The issues for you to determine with respect to Defendants' decision to end Plaintiff's engagement is whether Mr. Karupaiyan has proven by the preponderance of the evidence that the decision to end his engagement was motivated by his race.

**Source: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013); *Dister v. Continental Group, Inc.*, 859 F.2d 1108 (2d Cir. 1988); *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000); *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981); *Weinstock v. Columbia Univ.*, 224 F.3d 33 (2d Cir. 2000); *Davis v. State Univ. of N.Y.*, 802 F.2d 638, 641 (2d Cir. 1986) ("The employer need not prove that the person promoted had superior objective qualifications, or that it made the wisest choice, but only that the reasons for the decision were nondiscriminatory."); *De la Concha v. Fordham Univ.*, 5 F. Supp.2d 188, 194 (S.D.N.Y. 1998) ("In satisfying its burden of production, a defendant 'need not prove that it made the wisest choice, but only that the reasons for its decisions were non- discriminatory.'") *aff'd.*, 173 F.3d 843 (2d Cir. 1999); *Lloyd v. WABC-TV*, 879 F. Supp. 394, 402 n.5 (S.D.N.Y. 1995) ("Defendants need not show that the other candidate was more qualified than Plaintiff. Under Title VII, 'the employer has discretion to choose among equally qualified candidates, provided the decision is not based upon unlawful criteria.'"); see also *Thornley v. Penton Publ.*, 104 F.26, 29-30 (2d Cir. 1997).**

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 20**
**(INDIVIDUAL LIABILITY AGAINST DEFENDANT BELLAMKONDA UNDER SECTION 1981; AIDING AND ABETTING UNDER THE NYSHRL AND THE NYCHRL)**

In addition to naming Aetna and AHM as defendants in this case, Mr. Karupaiyan has also named Lakshmi Kalyani Blelamkonda as an individual defendant. Mr. Karupaiyan alleges that Ms. Bellamkonda participated in the discriminatory conduct, including the decision to end his engagement, and is therefore individually liable for discrimination under Section 1981 and the New York City Human Rights Law, and liable for aiding and abetting discrimination under the New York State Human Rights Law.

If you find that Mr. Karupaiyan established by a preponderance of the evidence that Aetna-AHM would not have ended his engagement "but-for" his race, then you must also consider whether Ms. Bellamkonda was involved in that decision. To make out a claim for individual liability under Section 1981, a plaintiff must demonstrate some affirmative link to causally connect the individual for the discriminatory action, as personal liability under Section 1981 must be predicated on the individual's personal involvement. In other words, Mr. Karupaiyan must establish Ms. Bellamkonda's personal involvement in the decision to end his engagement by a preponderance of the evidence for you to find Ms. Bellamkonda liable for discrimination under Section 1981. If you find Mr. Karupaiyan has not met this burden, you must find in favor of Ms. Bellamkonda on the individual liability claim under Section 1981.

Similarly, under the NYCHRL, individuals may incur direct liability for their own discriminatory conduct. In order to establish direct liability against Ms. Bellamkonda under the NYCHRL, then, Mr. Karupaiyan must establish, by a preponderance of the evidence, that Ms. Bellamkonda treated him less well because of his race. If you find Mr. Karupaiyan has not met this burden, you must find in favor of Ms. Bellamkonda on Mr. Karupaiyan's claim against her for race discrimination and hostile work environment under the NYCHRL.

48

Alternatively Mr. Karupaiyan will try to establish that Ms. Bellamkonda aided and abetted discrimination by Aetna-AHM. You may only consider Ms. Bellamkonda's liability as an aider and abettor under the NYSHRL and NYCHRL if you found in Mr. Karupaiyan's favor on the underlying NYSHRL and NYCHRL claims. An individual can be held liable for aiding and abetting allegedly unlawful discrimination under the NYSHRL and the NYCHRL by the employer even where the individual's actions serve as the predicate for the employer's liability, so long as the employer's conduct has also been found to be unlawful.

