UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALANI KARUPAIYAN,

               Plaintiff,

      -v-                                       19-CV-08814 (JAV)

CVS HEALTH CORPORATION, et al.,                 ORDER

               Defendants.

JEANNETTE A. VARGAS, United States District Judge:

       For the reasons stated on the record during the conference held on September 30, 2025, the Court **GRANTS IN PART** and **RESERVES DECISION IN PART** on Defendants' Motions in Limine.  Defendants' first motion in limine, which seeks a ruling to preclude any testimony, evidence and argument referring to or relating to Plaintiff's dismissed claims is granted in part.  The Court struck as irrelevant any testimony, evidence or argument referring to or relating to Plaintiff's dismissed claims.  Furthermore, the Court did not find a basis to include evidence relating to Plaintiff's "medical condition or any ongoing condition" and found that Plaintiff's failure to pay claim was not relevant to the surviving race discrimination or assault claims.  *Id.* at 21:2–22:9.  Notwithstanding the foregoing, the Court reserves decision until trial, on whether evidence related to potential consequences Plaintiff faced following his termination from employment would be relevant to his claim for termination based on race discrimination.  *Id.* at 22:10–23:4.  Defendants' second motion in limine, which seeks to bifurcate the merits phase of trial from any presentation of evidence on punitive damages is granted.  *Id.* at 23:24–27:16.

       It is HEREBY ORDERED that this matter is scheduled for trial beginning **Monday, May 11, 2026, at 9:00am,** in **Courtroom 11B**, United States Courthouse, 500 Pearl Street, New York New York.  The parties should immediately confirm the trial date with any and all witnesses.  If counsel fails to bring any such conflict to the Court's attention within the next three days, no adjournments will be granted on that basis.

       It is FURTHER ORDERED that counsel for all parties shall appear for a final pretrial conference on **Monday, May 4, 2026,** at **11:00am**, in Courtroom 11B, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

       It is FURTHER ORDERED that, in accordance with Paragraph 8.J of the **Court's Individual Rules and Practices for Civil Cases**, by **April 20, 2026**, Defendants' shall file on ECF and submit by email to [VargasNYSDChambers@nysd.uscourts.gov](mailto:VargasNYSDChambers@nysd.uscourts.gov) Defendants' proposed verdict form.

Any pre-marked exhibits that the parties seek to submit as evidence shall be submitted to the Court in the formats required by the **Court's Individual Rules and Practices for Hearings and Trials**, via flash drive by **April 20, 2026**.

**The Court's Individual Rules and Practices mentioned above are attached to this Order and available at https://nysd.uscourts.gov/hon-jeannette-vargas.**

SO ORDERED.

Dated: March 12, 2026
      New York, New York

                                     JEANNETTE A. VARGAS
                                     United States District Judge

<u>**INDIVIDUAL RULES AND PRACTICES IN CIVIL CASES**</u>
**Honorable Jeannette A. Vargas, United States District Judge**

<u>**Chambers**</u>
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
<u>VargasNYSDChambers@nysd.uscourts.gov</u>

**Unless otherwise ordered by the Court, these Individual Practices apply to all civil matters before Judge Vargas except for civil *pro se* cases (see Individual Practices in Civil Pro Se Cases, available at** <u>https://www.nysd.uscourts.gov/hon-jeannette-vargas</u>**).**

1. **Civility in All Proceedings**

   Parties must act with the highest degree of professionalism and courtesy in their dealings with other parties, the Court and Court staff, and anyone else involved in the litigation. Abusive conduct of any kind will not be tolerated and should promptly be brought to the Court's attention. For the avoidance of doubt, this provision applies to discovery communications and conduct in depositions.

2. **Guidelines for All Submissions**

   A. **Electronic Case Filing ("ECF").** In accordance with the S.D.N.Y. Electronic Case Filing Rules and Instructions, except as otherwise expressly provided, all documents filed with the Court must be filed electronically.

   B. **Text Searchable Submissions.** If feasible, every submission should be in text-searchable format created by converting the document electronically to PDF by computer (that is, not by scanning a printed document). If a PDF is created by scanning a printed document (for instance, in the case of a pre-existing documentary exhibit), the party should use software to make the document text searchable whenever possible.

   C. **Amended or Corrected Filings.** Any amended or corrected filing shall be filed with a redline showing all differences between the original and revised filing.

**D. Submission of Large Electronic Files.** If a party needs to submit large files that cannot be uploaded to ECF due to size, the party should email the Court at VargasNYSDChambers@nysd.uscourts.gov. The email should copy all other counsel in the case and include the name and docket number of the case and the nature and size of the materials to be submitted electronically.

**E. No Courtesy Copies.** Unless the Court orders otherwise, parties should not submit courtesy copies of any submissions.

**F. Related and Consolidated Cases.**

> **i.** After an action has been accepted as related to a prior filing, all future court papers and correspondence must contain the docket number of the new filing as well as the docket number of the case to which it is related (e.g., 22-CV-1234 [rel. 21-CV-4321]).

> **ii.** After two or more actions have been consolidated for all purposes under a single docket number pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, all future court papers and correspondence should be filed only in the docket under which the cases have been consolidated.

## 3. Communications with Chambers

**A. Letters and Letter Motions.** Except as provided herein or as otherwise ordered by the Court, communications with Chambers shall be by letter filed on ECF. Letters may not exceed four pages in length (single-spaced, with standard font and margins, inclusive of signature blocks, but exclusive of exhibits or attachments) without prior permission from the Court. Copies of correspondence between counsel shall not be sent to the Court or filed on ECF except as exhibits to an otherwise properly filed document. Letters seeking relief (consistent with S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions) should be filed as letter-motions on ECF, not ordinary letters. Any opposition to letters must be filed within three (3) business days of the filing party's letter motion.

**B. Telephone Calls.** Except as provided in Section 5(L) and 7(B), calls to Chambers are permitted only in urgent situations requiring immediate attention, where submission of a letter or letter motion is not feasible. In such situations, call Chambers. Parties should review these Individual Rules and Practices before calling with questions about the Court's rules and practices.