If you find that Mr. Karupaiyan has proven by a preponderance of the evidence that Aetna-AHM discriminated against him because of his race under the NYSHRL or the NYCHRL, then you must consider whether Ms. Bellamkonda is liable for aiding and abetting the discrimination under that statute. If you find that Mr. Karupaiyan has not proved by a preponderance of the evidence that he was discriminated against because of his race, then you must find Ms. Bellamkonda is not liable for aiding and abetting discrimination.

To establish that an individual defendant, here Ms. Bellamkonda, is liable for aiding and abetting race discrimination, Mr. Karupaiyan must prove by a preponderance of the evidence that the individual defendant actually participated in the discriminatory decision to end his engagement by aiding, abetting, inciting, compelling, or coercing the decision. If you find that Mr. Karupaiyan has not proved that Ms. Bellamkonda actually participated in the discriminatory decision, then you must find Ms. Bellamkonda not liable for aiding and abetting discrimination.

**Source**: *Patterson v. Cnty. of Oneida*, 375 F.3d 206 (2d Cir. 2004); *Feingold v. New York*, 366 F.3d 138 (2d Cir. 2004) *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62 (2d Cir. 2000); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313, 1317 (2d Cir. 1995); *Lee v. Riverbay Corp.*, 751 F. Supp.3d 259 (S.D.N.Y. 2024); *Doe v. Bloomberg L.P.*, 36 N.Y.3d 450 (N.Y. 2021) (explaining the proper interpretation of *Patrowich v. Chemical Bank*, 63 N.Y.2d 541 (1984)); *N.Y. Exec. Law* §§ 296(6); *N.Y.C. Admin. Code* § 8-107(6).

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 21**
**(PLAINTIFF'S SUBJECTIVE BELIEF NOT ENOUGH)**

Mr. Karupaiyan's own subjective belief that Aetna-AHM and Ms. Bellamkonda discriminated against him is not sufficient to meet his burden of proof. Sympathy for the Plaintiff also is not a proper consideration in analyzing his claims. The burden in this case is always on the Plaintiff to prove by a preponderance of the evidence that Defendants ended his engagement, or treated him "less well" because of his race. If Mr. Karupaiyan fails to meet this burden, you must find in favor of Defendants Aetna-AHM and Ms. Bellamkonda.

**Source:** *Isienyi v. Interactive Data Corp.*, No.16-cv-902-GHW, 2018 WL 1578173, at *6-7 (S.D.N.Y. March 27, 2018); *Gaffney v. Dep't of Info. Tech. & Telecomms.*, 536 F. Supp. 2d 445, 475 (S.D.N.Y. 2008); *Berhanu v. N.Y. State Ins. Fund*, Nos. 91 Civ. 4956, 91 Civ. 6088, 93 Civ. 6891, 1999 WL 813437, at *4-5 (S.D.N.Y. Oct. 8, 1999), *aff'd*, 13 Fed. App'x. 30 (2d Cir. June 18, 2001); *Coleman v. Board of Education, City of New* York, No. 96 Civ. 4293 (GBD), 2002 WL 63555 (S.D.N.Y. Jan. 16, 2002); *Williams v. The Salvation Army*, 108 F. Supp.2d 303 (S.D.N.Y. 2000); *Gronne v. Apple Bank for Savings,* No. 98-CV-6091 (JS)(MLO), 2000 WL 298914 (E.D.N.Y. Feb. 14, 2000).

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 22
### (BATTERY)

In addition to his discrimination claims against Aetna-AHM and Ms. Bellamkonda, Mr. Karupaiyan also asserts a battery claim against Defendants Robert Denner and Purvi Jhala.  A person who intentionally touches another person, without that person's consent, and causes an offensive bodily contact commits a battery and is liable for all damages resulting from his or her act.