2

**C. Hand-Deliveries.**  Hand-delivered mail should be left with the Court Security Officers at the Worth Street entrance of the Daniel Patrick Moynihan United States District Courthouse, 200 Worth Street, New York, NY 10007.  If the hand delivered letter is urgent and requires the Court's immediate attention, ask the Court Security Officers to notify Chambers that an urgent package has arrived that needs to be retrieved by Chambers staff immediately.

**D. Faxes.**  Faxes to Chambers are not permitted without express prior permission, and only in cases of unforeseeable emergencies.

**E. Requests for Adjournment or Extension of Time.**  All requests for adjournments or extensions of time must be made in writing and filed on ECF as letter-motions, not as ordinary letters.  ***Parties should not submit proposed stipulations or proposed orders purporting to extend deadlines.***

The letter-motion must state: (1) the original date and the new date requested; (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reason for the extension or adjournment; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusal to consent; and (6) the date of the parties' next scheduled appearance before the Court.  If the requested extension affects any dates set forth in the Civil Case Management Plan, a proposed Amended Civil Case Management Plan must be attached.  Absent an emergency, any request for extension or adjournment shall be made as early as possible, and at least 48 hours prior to the deadline or scheduled appearance.  Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

A request to extend the deadline to complete all discovery is unlikely to be granted.  But any such request shall include a statement as to what discovery requests have been propounded, who propounded each request, and on what date; what responses were made, who made each response, and on what date; and the volume of documents produced, who produced the documents, and on what date.

## 4.  Conferences

**A. Telephone and Video Conference ("Remote Conferences").**  Unless otherwise ordered by the Court, any Remote Conference will be held via a Microsoft Teams meeting organized by the Court.  The following procedures shall apply to all Remote Conferences:

i.   Prior to the Remote Conference, the Court will issue an Order with instructions regarding how to join the Microsoft Teams meeting.

ii.  Counsel in attendance who will not be speaking must have their videos off and be muted for the duration of the conference.

iii. If counsel joins the Remote Conference by audio-only, counsel should dial-in using a landline whenever possible, should use a headset or handset instead of speakerphone, and must mute themselves whenever they are not speaking to eliminate background noise.  To facilitate the creation of an accurate transcript if the conference is held on the record, counsel who are joining the conference audio-only are required to identify themselves every time they speak.  Counsel should spell any proper names for the court reporter.  Counsel should also take special care not to interrupt or speak over one another.

iv.  The broadcasting or recording of any court conference is prohibited by law.

B. **Participation by Junior Attorneys.**  The Court encourages the participation of less experienced attorneys in all proceedings—including pretrial conferences, hearings on discovery disputes, and witness examinations at trial—particularly where that attorney played a substantial role in drafting the underlying filing or in preparing the relevant witness.  The Court may be inclined to grant a request for oral argument where doing so would afford the opportunity for a junior attorney to gain courtroom experience.  To facilitate this provision, the Court is amenable to permitting more than one attorney to speak at a conference or argument.

C. **Authority Consistent with Proceeding.**  All attorneys appearing before the Court must have authority to bind the party they represent consistent with the proceedings.

D. **Pronouns and Honorifics.**  The parties and counsel are invited to advise the Court of their honorifics and/or pronouns—such as Ms., Mx., or Mr.—so that the Court may address them respectfully.  People appearing before this Court may do so in writing and/or when appearing for conferences, hearings, or trials, by speaking to the Courtroom Deputy.

### 5. Motions and Specific Types of Filings

A. **Memoranda of Law.**  Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 8,750 words, and reply memoranda are limited to 3,500 words.  The format of all memoranda of law shall comply with Local Rule 7.1, except that all font, including any footnotes, must be in 12-point font or larger.  Memoranda of 10 pages or more shall contain a table of contents and a table of authorities, neither of which shall count against the word limit.  Surreply memoranda are not allowed (unless specifically permitted in extraordinary situations for good cause).

These limits do not include the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but do include material contained in footnotes or endnotes.  If a brief is filed by an attorney or prepared with a computer, it must include a certificate by the attorney, or party who is not represented by an attorney, that the document complies with the word-count limitations.  The person preparing the certificate may rely on the word count of the word-processing program used to prepare the document.  The certificate must state the number of words in the document.  To the extent the court permits a party to submit briefs longer than these limits, and expresses those limits in pages, each additional page must not contain more than 350 additional words if the brief is filed by an attorney or prepared with a computer.

B. **Letter-Motions.**  When permitted by the S.D.N.Y. Local Rules and the S.D.N.Y. Electronic Case Filing Rules and Instructions, letters seeking relief should be filed on ECF as letter-motions, not as ordinary letters.  In particular, all requests for adjournments, extensions, and pre-motion conferences (including pre-motion conferences with respect to discovery disputes) should be filed as letter-motions.

C. **Pre-Motion Conferences in Civil Cases.**  Pre-motion conferences are not required, except for disputes concerning discovery, which are governed by Section 6 below.

D. **Filing of Motion Papers.**  Motion papers must be filed promptly after service.

E. **Unpublished Cases.**  The parties need <u>not</u> provide copies of unpublished cases if the case is available on Westlaw or LexisNexis.  For cases only available on Westlaw or Lexis, the Westlaw citation should be used whenever possible.

**F.  Failure of the Court to Schedule Argument or Decide a Motion.** If a motion is not decided within 60 days of the date that it was fully briefed, counsel for the movant shall send a letter to alert the Court.

**G.  Proposed Orders and Stipulations.**  Proposed orders to show cause, temporary restraining orders, stipulations, consent orders and proposed judgments are to be filed electronically on ECF as explained in the SDNY Electronic Case Filing Rules and Instructions.  Counsel should also email an electronic copy of any proposed order to Chambers, in both Microsoft Word and PDF formats.

**H.  Oral Argument on Motions.**  A party may request oral argument by indicating "ORAL ARGUMENT REQUESTED" on the cover page of its memorandum of law.  If a party believes that the Court would benefit from oral argument for a particular reason not obvious from the parties' briefing, the party may file a short letter—not a letter-motion—explaining the reason(s).  In this letter, the party should advise the Court if oral argument would be handled by a less-experienced attorney because, as discussed in Section 4(B) above, that may make the Court more inclined to hold oral argument.  If oral argument is requested, the Court will determine whether argument will be heard and, if so, advise counsel of the argument date.