Intent involves the state of mind with which an act is done. If a person acts voluntarily with a desire to bring about a result he or she is said to have intended the result.  Further, although a person may have no desire to bring about the result, if he or she does the act knowing, with substantial certainly that the result will follow, he or she is said to have intended that result.  The intent required for battery is the intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

Here, as I told you before, Mr. Karupaiyan claims that, at the time he was notified of the end of his engagement with Aetna-AHM, Mr. Denner and Ms. Jhala physically took him by the hand and dragged him into a dark room, where they pulled his hair and kicked him before escorting him off the premises.  Mr. Denner and Ms. Jhala deny any physical contact with Plaintiff, much less an intentional physical contact with him.

If you find that either Mr. Denner or Ms. Jhala or both intentionally took Mr. Karupaiyan by the hand and dragged him into a dark room where they pulled his hair and kicked him, you will find that Mr. Denner or Ms. Jhala or both committed a battery.  If you find that Mr. Denner and Ms. Jhala did not intentionally take Mr. Karupaiyan by the hand and drag him into a dark room, pull his hair or kick him you will find that Mr. Denner and Ms. Jhala did not commit a battery.  Or if you believe that

although Mr. Denner and Ms. Jhala engaged in this conduct, but that the contact was not offensive,

you will also find that Mr. Denner and Ms. Jhala did not commit a battery.

**Source**: ***PJI 3:1, Intentional Torts – Intent Defined; PJI 3:3, Intentional Torts – Interference with Person or Property – Battery - Generally***

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 23**
**(DAMAGES - INTRODUCTION)**

I am about to instruct you as to the proper measure of the damages that you will be considering. The fact that I am instructing you on the proper measure of damages should not be considered an indication of my view as to which party is entitled to your verdict on any of the claims in this case. Instructions on measuring damages are given for your guidance only in the event that you should find for Mr. Karupaiyan on any of his claims. If you find that damages should be awarded, you should not take into consideration any potential attorneys' fees or court costs. Where proper, such awards are decided by the Court if necessary; here, however, Mr. Karupaiyan is not represented by counsel and is not entitled to an award of attorneys' fees.

In determining the amount of damages, if any, that should be awarded, you must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You are instructed that damages are not presumed, nor may they be based upon speculation or guess work; they must be proven. You must also understand that the burden is on the plaintiff to prove by a preponderance of the evidence each item and element of damage that he claims. Unless such item or element claimed is proven by a preponderance of the evidence, the plaintiff cannot recover damages.

You may not award damages based on sympathy, speculation or guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. Your award must be fair and just.

The purpose of the law is to make the plaintiff whole — to put the plaintiff in the same position he would have been in had there been no discrimination or no battery.

Thus, if you find that Mr. Karupaiyan has satisfied his burden of proving by a preponderance of the evidence that Aetna-AHM or Ms. Bellamkonda discriminated against him, or Mr. Denner or Ms.

Jhala committed a battery, only then may you consider the issue of what damages Defendants should

pay Plaintiff. On the other hand, if you decide that Mr. Karupaiyan is not entitled to prevail on his

claims, you need go no further.

I remind you that Mr. Karupaiyan has brought the following claims: and you must render your

verdict as to each claim as follows:

i.      discrimination under Title VII, Section 1981, the New York State Human Rights Law
        and the New York City Human Rights Law;

ii.     hostile work environment under the New York City Human Rights Law;

iii.    aiding and abetting under Section 1981, the New York State Human Rights Law, and
        the New York City Human Rights Law; and

iv.     battery.

You must render a verdict on each claim and, on the claims where you find Mr. Karupaiyan

has proven his case by a preponderance of the evidence, calculate the amount of damages for each of

those claims.


**Source:** **Sand et al.,** ***Modern Federal Jury Instructions*, Inst. 77-01 (2017) (modified); O'Malley et als. § 74.02, § 171.90 (6th ed.) (modified); 42 U.S.C. Section 2000-5(e);** *Albemarle Paper Co. v. Moody***, 422 U.S. 405, 417-18 (1975);** *Carrero v. New York City Hous. Auth.***, 890 F.2d 569, 579-81 (2d Cir. 1989);** *Watson v. E.S. Sutton, Inc.***, No. 02 Civ. 2739, 2005 WL 2170659 at \*16 (S.D.N.Y. 2005);** *Koyen Consol. Edison Co.***, 560 F. Supp. 1161, 1164 (S.D.N.Y. 1983);** *Sogg v. Am. Airlines, Inc.***, 193 A.D.2d 153, 163, 602 N.Y.S.2d 21, 24 (1st Dept. 1993); Jury Instructions in** *Delville v. Firmenich Inc.***, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013); Devitt, Blackmar and Wolff,** *Federal Jury Practice and Instructions* **§ 104.06 (4th ed.) (modified); Richey, C., Manual on Employment Discrimination and Civil Rights Actions in the Federal Courts.**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 24
### (ECONOMIC DAMAGES)