**I.  Motion to Dismiss.**

  **i.**  Upon the filing of a motion to dismiss, the non-moving party is required, within 10 days, to notify the Court whether it intends to file an amended pleading or rely on the pleading being attacked.  If the non-moving party elects not to file an amended pleading, the motion will proceed in the regular course, and the Court is unlikely to grant the non-moving party a further opportunity to amend to address the purported deficiencies made apparent by the fully briefed arguments in the moving party's motion.  *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (leaving "unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility").  This provision does not alter the time to file a response to the motion to dismiss.

  **ii.**  If the non-moving party amends its pleading, within 21 days of such amendment, the moving party may file an answer, file a new motion to dismiss, or notify the Court that it will rely on the initially-filed motion to dismiss.  If the moving party files a new

6

> motion to dismiss, the Court will terminate the prior motion to dismiss as moot.

**J.  Motion for Leave to Amend a Pleading.**  When moving to amend any pleading, the moving party shall file with the motion a redline showing all differences between the operative pleading and the proposed amended pleading.

**K.  Summary Judgment**

    **i.  Discouraged in Non-Jury Cases.**  Summary judgment motions are discouraged in non-jury cases.

    **ii.  Rule 56.1 Statements.**  Any party represented by counsel that moves for summary judgment shall provide all other parties with an electronic copy, in a standard word processing format, of the moving party's Statement of Material Facts Pursuant to Local Civil Rule 56.1 ("Rule 56.1 Statement").  Opposing parties must reproduce each entry in the moving party's Rule 56.1 Statement and set out the opposing party's response directly beneath it.  Each factual assertion in Rule 56.1 Statements must be followed by a citation to the portion(s) of the evidentiary record relied upon.

    **iii.  Record Evidence Citations.**  Each memorandum of law must include a statement of facts and may not simply incorporate by reference the entirety of a party's Rule 56.1 Statement. Moreover, all factual assertions in memoranda of law should be supported by citations to the underlying record evidence, not to the Rule 56.1 Statement.

    **iv.  Deposition Transcripts.**  Deposition transcripts that are supplied in connection with a summary judgment motion, whether in whole or in part, should be text-searchable and include an index where available.

**L.  Applications for a Temporary Restraining Order.**  A party must confer with their adversary before making an application for a temporary restraining order unless the requirements of Federal Rule of Civil Procedure 65(b) are met.  As soon as a party decides to seek a temporary restraining order, that party must file a letter on ECF (under seal if proceeding *ex parte*) and state clearly whether: (1) it has notified its adversary and whether the adversary consents to temporary injunctive relief; or (2) the requirements of Federal Rule of Civil Procedure 65(b) are satisfied and no notice is necessary.

The moving party must email VargasNYSDChambers@nysd.uscourts.gov giving notice of the filing and the time frame requested for Court action.  The moving party should then file a Motion for a Temporary Restraining Order, supporting documents and a proposed order on ECF in accordance with ECF procedures.  Where the motion is made on notice to the other parties, the moving party should simultaneously serve the documents on any party that will not receive electronic service via ECF.  If the matter is time sensitive and Chambers does not respond within two hours, the movant may call Chambers before the end of the business day.

If a party's adversary has been notified but does not consent to temporary injunctive relief, the party seeking a restraining order must file the application at a time mutually agreeable to it and the adversary, so that the Court may have the benefit of advocacy from both sides in deciding whether to grant temporary injunctive relief.

**M. Default Judgment Motions.**  A plaintiff seeking a default judgment must proceed by way of motion pursuant to the procedure set forth in Attachment A to these rules.

**N. Protective Order.**  Any party seeking a protective order must submit a proposed protective order that conforms as closely as possible to the Court's Model Protective Order, which is available on the Court's public webpage at https://www.nysd.uscourts.gov/hon-jeannette-vargas.  The proposed protective order must be filed on ECF in accordance with Rule 13.18 of the SDNY ECF Rules and Instructions.  Additionally, the party or parties seeking entry of the protective order must file a letter on ECF either a) certifying that the parties have adopted, without alteration, the Court's Model Protective Order, or b) if alterations were made, explaining the reasons for such alterations.  If the proposed protective order does deviate from the Model Protective Order, the parties should include as an attachment to the letter a blackline showing all changes.  The Court disfavors modifications to the Court's Model Protective Order.

**O. Exclude Testimony of Experts.**  Unless the Court orders otherwise, motions to exclude the testimony of experts, pursuant to F.R.E. 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), line of cases must be made by the deadline for dispositive motions and should not be treated as motions *in limine*.

### 6. Discovery

**A. Stay of Discovery.** It is not the Court's practice to stay discovery while a dispositive motion is pending. If a party nonetheless seeks a stay of discovery, such request must be made in writing and filed on ECF as a letter-motion, not an ordinary letter. Moreover, if the grounds for the requested stay of discovery is the filing of a dispositive motion that is either contemplated or pending at the time the Court holds the initial pretrial conference, the motion for a stay of discovery should be filed no later than two weeks prior to the date of the conference. The opposition to such a motion should be filed one week after the letter-motion is filed. No reply will be permitted.

**B. Discovery Disputes.** Prior to bringing a motion pursuant to Rules 26 through 37 or Rule 45 of the Federal Rules of Civil Procedure, a party must follow the procedures set forth below.

    **i. Meet and Confer.** Any party wishing to raise a discovery dispute with the Court must first confer in good faith at least once with the opposing party—in person, by videoconference, or by telephone—to resolve the dispute. E-mail communication alone will not satisfy the meet-and-confer requirement. Where a party raises a discovery dispute with the opposing party, the opposing party must make itself available to confer in good faith to resolve the dispute within three business days of a request for a conference.

    **ii. Letter-Motions.** If the meet-and-confer process does not resolve the dispute, the party seeking discovery must promptly submit a letter-motion to the Court via ECF, no longer than four pages (single spaced, with standard font and margins, inclusive of the signature block), explaining the nature of the dispute and why the party is entitled to relief. The initial letter-motion must state: (1) the date(s), time(s), and duration of each meet-and-confer conference; (2) the names of the attorneys who participated; and (3) that the moving party informed the adversary during the last conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting relief from the Court.