If you should find that Mr. Karupaiyan is entitled to a verdict on one or more of his claims, you may award him only such sums as will reasonably compensate him for the damage you find he has sustained and will sustain as a direct cause of Defendants' actions or inactions.

**Back Pay**

If you conclude that Aetna-AHM or Ms. Bellamkonda discriminated against Mr. Karupaiyan under one or more of the statutes under which he brings his claims, and that Mr. Karupaiyan has lost wages as a result, you will first decide the amount of "back pay" to which Mr. Karupaiyan is entitled, if any. At all times, it is Mr. Karupaiyan's burden to prove his back pay damages. Back pay is an amount equal to the pay that he would have earned had he not been discriminated against.

This calculation includes the compensation that you find Mr. Karupaiyan would have received if he had not been subject to discrimination. Thus, you will calculate the amount of back pay starting with the date Mr. Karupaiyan's engagement ended through the scheduled end of the engagement, which was December 31, 2019. You must then deduct from any amount of back pay you calculate the amount of monies that Mr. Karupaiyan received working at any subsequent jobs between the date his engagement ended and December 31, 2019.

Mr. Karupaiyan had the duty to mitigate his damages – that is, Mr. Karupaiyan was required to make reasonable efforts under the circumstances to reduce his damages, including making reasonable efforts to find other employment. If Defendants prove by a preponderance of the evidence that Mr. Karupaiyan failed to obtain substantially equivalent job opportunities that were reasonably available to him, you must reduce the award of back pay by the amount that Mr. Karupaiyan would have earned if he had obtained those opportunities. In addition, if Mr. Karupaiyan stopped working

for reasons unrelated to the end of his engagement, his entitlement to back pay damages ends at that point.

The fact that Mr. Karupaiyan may have earned compensation through other work after the end of his engagement  does not cut off his right to recover back pay, if the income he received is less that what he would have received had his engagement with Aetna-AHM continued through December 31, 2019. Such earnings at subsequent employment are interim earnings that will mitigate or offset Mr. Karupaiyan's overall recovery of back pay damages from the total calculation for what he would have earned if his engagement with Aetna-AHM had not ended early.

**Source**:  ***Rojas v. Manhattan Jeep Eagle***, **No. 97-9009, 1998 U.S. App. LEXIS 12677, at \*2 (2d Cir. Apr. 20, 1998);** ***Whittlesey v. Union Carbide Corp.***,**742 F.2d 724, 729 (2d Cir. 1994);** ***Dunlap-McCuller v. Riese Org***., **980 F.2d 153, 159 (2d Cir. 1992); O'Malley et al.,** ***Federal Jury Practice and Instructions*** **(5th ed.) §§ 170.61, 104.5; Third Circuit Model Civil Jury Instructions, Section 5.4.4 (June 2023);** ***Pattern Jury Instructions***, **Seventh Circuit Model Jury Instructions, Section 1.21 (Matthew Bender & Co. 2013); Jury Instructions in** ***Delville v. Firmenich Inc.***, **No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 25
### (MITIGATION OF DAMAGES)

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. Mr. Karupaiyan had the duty to take advantage of reasonable opportunities so as to reduce or minimize his loss of earnings by undertaking reasonable efforts to secure alternative employment that is compatible with his abilities, aptitudes and general health, if any such employment existed. If you find that Mr. Karupaiyan failed to take reasonable steps to secure alternative employment, his recovery, if any, for a loss of past or future earnings must be reduced by the amount, if any, that you, the jury, find that Mr. Karupaiyan can or could have earned had they made a reasonable and good faith effort to mitigate his damages.