    If the opposing party wishes to respond, it must do so in a letter not to exceed four pages (single spaced, with standard font and margins, inclusive of the signature block) within two business days, unless otherwise ordered by the Court. Reply letters are not permitted.

    **iii. Timeliness.** Counsel should seek relief in accordance with these procedures in a timely fashion. If a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks or more time for discovery.

## 7. Conduct in Depositions

**A.** All objections during a deposition must be "stated concisely in a nonargumentative and nonsuggestive manner." Fed. R. Civ. P. 30(c)(2). Witness coaching or disruptive commentary of any kind during questioning is prohibited. Objections to the form of a question (e.g., argumentative, asked and answered, calls for a narrative response, calls for a legal conclusion, compound, vague, ambiguous, calls for speculation) should be limited to "objection form." If the examining attorney is unclear as to the nature of the form objection, the examining attorney may seek further clarification from the objecting attorney.

**B.** If a dispute arises during a deposition, and the letter-motion procedures in Paragraph 5 are not feasible to address it, the parties may call Chambers to raise the dispute with the Court during the deposition. If a party wishes to engage the Court in this manner, all parties in attendance at the deposition must make themselves available and call the Court jointly.

## 8. Pre-Trial Procedures and Filings

**A. Initial Case Management Conference.** Plaintiff's counsel (or, in a matter removed from state court, defendant's counsel) is responsible for distributing copies of the Notice of Initial Pretrial Conference to all parties. The Notice will direct the parties to submit to the Court, approximately one week prior to the conference date, a joint proposed Case Management Plan and Scheduling Order (a model of which can be found on the Court's public webpage at https://www.nysd.uscourts.gov/hon-jeannette-vargas). Requests for adjournments of the initial pretrial conference must be made in accordance with Section 3(E), *supra*.

**B. Cases Removed from State Court.** Counsel for the party or parties that removed the case must follow 28 U.S.C. § 1446(a) and file a copy of the state court docket sheet within three calendar days of filing the notice of removal. Plaintiffs shall ensure that a copy of the operative complaint is posted electronically to the docket on the ECF system.

Counsel for all parties must file on ECF a notice of appearance in this Court promptly upon removal.

**C. Post-Fact Discovery Settlement Discussions.** No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement. If no settlement is reached during this meeting, the parties should discuss whether a mediation or referral to the magistrate judge for a settlement conference would be productive.

**D. Post-Fact Discovery Joint Status Letter.** Two weeks following the close of fact discovery, or at a time otherwise ordered by the Court, the parties shall file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement conference to be held before the designated Magistrate Judge. The letter should not identify any party that has declined to consent. The parties should indicate in the letter whether the parties intend to conduct expert discovery. In a case without expert discovery, the letter shall notify the Court if any party anticipates filing a dispositive motion, and if so, set forth a proposed briefing schedule for any such motion(s).

**E. Post-Expert Discovery Joint Status Letter.** In cases in which the parties conduct expert discovery, no later than one week after the close of expert discovery, or at a time otherwise ordered by the Court, counsel for all parties must file a joint status letter. This letter shall notify the Court if any party anticipates filing a dispositive motion or a motion to exclude testimony of experts pursuant to Federal Rules of Evidence 702–705 and the *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases. If so, the parties should set forth a proposed briefing schedule for any such motion(s).

**F. Joint Pretrial Order.** Unless otherwise specified by the Court, within thirty (30) days after the close of discovery or if any dispositive motion is filed, within thirty (30) days from the Court's decision on such motion, the parties shall file on ECF a joint pretrial order. The joint pretrial order shall include the information required by Fed. R. Civ. P. 26(a)(3) and the following:

  **i.** the full caption of the action;

  **ii.** the names, law firms, addresses, and telephone numbers of trial counsel;

11

iii.   a statement as to whether or not all parties have consented to trial by a magistrate judge, without identifying which parties do or do not consent;

iv.   a statement as to the number of trial days needed and as to whether the case is to be tried with or without a jury;

v.   a brief statement by the plaintiff as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction.  Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;

vi.   a brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies.  Such summaries shall also identify all claims and defenses previously asserted which are not to be tried.  The summaries should not recite any evidentiary matter;

vii.   a joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

viii.   a list of people, places, and institutions that are likely to be mentioned during the course of the trial, to be read to potential jurors during voir dire;

ix.   any stipulations or agreed statements of fact or law to which all parties consent;

x.   a list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, and a brief summary of the substance of each witness's testimony;

xi.   a designation by each party of deposition testimony to be offered in its case-in-chief and any counter-designations and objections by any other party.  The parties should not designate deposition testimony to be used for impeachment purposes only.  Any objections not made are waived;

xii.   a list by each party of exhibits to be offered in its case in chief, with a single asterisk indicating exhibits to which no party objects to on grounds of authenticity, and two asterisks indicating exhibits to which no party objects on any ground.  Any objections not made are waived;

xiii.  a statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

xiv.  a statement of whether the parties consent to less than a unanimous verdict.

G.  **Motions *in Limine*.**  At the time the joint pretrial order is filed, the parties shall file and serve motions addressing any evidentiary issues or other matters which should be resolved *in limine*.  Any party wishing to file a motion *in limine* must first confer in good faith with the opposing party in an effort to resolve the dispute.  Any motion *in limine* must include a representation that the meet and-confer process occurred and was unsuccessful.  Each party must file a single memorandum of law, consistent with Rule 5(A) above, in support of all motions *in limine* filed by that party.  Any opposition papers will be due in two weeks.

H.  **Pretrial Memoranda of Law.**  At the time the joint pretrial order is filed, a party may file a pretrial memorandum of law if it believes it would be useful to the Court.  Any response or opposition to a pretrial memorandum of law shall be due two weeks after the filing of the opening memorandum.  The pretrial memorandum and response each shall not exceed 25 pages.