Bear in mind that the question of whether Plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert themselves unreasonably or to incur unreasonable expense in an effort to mitigate.

In deciding whether to reduce Mr. Karupaiyan's damages, if any, due to some failure to mitigate, you must weigh all the evidence in light of particular circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burden of proving that the Mr. Karupaiyan's conduct was not reasonable. Mr. Karupaiyan's failure to make a reasonable effort to minimize damages does not prevent all recovery, but it does prevent recovery of such damages as might have been avoided.

**Source**: Based upon Bender, Matthew, *Modern Federal Jury Instructions* § 77.07 (2015); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53-55 (2d Cir. 1998); Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 26
### (EMOTIONAL DISTRESS DAMAGES)

Plaintiff is seeking compensatory damages (also called emotional distress damages) based on emotional pain and suffering that he claims to have suffered as a result of Defendants' alleged unlawful conduct.  In order to receive compensatory damages, Plaintiff must prove that he has suffered emotional distress as a result of being discriminated against and/or as a result of the battery. You may consider examples of what you evaluate to be emotional harm, including any evidence of effects on family relationships and sociability, fears or worry, anxiety, anger, chest pain or other physical symptoms of distress, panic attacks, sleeplessness or nightmares, and other types of reactions about which you may have heard testimony.

There is no exact standard for fixing the compensation to be awarded for these elements of damage. There is no requirement that a claim of emotional distress be supported by proof of expenses, lost earnings, or specifically measurable damages. There is also no requirement that a claim of emotional distress be supported by evidence from a medical or mental health professional who treated Mr. Karupaiyan. If you decide to award damages for emotional distress, you must use your judgment to decide a reasonable amount based on the evidence and your common sense. Any award you make should be fair and reasonable in light of the evidence presented at the trial.

However, Mr. Karupaiyan must still prove that Aetna-AHM or Ms. Bellamkonda discriminated against him, or that Mr. Denner or Ms. Jhala physically touched him without his consent causing an offensive bodily contact, *and* that he suffered emotional distress as a result before being entitled to these damages. Vague or nebulous evidence is an insufficient basis for an award of damages for emotional distress. Additionally, you may not award damages based on sympathy, speculation or guess work. If you find that some of Mr. Karupaiyan's emotional distress was caused by something other than Defendants' conduct, such as personal problems or pre-existing conditions, then you must

59

determine what part was caused by Defendants' conduct and you should only award damages for that part to him.