I.  **Deposition Designations.**  In any civil case in which the parties have designated deposition testimony in the joint pretrial order, by no later than a week prior to the final pretrial conference, the parties shall jointly submit by email to VargasNYSDChambers@nysd.uscourts.gov the complete deposition transcripts with color-coded highlighting indicating the portions designated by each party (including any counter-designations) and the objections listed in the margins.  The highlighted deposition transcripts should not be filed on ECF.

J.  **Additional Required Pretrial Filings in Jury Cases.**  No later than two weeks before trial, the parties shall jointly file on ECF and submit by email to VargasNYSDChambers@nysd.uscourts.gov a Microsoft Word version of the following documents:

i.  ***Voir Dire* Questions.**  The parties shall submit in a single document a set of joint case-specific proposed *voir dire* questions.  For any disputes, each party should clearly set forth its proposed question and briefly state why the Court should use it.  Absent

13

good cause, proposed *voir dire* questions should include only those questions unique to the facts of the case being tried.

ii. **Requests to Charge.**  The parties shall submit in a single document a joint request to charge.  The parties shall endeavor to use plain English that can be readily understandable by a layman, and to define terms that may be unfamiliar to the jury.  Each proposed request to charge should cite to the supporting authority from which it is derived.  For any proposed request to charge on which the parties cannot agree, the disputed language must be highlighted or readily identifiable in track changes.  Any counterproposal(s) should be presented together with the disputed section, along with a brief explanation of the grounds for each party's position, with citations to supporting authority.  Absent good cause, the parties should not include proposed language for standard instructions (about, for example, the role of the Court and the jury, the standard of proof, what is evidence, etc.), as the Court is likely to use its own standard instructions.  The parties should, however, include a list of standard instructions that they believe are appropriate for the Court to give in the case.

iii. **Verdict Form.**  The parties shall submit in a single document a joint proposed verdict form, noting any areas of disagreement between the parties and, if applicable, citing supporting authority in support of the parties' respective positions.

K. **Additional Required Pretrial Filings in Non-Jury Cases.**  At the time the joint pretrial order is filed in a non-jury case, each party shall file and serve proposed findings of fact and conclusions of law.  The proposed findings of fact must be detailed and include citations to the anticipated trial testimony and exhibits.  This document should also be submitted by email to VargasNYSDChambers@nysd.uscourts.gov in Microsoft Word format.

9. **Settlements**

A. As soon as the parties reach an agreement to settle in principle, the parties must file a joint letter via ECF notifying the Court.

B. The Court will not retain jurisdiction to enforce confidential settlement agreements.  If the parties wish that the Court retain jurisdiction to enforce a settlement agreement, the parties must place the terms of their agreement on the public record.  The parties may either provide a copy of the settlement agreement for the Court to endorse or include

the terms of their settlement agreement in their stipulation of settlement and dismissal.

C.  Parties that seek to settle FLSA claims through a stipulated dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) must submit the settlement agreement and all other necessary information for Court approval in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).  The Court will not approve a settlement agreement that contains an overly broad release clause or for which the parties fail to submit all necessary information, including, *inter alia*, the parties' estimations for the plaintiff's number of hours worked, applicable wages, and a detailed breakdown of the justification for any requested attorneys' fees.

## 10. Redactions and Filing Under Seal

A.  **Privacy Policy.**  The parties are referred to Federal Rule of Civil Procedure 5.2 and the S.D.N.Y. ECF Privacy Policy ("Privacy Policy").  The parties should not include, unless necessary, the five categories of "sensitive information" in their submissions (*i.e.*, social security numbers, names of minor children [use the initials only], dates of birth [use the year only], financial account numbers and home addresses [use only the City and State]).

B.  **Redactions Not Requiring Court Approval.**  Without Court approval, parties may redact the five categories of "sensitive information" and the six categories of information requiring caution (*i.e.*, personal identifying number, medical records, treatment and diagnosis, employment history, individual financial information, proprietary or trade secret information and information regarding an individual's cooperation with the government), as described in the Privacy Policy.

C.  **Redactions and Sealed Filings Requiring Court Approval.**  All redactions other than those under Federal Rule of Civil Procedure 5.2 require Court approval.  The Court will review each proposed redaction individually.  To be approved, redactions must be narrowly tailored to serve whatever purpose justifies them and otherwise consistent with the presumption in favor of public access to judicial documents.  *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).  In general, the parties' consent or the fact that information is subject to a confidentiality agreement (or protective order) between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents.

15

Any party seeking to file a document under seal or in redacted form shall proceed as follows:

i. **Meet and Confer.**  The party seeking leave to file sealed or redacted materials should meet and confer with any opposing party (or any third party seeking confidential treatment of the information) in advance to narrow the scope of the request. When a party seeks leave to file a document under seal or in redacted form on the ground that an opposing party or third party has requested it, the filing party shall notify the opposing party or third party that it must file, within three business days, a letter explaining the need to seal or redact the document.

ii. **Sealed Document(s).**  The party shall electronically file a letter motion seeking leave to file a document under seal on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.  The letter motion itself shall be filed in public view, should explain the reasons for seeking to file the document under seal, and should not include confidential information.  The proposed sealed document shall be separately and contemporaneously filed under seal on ECF (with the appropriate level of restriction) and electronically related to the motion (or to the relevant Court order if the Court previously granted leave to file the document under seal).  Note that the summary docket text, but not the document itself, will be open to public inspection and, thus, the summary docket text should not include confidential information sought to be filed under seal.

iii. **Redacted Document(s).**  Where a party seeks leave to file a document in redacted form, the party shall file a letter motion seeking leave to file a document in redacted form on ECF in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.  The letter motion itself shall be filed in public view, should explain the reasons for seeking to file the document in redacted form, and should not include confidential information.  At the same time, the party shall (1) publicly file on ECF and electronically relate to the letter motion a copy of the document with the proposed redactions; and (2) file under seal on ECF (with the appropriate level of restriction) and electronically relate to the motion an unredacted copy of the document with the proposed redactions highlighted.