**Source:**  O'Malley et al., *Federal Jury Practice and Instructions* § 171:90 (6th ed.); L. Sand et al., Federal Pattern Jury Instructions, §87-33 (4th ed.); 42 U.S.C. §1981(A)(b)(3); *Patrick S. Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127 (2d Cir. 2008); *Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012); *Turley v. ISG Lackawanna, Inc.*, 774 F.3d 140 (2d Cir. 2014); *Osorio v. Source Enterprises, Inc.*, No. 05 CIV. 10029 (JSR), 2007 WL 683985, at *5 (S.D.N.Y. Mar. 2, 2007); *Cross v. New York City Transit Auth.*, 417 F.3d 241 (2d Cir. 2005); *Thorsen v. Cty. of Nassau*, 722 F. Supp. 2d 277 (E.D.N.Y. 2010); *New York City Transit Auth. v. State Div. of Human Rights*, 78 N.Y.S.2d 207, 216, 573 N.Y.S.2d 49, 54 (1991); *Sogg v. Am. Airlines, Inc.*, 193 A.D.2d 153, 163, 603 N.Y.S.2d 21, 27 (1st Dept. 1993), *motion for leave to appeal denied*, 83 N.Y.2d 754 (1994). O'Malley, et al., *Federal Jury Practice and Instructions*, §170.42 (5th ed. 2012); *EEOC v. First Wireless Group*, No. 03-CV-4990 (JS)(ARL), 2007 WL 586720 *6-7 (E.D.N.Y. Feb. 20, 2007); *Ruhlmann v. Ulster Cty. Dep't of Soc. Servs.*, 194 F.R.D. 445, 449 n.6 (N.D.N.Y. 2000); *Rainone v. Potter*, 388 F. Supp. 2d 120, 122 (E.D.N.Y. 2005); *Abel v. Town Sports International*,  No. 09 Civ. 10388 (DF), 2012 WL 6720919, at *5 (S.D.N.Y. Dec. 18, 2012) (noting that a plaintiff's sparse testimony, standing alone, is generally insufficient to sustain an award of emotional distress damages.); *Dejesus v. Village of Pelham Manor*, 282 F. Supp. 2d 162, 177 (S.D.N.Y. 2003) ("[E]motional distress damages cannot be established by mere subjective statements by the plaintiff, without corroboration, when the plaintiff does not indicate any physical manifestations of her distress."); *Annis v. County of Westchester*, 136 F.3d 239, 249 (2d Cir. 1998); *Hiller v. County of Suffolk*, 199 F.R.D. 101 (E.D.N.Y. 2001); *Blakey v. Continental Airlines, Inc.*, 992 F. Supp. 731, 736 n. 3 (D.N.J. 1998) (lack of evidence that plaintiff's work environment had a serious contribution to her emotional distress prevented recovery); *Timms v. Rosenblum,* 713 F. Supp. 948, 955 (E.D. Va. 1989) (noting the "wisdom" of precluding recovery for mental anguish stemming from the litigation process); *Thoreson v. Penthouse Int'l* , 583 N.Y.S.2d 213, 215 (1st Dep't 1992), *aff'd*, 591 N.Y.S.2d 978 (1992).

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 27
### (DAMAGES – COSTS OF LITIGATION)

I instruct you not to include in any of your damages calculations the expenses, including attorney's fees, which Plaintiff may have incurred in connection with this litigation.

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 28**
**(DELIBERATIONS – DUTY TO DELIBERATE)**

The most important part of this case, members of the jury, is the part that you as jurors are about to play as you deliberate on the issues of fact. It is for you, and you alone, to decide whether Mr. Karupaiyan has proven each of the elements of his claims by a preponderance of the evidence. I know you will judge the issues that have been presented to you according to the oath that you have taken as jurors. In that oath, you promised that you would well and truly try the issues in this case and render a true verdict. Your function is to weigh the evidence in the case and reach your decisions based solely on the evidence. Your duty is to decide the issues before you fairly and impartially, and to see that justice is done.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for yourself, but you should do so only after consideration of the case with your fellow jurors. Your verdict, and the answers to each question on the verdict form, must be unanimous. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without prejudice or favor towards either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

As you deliberate, please listen to the opinions of your fellow jurors and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room or control or monopolize the deliberations. You should all listen to one another with courtesy and respect. If, after stating your own view and after listening to your fellow jurors, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest

convictions and beliefs concerning the weight or effect of the evidence solely because of the opinions of your fellow jurors, because you are outnumbered or for the mere purpose of returning a verdict. Your final vote must reflect your conscientious belief as to how the issues should be decided. Your verdict must be unanimous.

**Source**: **O'Malley et al.,** ***Federal Jury Practice and Instructions*** **§§ 101:01, 103:50, 106:01, 106:16 (6th ed.); Jury Instructions in** ***Delville v. Firmenich Inc.*,** **No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 29
### (DELIBERATIONS – ALL JURORS REQUIRED FOR DELIBERATION)

You are not to discuss the case until all jurors are present. A collection of five, six, or even seven jurors together is only a gathering of individuals. Only when all eight jurors are present do you constitute a jury, and only then may you deliberate.