16

iv. **Submission by Email.**  Any party unable to comply with the requirement for electronic filing under seal on ECF, or who believes that a particular document should not be electronically filed at all, shall file a letter-motion by email, seeking leave of the Court to file in a different manner.  Such letter-motions may be emailed to VargasNYSDChambers@nysd.uscourts.gov as text-searchable PDF attachments, with copies simultaneously delivered to all counsel.  In the subject line, the cover email should state clearly: (1) the caption of the case, including the lead party names and docket number; and (2) a brief description of the nature of the request.  Parties shall not include substantive communications in the body of the email.  The letter-motion must explain why sealing or redaction is justified in light of the standards discussed in Section 10(C) above.  If the party believes that the letter-motion itself should be sealed or redacted, the letter-motion should so state and should provide the justification therefor.  Unless otherwise ordered by the Court, letter-motions seeking leave to file in a different manner shall comply with Section 3(A).

11. **Use of Electronics**

   A. **Electronic Devices in the Courtroom.**  Attorneys' use of personal electronic devices (including mobile phones) and general purpose computing devices (such as laptops and tablets) within the Courthouse and its environs is governed by Standing Order M10-468.  When Court permission is required under the Standing Order, attorneys seeking to bring electronic devices to the Court should email a completed Model Court Order to VargasNYSDChambers@nysd.uscourts.gov.  Chambers will coordinate with the District Executive's Office to issue the Order and forward a copy to counsel.  The Order must be shown upon bringing the equipment into the Courthouse.

   B. **Mobile Phones.**  Attorneys in compliance with the Standing Order may bring mobile phones into the Courtroom, but the phones MUST be kept turned off at all times.  Non-compliance with this rule will result in forfeiture of the device for the remainder of the proceedings.

17

## ATTACHMENT A

## DEFAULT JUDGMENT PROCEDURE

If a party fails to respond to a claim, the party asserting the claim should promptly move for entry of default judgment if appropriate.  If a failure to answer is the basis for the default, the party seeking a default judgment must begin by seeking a Clerk's Certificate of Default pursuant to Local Civil Rule 55.1.  Only *after* obtaining a Clerk's Certificate of Default should the party proceed to file a motion for default judgment on ECF pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2.  (Counsel should therefore seek and obtain a Clerk's Certificate of Default well in advance of any Court-imposed deadline to move for default judgment.)

A party seeking a default judgment should *not* proceed by order to show cause.  Any motion for default judgment must be supported by the following papers:

    **A.** an attorney's affidavit or declaration pursuant to Local Civil Rule 55.2(a)(1);

    **B.** a statement of damages, sworn or affirmed to by one or more people with personal knowledge, showing the proposed damages and the basis for each element of damages, including interest, attorney's fees, and costs;

    **C.** a memorandum of law setting forth:

        **i.** choice of law;

        **ii.** the basis for subject-matter and personal jurisdiction;

        **iii.** the basis for entering a default judgment, including a description of the method and date of service of the summons and complaint;

        **iv.** the procedural history beyond service of the summons and complaint, if any;

        **v.** legal authority for why such service was proper;

        **vi.** the elements of each cause of action as to which default judgment is sought, with supporting legal authority;

        **vii.** for each defendant and for each cause of action as to which default judgment is sought, an analysis demonstrating that the facts pleaded in the complaint support the conclusion that the relevant defendant is liable with respect to that cause of action;

18

     **viii.** whether, if the default is applicable to fewer than all of the counterparties, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action;

     **ix.** if applicable, the legal authority supporting the conclusion that an inquest into damages is unnecessary; and

     **x.** where, in the view of the moving party, no inquest is necessary, for each defendant as to which default judgment is sought, an analysis demonstrating that the information presented together with the application for default judgment support the requested award of damages.

**D.** if the proposed damages are supported by calculations, native versions of the files with calculations (*i.e.*, versions of the files in their original format, such as in ".xlsx"), which shall be emailed to Chambers at VargasNYSDChambers@nysd.uscourts.gov;

**E.** a proposed default judgment;

**F.** copies of all the operative pleadings;

**G.** a copy of the affidavit of service of the summons and complaint; and

**H.** a certificate of service stating that all documents in support of the request for default judgment have been personally served on or mailed to the party against whom default judgment is sought, pursuant to Local Civil Rule 55.2(a)(3).

<u>INDIVIDUAL RULES AND PRACTICES FOR HEARINGS AND TRIALS</u>
**Honorable Jeannette A. Vargas, United States District Judge**

<u>**Chambers**</u>
United States District Court
Southern District of New York
500 Pearl Street, Room 703
New York, NY 10007
VargasNYSDChambers@nysd.uscourts.gov

1. **Trial Practices to Ensure Efficiency and Time Management**

   A. **Schedule.** Unless otherwise decided by the Court, trials will generally be conducted Monday through Thursday from 9:30 a.m. to 5:00 p.m., with breaks throughout the day. When the jury is not seated, the parties may raise issues for rulings that may arise during the trial. In jury trials, in order to keep distractions during the trial to a minimum, counsel shall be present by 9:00 a.m. and available after 5:00 p.m. to discuss scheduling and any disputed matters that may arise.

   B. **Time Limits.** The Court will impose time limits for opening statements and summations.

   C. **Sidebars.** Sidebars during jury trials are strongly disfavored and will not be permitted if abused. Counsel are expected to anticipate any issues that might require argument and to raise those issues with the Court in advance of the time that the jury will be hearing the evidence, ideally in advance of the final pretrial conference.

   D. **Conferring with Opposing Party.** Whenever possible, a party shall first raise any issue with the opposing party before raising the issue with the Court, including anticipated evidentiary and legal issues that require argument.

   E. **Witness Availability.** The parties are expected to present witnesses throughout the entire trial day. Unless good cause is shown, if a party does not have another witness available on a given day, that party will be deemed to have rested. Counsel shall notify the Court and other counsel in writing, at the earliest possible time, of any particular scheduling problems involving witnesses so that other arrangements can be made to fill the trial day.

**F. Witnesses Called by Multiple Parties.**  If multiple parties intend to call a particular witness, the parties shall ensure that the witness does not need to be called twice.  Where a defense witness is called by the plaintiff (or a rebuttal witness is called by a defendant), the Court will allow counsel to go beyond the scope of the direct examination on cross-examination to avoid the need for the witness to be recalled.