**Source: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## <u>REQUESTED PRE-DELIBERATION INSTRUCTION NO. 30</u>
### (DELIBERATIONS – DUTIES OF THE FOREPERSON)

I am going to ask that you select a foreperson when you begin your deliberations. You should all vote on who will be the foreperson. The foreperson does not have any more power or authority than any other juror, and foreperson's vote or opinion does not count for any more than any other juror's vote or opinion. The foreperson is merely your spokesperson to the Court. The foreperson will send out any notes for the Court, and when the jury has reached a verdict, he will notify the Court, fill out and sign the verdict form, and give the verdict in open court.

<u>Source</u>: **O'Malley, et al.,** *Federal Jury Practice and Instructions* **§§ 106:04, 20:01(6th ed.); Jury Instructions in** *Delville v. Firmenich Inc.***, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 31**
**(DELIBERATIONS – RIGHT TO EXHIBITS AND TESTIMONY /**
**COMMUNICATIONS WITH THE COURT)**

The exhibits will be sent to you in the jury room. If you want any of the testimony read back to you that can be arranged. Keep in mind that we may not have a printed transcript and it is not always easy for the court reporter to locate the testimony that you might want, so be as specific as you can as to what witness and what portion of that witness's testimony you would like to hear.

Any communication with the Court should be made in writing, signed by your foreperson, and given to the courtroom deputy, who will be here in the courtroom while you deliberate. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom, so I can speak with you in person.

You are not to reveal the standing of the jurors – that is, the split of the vote – to anyone, including me, at any time during your deliberations. So do not ever indicate, in a note or otherwise, what the vote is or which way the majority is leaning or anything like that. Nobody outside the jury should know how the jury stands on any issue until a unanimous verdict is reached.

**Source**: **O'Malley et al.,** *Federal Jury Practice and Instructions,* **§§ 101:20, 103:50, 104:55, 106:08 (6th ed.); Jury Instructions in** *Delville v. Firmenich Inc.***, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 32
### (DELIBERATIONS – JUROR NOTES)

If any of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other juror during your deliberations. Any notes you have taken are to be used solely to assist you. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If you have any doubt as to any testimony, you may request that the testimony be read back to you, as I mentioned earlier.

**Source: O'Malley et al., *Federal Jury Practice and Instructions* §§ 101:15, 103:02 (6th ed.); Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**

**REQUESTED PRE-DELIBERATION INSTRUCTION NO. 33**
**(DELIBERATIONS – IMPARTIALITY AND PERSONS EQUAL BEFORE THE LAW)**

Under your oath as jurors, you are not be swayed by sympathy.  You are to be the completely fair and impartial.  You are to be guided solely by the evidence, or lack of evidence, in this case, without regard to the consequences of your decision.  The crucial question you must ask yourselves as you sift through the evidence is whether the Plaintiff has proven the elements of his claim by a preponderance of the evidence.  It would be improper for you to consider in deciding the facts of this case any personal feeling you may have about the race, religion, national origin, sex, sexual orientation, disability, or age of any party or witness, or any other such irrelevant factor. It would also be improper for you to consider any sympathy you might feel for an individual in a lawsuit.  You should consider and decide this case as a dispute between parties of equal standing in the community, of equal worth, and holding the same or similar situations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including corporations and other organizations, stand equal before the law and are to be treated as equals.

<u>Source</u>: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 34
### (DELIBERATIONS – VERDICT FORM)

As I said before, when you retire to deliberate, you should choose a foreperson. The foreperson will receive a verdict form on which to record your verdict. You will see that the verdict form has various questions for you to answer in the order in which they appear. When the foreperson has completed the verdict form, the foreperson must sign his name, and the verdict form will be marked as a Court Exhibit.

**Source**: O'Malley et al., *Federal Jury Practice and Instructions* §§ 103:50; 106:05 (6th ed.); Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).

## REQUESTED PRE-DELIBERATION INSTRUCTION NO. 35
### (DELIBERATIONS – CLOSING)

Finally, all litigants stand equal in this courtroom. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially and to see that justice is done in accordance with your oath as jurors.

I thank you for your time and attentiveness.


**Source: Jury Instructions in *Delville v. Firmenich Inc.*, No. 08 Civ. 10891, ECF No. 118, at 149-85 (Nov. 13, 2013).**