## 2. Jury Selection

The jury will be selected by the struck panel method, as described in Attachment A.

## 3. Exhibits and Demonstratives

**A.** Unless otherwise ordered by the Court, no later than three business days before the start of the trial or hearing, the parties shall jointly email to the Court a Microsoft Excel document listing all exhibits sought to be admitted.  The list shall contain six columns labeled as follows: (1) "Exhibit Number"; (2) "Description" (of the exhibit); (3) "Authenticity Objection"; (4) "Admissibility Objection"; (5) "Date Identified"; and (6) "Date Admitted."  The parties shall complete the first four columns, but leave the fifth and sixth columns blank, to be filled in by the Court during trial.  If a party objects to an exhibit, the objection should be noted in the third and/or fourth columns by indicating the Federal Rule of Evidence that is the basis for the objection and any other authority.  Any objections not made may be deemed waived, and any exhibits not objected may be deemed admissible at trial.

**B.** Exhibits must be pre-marked (that is, with exhibit stickers or the like) and should generally be labeled by party and exhibit number (e.g., "GX-1," "PX-1," "DX-1," etc.) rather than letter (e.g., "DX-AA").

**C.** Three business days before the start of trial, each party must submit a flash drive containing .pdf files of that party's pre-marked documentary exhibits, with the file name corresponding to the relevant exhibit number, and in a criminal case, Section 3500 material in sequential order separated by numbered parts.  Each party should simultaneously submit a single set of pre-marked exhibits (and in a criminal case Section 3500 material) assembled sequentially in two-inch binders, or in separate manila folders labeled with the exhibit numbers and placed in a suitable container for ready reference.  If submission of electronic copies would be an undue burden on a party, the party may seek leave of Court (by

letter-motion filed on ECF) to submit prospective documentary exhibits in hard copy alone.

**D.** Where a hard copy exhibit is used, sufficient copies should be made, as appropriate, for witnesses, opposing counsel, jurors, the court reporter, any interpreters, and the Court.  If counsel intends to publish hard copies of documentary exhibits to the jury rather than using the Court's audio-visual system, a separate copy should be provided for each juror to avoid unnecessary delay.

**E.** In advance of each hearing or trial session, counsel for the party going forward at that session should inform opposing counsel of the exhibits counsel intends to introduce at the session.  The parties should raise any objections to an exhibit, other than authenticity or foundation, before the opening of the session.  If possible, the Court will rule on the objection then, thereby eliminating the necessity for a colloquy or sidebar when the exhibit is offered.

**F.** Any exhibit offered in evidence should, at the time it is offered, be shown to opposing counsel unless it was provided, pre-marked, to counsel before the proceeding.

**G.** At the end of the hearing or trial, counsel should make sure they have their exhibits.  The Court does not retain them, and the Clerk is not responsible for them.

**H.** If counsel intends to use demonstrative aids (including PowerPoint presentations) during opening statements or during the examination of any witness, the aids should be furnished to opposing counsel at least one day in advance of their use.  The parties should confer in an effort to resolve any objections to their use.  Any objections that are not resolved shall be raised with the Court prior to the anticipated use of the demonstrative.

**I.** If counsel plans to use a deposition at a hearing or trial, for impeachment or any other purpose, a copy of the deposition should be provided to the Court in advance of the hearing or trial session during which the deposition is to be used.

## 4. Promoting Juror Understanding

A. **Jury Instructions.** All instructions to the jury will be in plain language that is as understandable as possible to non-lawyers.

    A. **Preliminary Instructions.** The Court will give preliminary instructions on the law at the beginning of the trial before the parties' opening statements. The preliminary instructions will explain the jury's role, trial procedures, the nature of evidence and its evaluation, basic relevant legal principles, including definitions of unfamiliar legal terms, the parties' claims and defenses, what the parties need to prove in order to sustain their claims and defenses, burden of proof and any pertinent instructions.

    Preliminary instructions will facilitate better decision-making by jurors as well as a greater understanding of their duty in the decision-making process. Jurors' ability to recall relevant evidence and apply the law to the facts will improve if they understand in advance the context in which they will be required to evaluate or analyze the evidence presented during the trial.

    B. **Supplemental Instructions.** The Court will give supplemental instructions during the course of the trial, as necessary, to assist the jury in understanding the facts and law.

    C. **Final Instructions.** The Court will give final instructions on the law at the end of the presentation of evidence before the parties' closing statements. The Court will communicate clearly to the jury that the instructions given at the end of the trial will control deliberations. Each juror will be provided with a written copy of the final instructions for use while the jury is being instructed and during deliberations.

B. **Juror Note Taking.** Jurors will be permitted but not required to take notes during the trial. Jurors will be instructed that the notes are to aid their memory of the evidence and are not to substitute for their

4

recollection of the evidence in the case.[1]  The Court will provide each juror with a notebook or paper and pens.  The notes will be collected and destroyed at the conclusion of the trial.

**C. Juror Deliberations.**  When jurors submit a question during deliberations, the Court, in consultation with the parties, will supply a prompt, complete and responsive answer or will explain to the jurors why it cannot do so.

**D.** The Court is open to techniques to enhance juror comprehension, including alternating the sequencing of experts, deposition summaries, and other aids.

## 5.  Conduct During a Hearing or Trial

Unless excused by the Court or incapable on account of disability, anyone at counsel table, including, as appropriate, any counsel or party, shall abide by the following rules and practices:

**A.** Stand as Court is opened, recessed, or adjourned.

**B.** Stand when the jury enters or exits the courtroom.

**C.** Stand when addressing, or being addressed by, the Court.

**D.** Stand at the lectern while examining any witness; except that counsel may, with the Court's permission, approach the Courtroom Deputy's desk or the witness for purposes of handling or tendering exhibits.

**E.** Address all remarks to the Court, not to opposing counsel.

**F.** Request permission before approaching the bench or the witness box, and hand any document that counsel wishes to have the Court examine to the Courtroom Deputy.

**G.** If counsel intends to question a witness about a group of documents, counsel should avoid delay by having all the documents with him or

---

[1] Sample jury instruction: "If you took notes during the course of the trial, you shall not show your notes to or discuss your notes with any other juror during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If you have any doubt as to any testimony, you may request that the testimony be read back to you as I mentioned earlier."

her when commencing the examination.  Where practicable, counsel should provide all the documents in the group to the witness (ideally in a binder) and conduct the examination from the podium to avoid the need to approach the witness separately for each document.

**H.**  Counsel should not make speaking objections before the jury.  In making objections before the jury, counsel should state "objection" only and provide the legal ground (e.g., "relevance" or "hearsay") only if elaboration is requested by the Court.

**I.**  Counsel should refrain from making motions (*e.g.*, a motion for a mistrial) in the presence of the jury.  Such matters may be raised at the next recess.

**J.**  Offers of, or requests for, a stipulation should be made privately, not within the hearing of the jury.  In most instances, stipulations should be reduced to writing in a form that can be marked and admitted at trial.

**K.**  Be respectful of opposing counsel, the litigants, and witnesses.

**L.**  Refer to all persons, including witnesses, other counsel, and parties by their surnames and not by their first or given names.

**M.** All witnesses shall wear civilian clothes – no uniforms or badges.

**N.**  Only one attorney for each party shall examine, or cross-examine, each witness.  The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross-examination.  The attorney who conducts direct examination shall be the attorney who states any objections during cross-examination.

**O.**  Commence cross-examination without preliminaries.

**P.**  In examining a witness, counsel shall not repeat or echo the answer given by the witness.

**Q.**  Counsel should not face or otherwise appear to address him or herself to jurors when questioning a witness.  In opening statements and arguments to the jury, counsel shall not express personal knowledge or opinion concerning any matter in issue.

## 6.  Accuracy of Transcripts

Counsel are responsible for raising promptly any issue concerning the accuracy of transcripts certified by the Court Reporter to be used for purposes

6

of appeal.  Counsel perceiving an error that is material shall stipulate to the appropriate correction or, if agreement cannot be reached, shall proceed by motion on notice.  Non-material defects in syntax, grammar, spelling, or punctuation should be ignored.

7.  **Use of Electronic Devices**

   A.  **Electronic Devices in the Courtroom.**  Attorneys' use of personal electronic devices (including mobile phones) and general purpose computing devices (such as laptops and tablets) within the Courthouse and its environs is governed by Standing Order M10-468.  When Court permission is required under the Standing Order, attorneys seeking to bring electronic devices to the Court should email a completed Model Court Order to VargasNYSDChambers@nysd.uscourts.gov as early as possible, and no later than five business days before the relevant trial or hearing.

   B.  **Wi-Fi in the Courtroom.**  If Wi-Fi is requested, counsel shall check the appropriate box on the form.  If approved and signed by Judge Vargas, a copy of the Order will be sent to the requesting attorney, who will receive a network name, username, password and instructions from the District Executive's Office on or before the first day of the scheduled proceeding.  Wi-Fi access is limited to the approved attorney (who may not share their username or password with others) for the duration of the proceeding and for the assigned courtroom (unless Judge Vargas or another judicial officer grants permission for it to be used in another courtroom).

   C.  **Technology Walkthrough.**  If a party wishes to use audio-visual equipment at a hearing or trial, it is that party's responsibility to ensure that any required approvals are obtained and that the necessary equipment is set up and working properly in advance of trial.  The parties should contact Chambers by email and the Audio and Visual Department at 212-805-0134 to make the necessary arrangements for a technology walk-through and to test the equipment.  The walkthrough should take place no later than one week in advance of the start of the trial or hearing.

## ATTACHMENT A

### Procedures for Jury Selection

The Court will select jurors using the struck panel method as follows.  The Court will conduct a *voir dire* of panelists computed by totaling: the number of jurors to be selected (8 in most civil cases and 12 in criminal cases); the number of alternates (none in civil cases and usually 2 in criminal cases); and the number of peremptory challenges.  Thus, in a civil case with an 8-person jury and 3 peremptory challenges per side, the Court will *voir dire* 14 panelists.  *See* Fed. R. Civ. P. 47, 48; 28 U.S.C. § 1870.  In trials expected to last for substantially more than a week, the Court will consider increasing the number of jurors in a civil case and the number of alternates in a criminal case.

In a single-defendant criminal case in which the defendant has 10 and the Government 6 peremptory challenges, plus 1 each with respect to alternates, *see* Fed. R. Crim. P. 24, the Court will *voir dire* 32 panelists (12 jurors + 2 alternates + 10 peremptories for the defendant + 6 peremptories for the Government + 1 peremptory for the defendant for the alternates + 1 peremptory for the Government for the alternates).

The panelists will be *voir dired* (by the Court, not counsel) in the Courtroom.  If issues are raised that are better discussed outside the presence of the entire panel (*e.g.*, sensitive issues, requests to be excused, etc.), the Court will follow-up with the individual jurors either at sidebar or in the robing room.  If a panelist is excused for cause, that panelist will be replaced by another prospective juror from the pool and the new panelist will be *voir dired*.  After the Court has *voir dired* all members of the panel, the Court will — at sidebar or in the robing room — give counsel an opportunity to propose follow-up questions and entertain challenges for cause.

Once all challenges for cause have been heard and decided, the parties will then exercise their peremptory challenges (in the Courtroom) against the panelists who compose the potential members of the regular jury (in the ordinary criminal case, against the first 28 panelists) and, in criminal cases, the potential alternates (in a case where 2 alternates are to be selected, panelists 29 through 32).  Peremptory challenges will be exercised simultaneously, with each party submitting a written list of the panelists it wishes to excuse.  Any overlap among the lists of challenges will not result in parties receiving additional challenges.  The jurors will be selected starting with the unchallenged juror with the lowest number from the relevant pool (*e.g.*, 1 through 28 for the regular jury and 29 through 32 for the alternates).  For example, in an ordinary criminal case, if there was an overlap of 1 peremptory challenge with respect to the potential regular jurors (*i.e.*, the first 28 panelists), the 15 challenged panelists would be excused and the first 12 of the remaining 13 would

8

be seated as the jury.  The 13th panelist, that is, the unchallenged panelist with the highest number, would also be excused.